Sean J. Kirby
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza, 39th Floor
New York, New York  10112
Telephone:    212.653.8700
Facsimile:     212.653.8701

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAGROS FRANCO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>380 SECOND LLC AND SMALL DOOR<br>VETERINARY, PLLC,<br><br>　　　　　　Defendants. | Case No. 1:22-cv-04011-PAE-JW<br><br>**ANSWER TO COMPLAINT AND<br>CROSS-CLAIMS** |

Defendant 380 Second LLC ("Defendant"), through its undersigned counsel Sheppard, Mullin, Richter & Hampton LLP, in answer to plaintiff Milagros Franco's ("Plaintiff") Complaint (" Complaint"), admits, denies, and alleges as follows:

## NATURE OF THE CLAIMS

1.　　In response to Paragraph 1 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

2.　　In response to Paragraph 2 of the Complaint, Defendant denies each and every allegation.

## JURISDICTION AND VENUE

3.　　In response to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

4.　　In response to Paragraph 4 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

## PARTIES

5.      In response to Paragraph 5 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

6.      In response to Paragraph 6 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

7.      In response to Paragraph 7 of the Complaint, Defendant admits the allegations.

8.      In response to Paragraph 8 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation, except admits that it is a New York limited liability company.

9.      In response to Paragraph 9 of the Complaint, Defendant denies the allegations in Paragraph 9 of the Complaint, except admits that Defendant Small Door Veterinary, PLLC operates a veterinary clinic at 380 Second Avenue, New York, New York, and that it leases the premises for such clinic from Defendant.

10.      In response to Paragraph 10 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

11.      In response to Paragraph 11 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

12.      In response to Paragraph 12 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

13.     In response to Paragraph 13 of the Complaint, Defendant denies each and every allegation.

14.     In response to Paragraph 14 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations as the term "alterations" is ambiguous, and on that basis, denies each and every allegation.

15.     In response to Paragraph 15 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations as the term "alterations" is ambiguous, and on that basis, denies each and every allegation.

16.     In response to Paragraph 16 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

17.     In response to Paragraph 17 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

18.     In response to Paragraph 18 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

19.     In response to Paragraph 19 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

20.     In response to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

21.     In response to Paragraph 21 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

22.     In response to Paragraph 22 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

23.     In response to Paragraph 23 of the Complaint, Defendant denies each and every allegation.

24.     In response to Paragraph 24 of the Complaint, Defendant denies each and every allegation.

25.     In response to Paragraph 25 of the Complaint, Defendant denies each and every allegation.

26.     In response to Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

27.     In response to Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

28.     In response to Paragraph 28 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

29.     In response to Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

30.     In response to Paragraph 30 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 29 of this Answer as set forth above.

31.     In response to Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

32.     In response to Paragraph 32 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

33.     In response to Paragraph 33 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

34.     In response to Paragraph 34 of the Complaint, Defendant denies each and every allegation.

35.     In response to Paragraph 35 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

36.     In response to Paragraph 36 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

37.     In response to Paragraph 37 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

38.     In response to Paragraph 38 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

39.     In response to Paragraph 39 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

40.     In response to Paragraph 40 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

41.     In response to Paragraph 41 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

42.     In response to Paragraph 42 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

43.     In response to Paragraph 43 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

44.     In response to Paragraph 44 of the Complaint, Defendant denies each and every allegation.

**SECOND CAUSE OF ACTION**
**(VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW)**

45.     In response to Paragraph 45 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in Paragraphs 1 through 44 of this Answer as set forth above.

46.     In response to Paragraph 46 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

47.     In response to Paragraph 47 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

48.     In response to Paragraph 48 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

49.     In response to Paragraph 49 of the Complaint, Defendant denies each and every allegation.

50.     In response to Paragraph 50 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

51.     In response to Paragraph 51 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

52.     In response to Paragraph 52 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

53.     In response to Paragraph 53 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

54.     In response to Paragraph 54 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

55.     In response to Paragraph 55 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

56.     In response to Paragraph 56 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

57.     In response to Paragraph 57 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 56 of this Answer as set forth above.

58.     In response to Paragraph 58 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

59.     In response to Paragraph 59 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

60.     In response to Paragraph 60 of the Complaint, Defendant denies each and every allegation.

61.     In response to Paragraph 61 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

62.     In response to Paragraph 62 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

63.     In response to Paragraph 63 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

64.     In response to Paragraph 64 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

65.     In response to Paragraph 65 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

66.     In response to Paragraph 66 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

67.     In response to Paragraph 67 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

68.     In response to Paragraph 68 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis, denies each and every allegation.

69.     In response to Paragraph 69 of the Complaint, Defendant is not required to answer legal conclusions and argument, and denies each and every allegation.

70.     In response to Paragraph 70 of the Complaint, Defendant denies each and every allegation.

71.     In response to Paragraph 71 of the Complaint, Defendant is not required to answer legal conclusions and argument, and denies each and every allegation.

72.     In response to Paragraph 72 of the Complaint, Defendant is not required to answer legal conclusions and argument, and denies each and every allegation.

73.     In response to Paragraph 73 of the Complaint, Defendant denies each and every allegation.

74.     In response to Paragraph 74 of the Complaint, Defendant denies each and every allegation.

75.     In response to Paragraph 75 of the Complaint, Defendant is not required to answer legal conclusions and argument, and denies each and every allegation.

76.     In response to Paragraph 76 of the Complaint, Defendant denies each and every allegation.

77.     In response to Paragraph 77 of the Complaint, Defendant is not required to answer legal conclusions and argument, and denies each and every allegation.

## FOURTH CAUSE OF ACTION
## VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW

78.     In response to Paragraph 78 of the Complaint, Defendant repleads and incorporates by reference, as if fully set forth herein, the responses contained in paragraphs 1 through 77 of this Answer as set forth above.

79.     In response to Paragraph 79 of the Complaint, Defendant is not required to answer legal conclusions and argument, and denies each and every allegation.

80.     In response to Paragraph 80 of the Complaint, Defendant is not required to answer legal conclusions and argument, and denies each and every allegation.

81.     In response to Paragraph 81 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis, denies each and every allegation.

**INJUNCTIVE RELIEF**

82.     In response to Paragraph 82 of the Complaint, Defendant denies each and every allegation.

83.     In response to Paragraph 83 of the Complaint, Defendant denies each and every allegation.

84.     In response to Paragraph 84 of the Complaint, Defendant denies each and every allegation.

In addition, Defendant asserts the following affirmative defenses with respect to all of Plaintiff's claims and causes of action.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

1.     The Complaint, and each and every claim therein, fails to state a claim for which relief can be granted and should, therefore, be dismissed.

**SECOND AFFIRMATIVE DEFENSE**

(Lack of Standing)

2.     Plaintiff lacks standing to pursue her alleged claims.

**THIRD AFFIRMATIVE DEFENSE**

(Statute of Limitations)

3.     Plaintiff's' claims are barred to the extent that they are based on visits to the subject facility beyond the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

(Effective Access)

4.      The purported architectural barriers provide effective access to Plaintiff.  Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged noncompliance was de minimis, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features.

## FIFTH AFFIRMATIVE DEFENSE

(Technically Infeasible)

5.      Any allegedly wrongful acts or omissions performed by the Defendant or its agents, if there were any, do not subject the Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

## SIXTH AFFIRMATIVE DEFENSE

(Full Compliance Is Structurally Impracticable)

6.      Any allegedly wrongful acts or omissions performed by the Defendant or its agents, if there were any, do not subject the Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

## SEVENTH AFFIRMATIVE DEFENSE

(Alterations Were Made to Ensure that the Facility Would Be Readily Accessible to the

Maximum Extent Feasible)

7.       Without conceding that the Defendant made any "alterations" within the meaning

of disability access laws, any allegedly wrongful acts or omissions performed by the Defendant

or its agents, if there were any, do not subject the Defendant to liability because any "alterations"

to the subject property, including to the features alleged in the Complaint, were made to ensure

that the facility would be readily accessible to the maximum extent feasible.

## EIGHTH AFFIRMATIVE DEFENSE

(The Cost and Scope of Alterations to Path of Travel to Altered Area Containing a Primary

Function is Disproportionate to the Cost of the Overall Alteration)

8.       Any allegedly wrongful acts or omissions performed by the Defendant or its

agents, if there were any, do not subject the Defendant to liability because the cost and scope of

any and all alterations to the path of travel to the altered area containing a primary function, if

any, would be disproportionate to the cost of the overall alteration to the primary function area, if

any.

## NINTH AFFIRMATIVE DEFENSE

(The Defendant Provided Services Via Alternative Methods)

9.       Any allegedly wrongful acts or omissions performed by the Defendant or its

agents, if there were any, do not subject the Defendant to liability because the Defendant

accommodated or was ready and willing to accommodate the Plaintiff's alleged disability by

providing access via "alternative methods" other than the removal of alleged architectural

barriers (42 U.S.C. §12182).

## TENTH AFFIRMATIVE DEFENSE

(Unclean Hands)

10.     Plaintiff's claims are barred under the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

(Privilege)

11.     Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

## TWELFTH AFFIRMATIVE DEFENSE

(Undue Burden)

12.     Insofar as the Defendant has not made alterations to the property at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or state law, and any requirements to make those changes would impose an undue burden upon the Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Estoppel)

13.     Plaintiff is estopped by her conduct from recovering any relief under Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

(Waiver)

14.     Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

15.     Plaintiff failed to properly mitigate her alleged damages and therefore is precluded from recovering those alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Preemption)

16.     Plaintiff's state law claims are preempted by federal law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(Indispensable Party)

17.     Plaintiff's alleged claims are barred, in whole or in part, because of her failure to name an indispensable party or parties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Good Faith Reliance Upon Advice Of Architects And Local Building Officials)

18.     Plaintiff's claims are barred by reason of the Defendant's good faith reliance upon the advice of architects and reasonable interpretations of state law by local building authorities and issuance of appropriate building permits and certificates of occupancy for the property at issue.

## NINETEENTH AFFIRMATIVE DEFENSE

(Fundamental Alteration)

19.     Any allegedly wrongful acts or omissions performed by the Defendant or its agents, if there were any, do not subject the Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of the Defendant's services.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

20.     The Complaint, and each and every purported claim alleged therein, fails to state facts sufficient to constitute a claim against the Defendant because any action taken with respect to Plaintiff was for legitimate, non-discriminatory business reasons unrelated to Plaintiff's alleged disability or other asserted protected status.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Damages)

21.     The Defendant is informed and believed and based thereon allege that Plaintiff has not suffered any damage as a result of any actions taken by the Defendant, and Plaintiff is thereby barred from asserting any claim against the Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith)

22.     The Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that they acted.  Accordingly, Plaintiff is barred, in whole or in part, from any recovery in this action.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Mootness)

23.     Plaintiff's claims are barred under the doctrine of mootness.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Dimensional Tolerances)

24.     Plaintiff's claims are barred because the features identified in the Complaint substantially comply with applicable law and are within "dimensional tolerances."

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

25.     Any allegedly wrongful acts or omissions performed by the Defendant or its agents, if there were any, do not subject the Defendant to liability because the Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Removal of Architectural Barriers Was Not Readily Achievable)

26.     Any allegedly wrongful acts or omissions performed by the Defendant or its agents, if there were any, do not subject the Defendant to liability because the removal of the alleged architectural barriers identified in the Complaint was not readily achievable or easily accomplishable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth at 42 U.S.C. § 12181.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Defenses Under Federal Rules of Civil Procedure)

27.     Plaintiffs' claims may be barred by any or all of the affirmative defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.  The extent to which Plaintiffs' claims may be barred cannot be determined until the Defendant has an opportunity to complete discovery.  Therefore, the Defendant incorporates all such affirmative defenses as though fully set forth herein.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Lack of Notice)

28.     Plaintiff's claims are barred because Plaintiff failed to provide notice to the Defendant regarding the alleged accessibility issues prior to filing this lawsuit.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications to Policies, Practices and Procedures)

29.     Plaintiff's claims are barred because the Defendant made and/or was willing to make reasonable modifications to its policies, practices and/or procedures to accommodate Plaintiff's alleged disabilities.

## CROSS-CLAIMS

Defendant hereby asserts the following Cross-Claims against co-defendant Small Door Veterinary, PLLC ("Small Door Veterinary").

1.     On November 5, 2021, Defendant and Small Door Veterinary entered into a lease (the "Lease") relating to the premises comprised of a portion of the ground floor retail space at the building located at 380 Second Avenue, New York, New York.

2.     The Lease requires Small Door Veterinary to comply with all requirements relating to the Americans with Disabilities Act.

3.     The Lease also requires Small Door Veterinary to defend, indemnify and hold harmless Defendant from and against any all claims, demands, liability, loss, damage, costs and expenses (including reasonable attorneys' fees and disbursements) arising from or in connection with, among other things, any breach by Small Door Veterinary in the performance of Small Door Veterinary's obligations under the Lease.

4.     Defendant has demanded that Small Door Veterinary indemnify and hold Landlord harmless with respect to this action.

5.     Small Door Veterinary has rejected Defendant's demand.

### FIRST CROSS-CLAIM AGAINST SMALL DOOR VETERINARY

6.     Small Door Veterinary is contractually obligated to indemnify and hold harmless Defendant with respect to Plaintiff's claims herein.  By reason of the foregoing, in the event that a verdict or judgment is entered herein in favor of Plaintiff against Defendant, Defendant is entitled to judgment over against Small Door Veterinary for all or part of any verdict or judgment plaintiff may recover against Defendant, including Defendant's costs and attorneys' fees incurred in defending itself in this action.

### SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

7.     Although Defendant denies liability to Plaintiff, in the event that there is a verdict or judgment is entered herein in favor of Plaintiff against Defendant, Defendant demands judgment over and against Small Door Veterinary for all or part of any verdict or judgment Plaintiff may recover against Defendant, by reason of Small Door Veterinary's wrongful conduct being primary and/or active while any wrongdoing of Defendant, if any, was secondary and/or passive, and the indemnity is to be full and complete.

### THIRD CROSS-CLAIM AGAINST CO-DEFENDANTS

Although Defendant denies liability to Plaintiff, in the event there is a verdict or judgment in favor of plaintiff herein against Defendant, then Defendant, on the basis of apportionment of responsibility for the alleged occurrence, is entitled to contribution from and judgment over and against Small Door Veterinary for all or part of any verdict or judgment plaintiff may recover against Defendant.

## **PRAYER**

**WHEREFORE**, Defendant prays that this Court enter a judgment as follows:

1.      That the Complaint be dismissed with prejudice and that judgment be entered in favor of Defendant;

2.      That Plaintiff take nothing by way of her Complaint;

3.      That judgment be granted in favor of Defendant on its Cross-Claims;

4.      That Defendant be awarded its costs of suit incurred in defense of this action, including its reasonable attorney's fees; and

5.      For such further and other relief as the Court may deem just and proper.

DATED:  August 29, 2022                    Sheppard Mullin Richter & Hampton LLP


By   _s/ Sean J. Kirby_____
Sean J. Kirby
30 Rockefeller Plaza
New York, New York 10112
Tel:  (212) 653-8700
Fax:  (212) 653-8701
skirby@sheppardmullin.com

*Attorneys for Defendant 380 Second LLC*

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury.

DATED: August 29, 2022                    Sheppard Mullin Richter & Hampton LLP


By   s/ *Sean J. Kirby*
      Sean J. Kirby
      30 Rockefeller Plaza
      New York, New York 10112
      Tel:  (212) 653-8700
      Fax:  (212) 653-8701
      skirby@sheppardmullin.com

*Attorneys for Defendant 380 Second LLC*

## **CERTIFICATE OF SERVICE**

I, Sean J. Kirby, hereby certify that on August 29, 2022, true and correct copies of Defendant 380 Second LLC's Answer to the Complaint and Cross Claims was served upon all counsel of record via the Court's Electronic Case Filing system.

*s/ Sean J. Kirby*
Sean J. Kirby