UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

MILGAROS FRANCO,

        Plaintiff,

    -against-

380 SECOND LLC and SMALL DOOR
VETERINARY, PLLC,

        Defendants.

------------------------------------------------------

Index No. 1:22-cv-04011-PAE-JW

**AMENDED ANSWER, AFFIRMATIVE
AND OTHER DEFENSES, AND
CROSS-CLAIM**

Defendant Small Door Veterinary, PLLC ("Defendant"), by and through its attorneys Seyfarth Shaw LLP, hereby submits its Amended Answer, Affirmative and Other Defenses, and Cross-Claim to Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(A), as follows:

## NATURE OF THE CLAIMS

### COMPLAINT ¶1:

This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by the Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 *et. seq.* and its implementing regulations, the New York State Human Rights Law ("NYSHRL"), Article 15 of the New York State Executive Law ("Executive Law"), the New York State Civil Rights Law, § 40 *et. seq.*, and the New York City Human Rights Law ("NYCHRL"), Title 8 of the Administrative Code of the City of New York ("Administrative Code"). As explained more fully below, Defendants own, lease, lease to, operate, and control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

### ANSWER:

Paragraph "1" of the Complaint is a summary of Plaintiff's legal claims. As such, no response is required. To the extent that a response is required, Defendant denies each and every allegation contained in Paragraph "1" of the Complaint.

**COMPLAINT ¶2:**

These Defendants made a financial decision to ignore the explicit legal requirements for making their place of public accommodation accessible to persons with disabilities – all in the hopes that they would never be caught. In so doing, Defendants made a calculated, but unlawful, decision that disabled customers are not worthy. The day has come for Defendants to accept responsibility. This action seeks to right that wrong via recompensing Plaintiff and making Defendants' place of public accommodation fully accessible so that Plaintiff can finally enjoy the full and equal opportunity that Defendants provide to non-disabled customers.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "2" of the Complaint.

## JURISDICTION AND VENUE

**COMPLAINT ¶3:**

This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188, and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. The Court has supplemental jurisdiction over Plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

**ANSWER:**

The allegations contained in Paragraph "3" of the Complaint constitute conclusions of law

as to which no responsive pleading is required and are deemed to be denied.  To the extent that a

response is required, Defendant denies each and every allegation contained in Paragraph "3" of

the Complaint.

**COMPLAINT ¶4:**

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants' acts of discrimination alleged herein occurred in this district and Defendants' place of public accommodation that is the subject of this action is located in this district.

**ANSWER:**

The allegations contained in Paragraph "4" of the Complaint constitute conclusions of law

as to which no responsive pleading is required and are deemed to be denied.  To the extent that a

response is required, Defendant denies each and every allegation contained in Paragraph "4,"

except that Defendant states that it does not object to venue in this district.

## PARTIES

**COMPLAINT ¶5:**

At all times relevant to this action, Plaintiff Milagros Franco has been and remains currently a resident of the State and City of New York and resides only a few blocks away from 380 Second Avenue in New York County, New York (hereinafter also referred to as "380 Second Avenue").

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "5" of the Complaint.

**COMPLAINT ¶6:**

At all times relevant to this action, Plaintiff Milagros Franco has been and remains a wheelchair user. Plaintiff suffers from medical conditions that inhibit walking and restrict body motion range and movement.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "6" of the Complaint.

**COMPLAINT ¶7:**

Defendant 380 Second LLC owns the property located at 380 Second Avenue in New York County, New York.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "7" of the Complaint.

**COMPLAINT ¶8:**

Each defendant is licensed to and does business in New York State.

**ANSWER:**

Defendant admits that Small Door Veterinary, PLLC is licensed to and does business in

New York State and denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "8" of the Complaint to the extent that they are

directed at 380 Second LLC.

**COMPLAINT ¶9:**

At all relevant times, defendant Small Door Veterinary, PLLC operates and/or leases property located at 380 Second Avenue from the defendant 380 Second LLC (hereinafter referred to as the "Small Door Veterinary" premises).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "9" of the Complaint,

and states that non-party Small Door Gramercy LLC entered into a lease agreement with 380

Second LLC for the Small Door Veterinary premises.

**COMPLAINT ¶10:**

Defendant Small Door Veterinary, PLLC provides veterinary care, such as wellness exams, dental services and vaccinations for pets, including cats. Plaintiff is a pet parent and wishes to get veterinary care for her cat, Tammy.

**ANSWER:**

Defendant denies having knowledge or sufficient information to form a belief as to the

truth of whether Plaintiff is a pet parent who wishes to get veterinary care for her cat, and denies

each and every remaining allegation contained in Paragraph "10" of the Complaint.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**COMPLAINT ¶11:**

Each of the Defendants is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Small Door Veterinary premises located at 380 Second Avenue, within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code § 8-102).

**ANSWER:**

The allegations contained in Paragraph "11" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

that a response is required, Defendant denies the allegations contained in Paragraph "11" of the

Complaint.

## COMPLAINT ¶12:

The Small Door Veterinary premises is a place of public accommodation within the meaning of the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), the NYSHRL (Executive Law § 292(9)) and the NYCHRL (Administrative Code (§ 8-102) as it is a facility operated by a private entity and its operations affect commerce.

## ANSWER:

The allegations contained in Paragraph "12" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

## COMPLAINT ¶13:

Numerous architectural barriers exist at the Small Door Veterinary premises that prevent and/or restrict access to Plaintiff, a person with a disability, which include, but are not limited to, architectural barriers at the paths of travel.

## ANSWER:

Defendant denies each and every allegation contained in Paragraph "13" of the Complaint.

## COMPLAINT ¶14:

Upon information and belief, at some time after January 1992, alterations were made to 380 Second Avenue, including areas adjacent and/or attached to 380 Second Avenue.

## ANSWER:

The allegations contained in Paragraph "14" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

that a response is required, Defendant denies the allegations contained in Paragraph "14" of the

Complaint, except states that certain construction activities were performed at the Small Door

Veterinary premises at some time after January 1992.

**COMPLAINT ¶15:**

Upon information and belief, at some time after January 1992, alterations were made to the Small Door Veterinary premises, and to areas of 380 Second Avenue related to the Small Door Veterinary premises.

**ANSWER:**

The allegations contained in Paragraph "15" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a response is required, Defendant denies the allegations contained in Paragraph "15" of the Complaint, except states that certain construction activities were performed at the Small Door Veterinary premises at some time after January 1992.

**COMPLAINT ¶16:**

Within the past three years of filing this action, Plaintiff attempted to and desired to access the Small Door Veterinary premises.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

**COMPLAINT ¶17:**

The services, features, elements and spaces of the Small Door Veterinary premises are not readily accessible to, or usable by Plaintiff as required by the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991 as the Standards for Accessible Design (hereinafter referred to as the "1991 Standards" or the "1991 ADA") or the revised final regulations implementing Title III of the ADA adopted by the United States Department of Justice in 2010 as the 2010 Standards for Accessible Design (hereinafter referred to as the "2010 Standards" or the "2010 ADA")

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "17" of the Complaint.

**COMPLAINT ¶18:**

Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the 1991 Standards or the 2010 Standards and the Administrative Code, Plaintiff

was and has been unable to enjoy safe, equal, and complete access to all of the areas of the Small Door Veterinary premises that are open and available to the public.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "18" of the Complaint.

**COMPLAINT ¶19:**

Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the 1991 Standards, the 2010 Standards, the 1968 New York City Building Code, Administrative Code, Title 27 ("1968 BC"), including the 1968 BC Reference Standard ANSI 117.1-1986 ("1968 Ref Std"), the 2008 New York City Building Code ("2008 BC") including the 2008 BC Reference Standard ICC/ANSI 117.1 2003 ("2008 Ref Std") and the 2014 New York City Building Code ("2014 BC") including the 2014 BC Reference Standard ICC/ANSI 117.1 2009 ("2014 Ref Std").

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "19" of the Complaint.

**COMPLAINT ¶20:**

Barriers to access that Plaintiff encountered and/or which, upon information and belief, deter Plaintiff from patronizing the Small Door Veterinary premises as well as architectural barriers that exist include, but are not limited to, the following:

I. An accessible route is not provided from the public street and sidewalk to the building entrance.
> *Defendants fail to provide that at least one accessible route shall be provided within the site from public streets and sidewalks to the accessible building or facility entrance they serve. See 1991 ADA § 4.1.2(1); 2010 ADA § 206.2.1; 1968 BC§ 27-292.5(b); 2008 BC § 1104.1; and 2014 BC § 1104.1.*

II. The public entrance to the veterinary practice is not accessible.
> *Defendants fail to provide that at least 50% of all its public entrances are accessible. See 1991 ADA § 4.1.3(8)(a)(i).*
> *Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 ADA § 206.4.1.*
> *Defendants fail to provide that primary entrances are accessible. See 1968 BC § 27-292.5(a).*
>
> *Defendants fail to provide that all of its public entrances are accessible. See 2008 BC § 1105.1; and 2014 BC § 1105.1.*

III. There is a step at the entrance door.

> *Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be overcome with a ramp, elevator, or platform lift. See 1991 ADA § 4.3.8; and 1968 Ref Std § 4.3.8.*
>
> *Defendants fail to provide that changes in level at accessible routes greater than 1/2-inch-high shall be ramped. See 2010 ADA § 303.4; 2008 Ref Std § 303.3; and 2014 Ref Std § 303.4.*

IV.  The entrance doors lack level maneuvering clearances at the pull side of the door due to a step.

> *Defendants fail to provide an accessible door with level maneuvering clearances. Changes in levels are not permitted. See 1991 ADA §4.13.6; 2010 ADA §404.2.4; 1968 Ref Std §4.13.6; 2008 Ref. Std §404.2.3; and 2014 Ref Std § 404.2.3.*

V.   The stairs at the entrance lack handrails.

> *Defendants fail to provide handrails on both sides of the stairs. See 1991 ADA § 4.9.4; 2010 ADA § 505.2; 1968 Ref Std §4.9.4; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

VI.  The waiting room in the reception area is not accessible.

> *Defendants fail to provide that all areas of the buildings and facilities are accessible. See 1991 ADA § 4.1.1(1); 2010 ADA § 201.1; 1968 BC § 27-292.1; 2008 BC§ 1103.1; and 2014 BC § 1103.1.*

VII. Defendants fail to provide accessible seating in the waiting area.

> *Defendants fail to provide minimum clear ground or floor spaces. See 1991 ADA§§ 4.32 and 4.33.*
>
> *Defendants fail to provide minimum clear ground or floor spaces positioned at the end of the bench seat and parallel to the short axis of the bench. See 2010 ADA § 903; 1968 Ref. Std § 4.30, 2008 Ref. Std §903 and 2014 Ref. Std §903.*

VIII. There is no accessible route connecting all the public accommodations within the site.

> *Defendants fail to provide that there is one accessible route connecting all the public accommodations within the site. See 1991 ADA §§ 4.3.2, 4.1.2(2), and 4.1.3(1); 2010 ADA §§ 206.1 and 206.2; 1968 BC §27¬292.5; 1968 Ref Std § 4.3.2; 2008 BC § 1104; and 2014 BC § 1104.*

IX.  Defendants have an interior ramp lacking handrails on both sides.

> *Defendants fail to provide handrails on both sides of the ramps. See 1991 ADA §4.8.5; 2010 ADA §405.8; 1968 Ref Std § 4.8.5; 2008 Ref. Std § 505.2; and 2014 Ref. Std § 505.2.*

X.   The entrance doors are also exits and not accessible as described above.

*Defendants fail to provide accessible means of egress in the number required by the code. See 1991 ADA § 4.1.3(9), 2010 ADA § 207.1, 1968 BC §27-292.1, 2008 BC §1007.1 and 2014 BC §1007.1.*

**<u>ANSWER:</u>**

Defendant responds to the allegations contained in Paragraphs "20(I)" through "20(X)" of

the Complaint as follows:

I.    Defendant denies the allegations contained in Paragraph "20(I)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "route" and "accessible") are vague, undefined, and/or conclusory.

II.   Defendant denies the allegations contained in Paragraph "20(II)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

III.  Defendant admits that there is one step at the public entrance door at the Small Door Veterinary premises.  Defendant denies the remaining allegations contained in Paragraph "20(III)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "entrance" and "accessible") are vague, undefined, and/or conclusory.

IV.   Defendant denies the allegations contained in Paragraph "20(IV)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "entrance" and "maneuvering clearances") are vague, undefined, and/or conclusory.

V.    Defendant specifically denies that there are "stairs" at the public entrance door at the Small Door Veterinary premises.  Defendant denies the remaining allegations contained in Paragraph "20(V)" of the Complaint.  Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small

Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "entrance") are vague, undefined, and/or conclusory.

VI.     Defendant denies the allegations contained in Paragraph "20(VI)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

VII.    Defendant denies the allegations contained in Paragraph "20(VII)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "accessible") are vague, undefined, and/or conclusory.

VIII.   Defendant denies the allegations contained in Paragraph "20(VIII)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "route," "accessible," and "public accommodations") are vague, undefined, and/or conclusory.

IX.     Defendant denies the allegations contained in Paragraph "20(IX)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used are vague, undefined, and/or conclusory.

X.      Defendant denies the allegations contained in Paragraph "20(X)" of the Complaint. Defendant denies these allegations because: (1) Defendant does not have knowledge or information sufficient to form a belief as to what conditions Plaintiff encountered at the Small Door Veterinary premises; (2) they constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied; and (3) the terms used (e.g., "entrance doors" and "accessible") are vague, undefined, and/or conclusory.

**COMPLAINT ¶21:**

Upon information and belief, a full inspection of the Small Door Veterinary premises will reveal the existence of other barriers to access.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "21" of the Complaint.

**COMPLAINT ¶22:**

As required by the ADA (remedial civil rights legislation) to properly remedy Defendants' discriminatory violations and avoid piecemeal litigation, Plaintiff requires a full inspection of the Small Door Veterinary premises in order to catalogue and cure all of the areas of non-compliance with the ADA. Notice is therefore given that Plaintiff intends on amending the Complaint to include any violations discovered during an inspection that are not contained in this Complaint.

**ANSWER:**

The allegations contained in Paragraph "22" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.  To the extent

that a response is required, Defendant denies each and every allegation contained in Paragraph "22"

of the Complaint.

**COMPLAINT ¶23:**

Defendants have denied Plaintiff the opportunity to participate in or benefit from services or accommodations because of disability.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "23" of the Complaint.

**COMPLAINT ¶24:**

Defendants have not satisfied their statutory obligation to ensure that their policies, practices, procedures for persons with disabilities are compliant with the laws. Nor have Defendants made or provided accommodations or modifications to persons with disabilities.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "24" of the Complaint.

**COMPLAINT ¶25:**

Plaintiff has a realistic, credible, and continuing threat of discrimination from the Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within the Small Door Veterinary premises continue to exist and deter Plaintiff.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "25" of the Complaint.

**COMPLAINT ¶26:**

Plaintiff frequently travels to the area where the Small Door Veterinary premises is located.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph "26" of the Complaint.

**COMPLAINT ¶27:**

Plaintiff intends to patronize the Small Door Veterinary premises several times a year after it becomes fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to whether

Plaintiff intends to patronize the Small Door Veterinary premises several times a year.  Defendant

denies each and every remaining allegation contained in Paragraph "27" of the Complaint.

**COMPLAINT ¶28:**

Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether the Small Door Veterinary premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to whether

Plaintiff is a "tester," and deny each and every remaining allegation contained in Paragraph "28"

of the Complaint.

**COMPLAINT ¶29:**

Plaintiff intends to patronize the Small Door Veterinary premises several times a year as "tester" to monitor, ensure, and determine whether the Small Door Veterinary premises is fully accessible and compliant with the 1991 Standards or the 2010 Standards, and the Administrative Code.

**ANSWER:**

Defendant denies having knowledge or information sufficient to form a belief as to whether Plaintiff intends to patronize the Small Door Veterinary premises several times a year. Defendant denies each and every remaining allegation contained in Paragraph "29" of the Complaint.

## FIRST CAUSE OF ACTION
### (VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)

**COMPLAINT ¶30:**

Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the Complaint, including but not limited to Paragraphs "1" through "29," as if more fully set forth herein.

**COMPLAINT ¶31:**

Plaintiff is substantially limited in the life activity of both walking and body motion range and thus has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and also has restricted use of arms and hands.

**ANSWER:**

The allegation contained in Paragraph "31" of the Complaint that Plaintiff suffers from a disability within the meaning of the ADA constitutes a conclusion of law as to which no responsive pleading is required and is deemed to be denied. Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph "31" of the Complaint.

**COMPLAINT ¶32:**

The ADA imposes joint and several liability on both the property owner and lessee of a public accommodation. 28 C.F.R. § 36.201(b).

**ANSWER:**

The allegations contained in Paragraph "32" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶33:**

Under the ADA, both the property owner and lessee are liable to the Plaintiff, and neither can escape liability by transferring their obligations to the other by contract (i.e. lease agreement). 28 C.F.R. § 36.201(b).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "33" of the Complaint.

**COMPLAINT ¶34:**

Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation all because Plaintiff is disabled. Defendants' policies and practices have and continue to subject Plaintiff to disparate treatment and disparate impact.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "34" of the Complaint.

**COMPLAINT ¶35:**

By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "35" of the Complaint.

**COMPLAINT ¶36:**

Defendants have discriminated against the Plaintiff by designing and/or constructing a building, facility and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the 1991 Standards or the 2010 Standards. *See* 28 C.F.R. § 36.401(A)(1) and 42 U.S.C. §12183(a)(1).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "36" of the Complaint.

**COMPLAINT ¶37:**

The Small Door Veterinary premises are not fully accessible and fail to provide an integrated and equal setting for the disabled, all in violation of 42 U.S.C. §12182(b)(1)(A) and 28 C.F.R. § 36.203.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "37" of the Complaint.

**COMPLAINT ¶38:**

Defendants failed to make alteration accessible to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406 and 42 U.S.C. §12183(a)(2).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "38" of the Complaint.

**COMPLAINT ¶39:**

The paths of travel to the altered primary function areas were not made accessible in violation of 28 C.F.R. § 36.403.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "39" of the Complaint.

**COMPLAINT ¶40:**

Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "40" of the Complaint.

**COMPLAINT ¶41:**

By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff on the basis of disability in violation of §§ 302(a) and 302(b)(2)(A)(iv) of the ADA, 42 U.S.C. §§ 12182(a), (b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "41" of the Complaint.

**COMPLAINT ¶42:**

In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "42" of the Complaint.

**COMPLAINT ¶43:**

Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et. seq.*, and 28 C.F.R § 36.101 *et. seq.*

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "43" of the Complaint.

**COMPLAINT ¶44:**

Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "44" of the Complaint.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE HUMAN RIGHTS LAW)

**COMPLAINT ¶45:**

Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the Complaint,

including but not limited to Paragraphs "1" through "44," as if more fully set forth herein.

**COMPLAINT ¶46:**

Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions in Plaintiff; in particular, the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 292(21).

**ANSWER:**

The allegation contained in Paragraph "46" of the Complaint that Plaintiff suffers from a disability within the meaning of Executive Law § 292(21) constitutes a conclusion of law as to which no responsive pleading is required and is deemed to be denied.  Defendant denies having knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation contained in Paragraph "46" of the Complaint.

**COMPLAINT ¶47:**

In 2019, the New York State legislature enacted legislation that provides effective immediately that the New York State Human Rights Law shall be "construed liberally for the accomplishment of the remedial purposes thereof, regardless of whether federal civil rights laws, including those laws with provisions worded comparably to the provisions of this article, have been so construed". *See* Executive Law § 300 [effective date: August 12, 2019].

**ANSWER:**

The allegations contained in Paragraph "47" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶48:**

By amending the Executive Law § 300 to mirror the text of the New York City Local Civil Rights Restoration Act of 2005 (Local Law 85 of 2005), the New York State legislature confirmed the legislative intent to abolish parallel construction between the New York State Human Rights Law and related Federal anti-discrimination laws.

**ANSWER:**

The allegations contained in Paragraph "48" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶49:**

Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation all because Plaintiff is disabled.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "49" of the Complaint.

**COMPLAINT ¶50:**

Defendants discriminated against Plaintiff in violation of NYSHRL (Executive Law § 296(2)), by maintaining and/or creating an inaccessible place of public accommodation. Each of the Defendants have aided and abetted others in committing disability discrimination.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "50" of the Complaint.

**COMPLAINT ¶51:**

Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of NYSHRL (Executive Law § 296(2)(c)(iii)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "51" of the Complaint.

**COMPLAINT ¶52:**

In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required in violation of NYSHRL (Executive Law § 296(2)(c)(v)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "52" of the Complaint.

**COMPLAINT ¶53:**

It would be readily achievable to make Defendants' place of public accommodation fully accessible.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "53" of the Complaint.

**COMPLAINT ¶54:**

It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "54" of the Complaint.

**COMPLAINT ¶55:**

As a direct and proximate result of Defendants' unlawful discrimination in violation of NYSHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "55" of the Complaint.

**COMPLAINT ¶56:**

Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "56" of the Complaint.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK CITY HUMAN RIGHTS LAW)

**COMPLAINT ¶57:**

Plaintiff realleges and incorporates by reference all allegations set forth in this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the Complaint, including but not limited to Paragraphs "1" through "56," as if more fully set forth herein.

**COMPLAINT ¶58:**

Plaintiff suffers from various medical conditions that separately and together, impair Plaintiff's bodily systems - in particular, the life activity of both walking and body motion range - and thus Plaintiff has a disability within the meaning of the NYCHRL (Administrative Code § 8-102).

**ANSWER:**

The allegation contained in Paragraph "58" of the Complaint that Plaintiff suffers from a disability within the meaning of Administrative Code § 8-102 constitutes a conclusion of law as to which no responsive pleading is required and is deemed to be denied.  Defendant denies having

knowledge or information sufficient to form a belief as to the truth of each and every remaining

allegation contained in Paragraph "58" of the Complaint.

## COMPLAINT ¶59:

The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Administrative Code in relation to the NYCHRL. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the NYCHRL and the Federal and New York State anti-discrimination laws by stating as follows:

The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

Restoration Act § 7 amending Administrative Code §8-130 of the NYCHRL (emphasis added). The Restoration Act is to be construed broadly in favor of Plaintiff to the fullest extent possible. *See also* New York City Local Law 35 of 2016.

## ANSWER:

The allegations contained in Paragraph "59" of the Complaint constitute conclusions of

law as to which no responsive pleading is required and are deemed to be denied.

## COMPLAINT ¶60:

Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)). Each of the Defendants have aided and abetted others in committing disability discrimination.

## ANSWER:

Defendant denies each and every allegation contained in Paragraph "60" of the Complaint.

## COMPLAINT ¶61:

Defendants have and continue to commit disability discrimination in violation of the Administrative Code (inclusive of § 8-107(4)) because of the violations of the ADA as alleged herein.

## ANSWER:

Defendant denies each and every allegation contained in Paragraph "61" of the Complaint.

**COMPLAINT ¶62:**

Defendants have discriminated, and continue to discriminate, against Plaintiff in violation of the NYCHRL (Administrative Code § 8-107(4)) by designing, creating and/or maintaining an inaccessible commercial facility/space.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "62" of the Complaint.

**COMPLAINT ¶63:**

Defendants have subjected, and continue to subject, Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space all because of disability in violation of the NYCHRL (Administrative Code § 8-107(4)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "63" of the Complaint.

**COMPLAINT ¶64:**

Defendants' policies and procedures inclusive of the policies of refusing to expend funds to design, create and/or maintain an accessible commercial facility/space is a discriminatory practice in violation of NYCHRL (Administrative Code § 8-107 (4)).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "64" of the Complaint.

**COMPLAINT ¶65:**

In violation of the NYCHRL (Administrative Code § 8-107(6)), Defendants have and continue to, aid and abet, incite, compel, or coerce each other in each of the other Defendants' attempts to, and in their acts of directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of disability, as well as other acts in violation of the NYCHRL.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "65" of the Complaint.

**COMPLAINT ¶66:**

Administrative Code §§ 19-152 and 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, 380

Second LLC continuously controlled, managed, and operated the public sidewalk abutting 380 Second Avenue, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

**ANSWER:**

The allegations contained in Paragraph "66" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.  To the extent that a response is required, Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "66" of the Complaint.

**COMPLAINT ¶67:**

380 Second LLC's failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Administrative Code.

**ANSWER:**

The allegations contained in Paragraph "67" of the Complaint constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

**COMPLAINT ¶68:**

Defendants discriminated against Plaintiff in violation of the NYCHRL (Administrative Code, § 8-107(4)) by maintaining and/or creating an inaccessible public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "68" of the Complaint.

**COMPLAINT ¶69:**

Defendants' conduct also violates the NYCHRL, Administrative Code 8¬107 (17), which states that "an unlawful discriminatory practice . . . is established . . . [when plaintiff] demonstrates that a policy or practice of a covered entity or a group of policies or practices of a covered entity results in a disparate impact to the detriment of any group protected by the provisions of this chapter."

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "69" of the Complaint.

**COMPLAINT ¶70:**

Because Defendants' public accommodation is not readily accessible and usable by people with disabilities, Defendants have demonstrated a policy or practice that has a disproportionately negative impact on the disabled (including plaintiff).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "70" of the Complaint.

**COMPLAINT ¶71:**

Defendants' conduct constitutes an ongoing and continuous violation of the NYCHRL. Unless Defendants are enjoined from further violations, Plaintiff will continue to suffer injuries for which there is no adequate remedy at law. In particular, Plaintiff will suffer irreparable harm by being denied the accommodations, advantages, facilities, or privileges of the Defendants' public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "71" of the Complaint.

**COMPLAINT ¶72:**

As a direct and proximate result of Defendants' unlawful discrimination in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer emotional distress, including but not limited to humiliation, stress, and embarrassment.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "72" of the Complaint.

**COMPLAINT ¶73:**

Upon information and belief, Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the NYCHRL.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "73" of the Complaint.

**COMPLAINT ¶74:**

By failing to comply with the law in effect for decades, Defendants have articulated to disabled persons such as the Plaintiff that they are not welcome, objectionable, and not desired as patrons of their public accommodation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "74" of the Complaint.

**COMPLAINT ¶75:**

Defendants engaged in discrimination with willful or wanton negligence, and/or recklessness, and/or a conscious disregard of the rights of others and/or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages pursuant to NYCHRL (Administrative Code § 8-502).

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "75" of the Complaint.

**COMPLAINT ¶76:**

By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "76" of the Complaint.

**COMPLAINT ¶77:**

Plaintiff has suffered and will continue to suffer damages in an amount to be determined at trial.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "77" of the Complaint.

**FOURTH CAUSE OF ACTION**
**(VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)**

**COMPLAINT ¶78:**

Plaintiff realleges and incorporates by reference all allegations set in this Complaint as if fully set forth herein.

**ANSWER:**

Defendant repeats and restates its responses to all the allegations set forth in the Complaint,

including but not limited to Paragraphs "1" through "77," as if more fully set forth herein.

**COMPLAINT ¶79:**

Defendants discriminated against Plaintiff pursuant to New York State Executive Law.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "79" of the Complaint.

**COMPLAINT ¶80:**

Consequently, Plaintiff is entitled to recover the monetary penalty prescribed by Civil Rights Law §§ 40-c and 40-d for each and every violation.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "80" of the Complaint.

**COMPLAINT ¶81:**

Notice of this action has been served upon the Attorney General as required by Civil Rights Law § 40-d.

**ANSWER:**

Defendant denies that it violated the law, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph "81" of the Complaint.

## INJUNCTIVE RELIEF

**COMPLAINT ¶82:**

Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "82" of the Complaint.

**COMPLAINT ¶83:**

Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff in accordance with the above-mentioned laws.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "83" of the Complaint.

**COMPLAINT ¶84:**

Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, NYSHRL, and the NYCHRL.

**ANSWER:**

Defendant denies each and every allegation contained in Paragraph "84" of the Complaint.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

**ANSWER:**

The allegations contained in the Paragraph of the Complaint entitled "Jury Demand" constitute conclusions of law as to which no responsive pleading is required and are deemed to be denied.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter a judgment against the Defendants, jointly and severally, in favor of Plaintiff that contains the following relief:

A.   Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the NYSHRL, and the NYCHRL and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures;

B.   Issue a permanent injunction ordering **Defendants to close and cease all business** until Defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, the NYSHRL, and the NYCHRL, including but not limited to the violations set forth above;

C.   Retain jurisdiction over the Defendants until the Court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

D.   Award Plaintiff compensatory damages as a result of Defendants' violations of the NYSHRL and the NYCHRL;

E.  Award Plaintiff punitive damages in order to punish and deter the Defendants for their violations of the NYCHRL;

F.  Award Plaintiff the monetary penalties for each and every violation of the law, per defendant, pursuant to New York State Civil Rights Law §§ 40-c and 40-d;

G.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the NYCHRL;

H.  Find that Plaintiff is a prevailing party and award reasonable attorney's fees, costs, and expenses pursuant to the ADA; and

I.  For such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

## ANSWER:

Defendant denies that Plaintiff is entitled to any of the relief requested.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

By pleading the following as Affirmative and/or Other Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the requested relief. Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following defenses:

1.  The Complaint fails to state a claim upon which relief can be granted.

2.  Plaintiff lacks standing to seek relief for herself, and all persons similarly situated, with respect to conditions that do not affect her disability.

3.  Plaintiff lacks standing to seek injunctive relief because she is under no threat of imminent harm.

4.      Defendant did not design or construct the property at issue in the Complaint.

5.      Any and all alterations that were made to the premises after January 26, 1992 were made so that, to the maximum extent feasible, the altered portions of the premises, if any, are readily accessible to, and usable by, individuals with disabilities.  To the extent any such alterations are not readily accessible and usable by individuals with disabilities, it was not feasible to make them so.

6.      Any allegedly wrongful acts or omissions performed by Defendant or its agents, if there were any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint is structurally impracticable and/or technically infeasible.

7.      The removal of the alleged access barriers complained of in the Complaint, if any, is not readily achievable.

8.      The premises provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities, and services.

9.      To the extent any alterations were made to the premises triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the costs of meeting those requirements are disproportionate to the cost of the alterations.

10.     Assuming, *arguendo*, that the ADA Standards at 28 C.F.R. Part 36 App. A are deemed relevant to this case, any deviations from those guidelines are *de minimis* and within construction and/or manufacturing tolerances.

11.     To the extent that Plaintiff was not provided with full and equal accommodations, advantages, facilities, or privileges of services, it was because Plaintiff failed to provide sufficient notice of the need and sufficient opportunity to do so.

12.     Plaintiff cannot recover for any violations she did not personally encounter on a particular occasion and which have not deterred any desire for access.

13.     Plaintiff's claims are barred to the extent that federal, state, or local laws, including zoning and landmark ordinances, prohibit the physical modifications sought.

14.     Plaintiff's claims are barred to the extent that accommodating Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, benefits and/or accommodations offered to the public and/or result in an undue burden.

15.     The claims for relief set forth in the Complaint are barred by the applicable statutes of limitations.

16.     Plaintiff has failed to take any reasonable steps to mitigate, alter or otherwise reduce her alleged damages, including attorneys' fees, expenses and costs.  Thus, any damages and/or fees, expenses and costs awarded to Plaintiff should be reduced accordingly.

17.     Plaintiff has not suffered any damages as a result of any actions taken and/or not taken by Defendant, or their agents, and Plaintiff is thus barred from asserting any claims for relief against Defendant.

18.     To the extent Plaintiff suffered any damages as alleged in the Complaint, the damages were caused by persons and entities other than Defendant.  Plaintiff's right of recovery from Defendant, if any, must be reduced accordingly.

19.     To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the due process clause of the Fourteenth Amendment of the Constitution of the United States.

20.     To the extent Plaintiff seeks punitive damages, any such recovery is unconstitutional because it violates the excessive fines clause of the Eighth Amendment of the Constitution of the United States.

21.     Plaintiff's claims are barred to the extent they seek to impose upon Defendant obligations for which Defendant is not legally responsible.

22.     Plaintiff's claims fail to the extent implementation of the requested alterations would pose a direct threat to the health and safety of others, including Plaintiff.

23.     Defendant is informed, believes, and based thereon alleges that Plaintiff, and all purported claims alleged in the Complaint, are barred by the doctrine of unclean hands by reason of Plaintiff's pattern and practice of visiting places of public accommodation without the intent of accessing goods and services and instead with the purpose of filing lawsuits, such as in the current action.

24.     Plaintiff is not entitled to recover attorneys' fees for moot claims under *Buckhannon Bd. & Care Home v. West Virginia Dept. Of Health And Human Resources*, 532 U.S. 598 (2001).

## RESERVATION OF RIGHT TO AMEND

Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event discovery indicates they would be appropriate.

## AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT 380 SECOND LLC

1.     Defendant denies any liability to Plaintiff on any alleged grounds sought for relief. However, should there be a determination in favor of Plaintiff against Defendant, such liability will have resulted, in whole or in part, from the actions or inactions of co-defendant 380 Second LLC ("380 Second").

2.      Non-party Small Door Gramercy LLC leases the first floor of the property at issue in the Complaint, 380 Second Ave., New York, New York 10010, from 380 Second pursuant to a lease agreement dated November 5, 2021.

3.      If this Court determines that any or all of Defendant's actions are the basis for liability, and if Plaintiff recovers a judgment against Defendant for the damages alleged in the Complaint, then 380 Second shall be liable to Defendant for common law contribution and/or indemnification and contractual contribution and/or indemnification, in whole or in part, and any such damages are to be apportioned between 380 Second and Defendant to the degree of responsibility that each is found to have.

**WHEREFORE**, Defendant prays that the Court enters a judgment:

1.      dismissing the Complaint *with prejudice*, including all claims and allegations asserted in the Complaint against Defendant;

2.      in favor of Defendant and against co-defendant 380 Second LLC on Defendant's Cross-Claim;

3.      granting Defendant its costs, including attorneys' fees, incurred in this action; and

4.      granting Defendant such other and further relief as the Court may deem just and proper.

Dated: New York, New York                    SEYFARTH SHAW LLP
        September 6, 2022


                                    By: */s/ John W. Egan*
                                    _____
                                        John W. Egan
                                        jegan@seyfarth.com
                                        620 Eighth Avenue
                                        New York, New York  10018
                                        Telephone:  (212) 218-5500
                                        Facsimile:  (212) 218-5526

                                    *Attorneys for Defendant Small Door*
                                    *Veterinary, PLLC*

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2022, I electronically filed the foregoing Amended

Answer, Affirmative and Other Defenses, and Cross-Claim to Plaintiff's Complaint with the Clerk

of the Court using the CM/ECF system which sent notification to all counsel of record including:

Robert G. Hanski, Esq.
PARKER HANSKI LLC
40 Worth Street
Suite 602
New York, New York  10013

Email: rgh@parkerhanski.com

*/s/ John W. Egan*
John W. Egan