UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MILAGROS FRANCO,

                                         Plaintiff,

                    - against -

380 SECOND LLC AND SMALL DOOR
VETERINARY, PLLC

                                         Defendants.
------------------------------------------------------------X

**Docket No.  1:22-cv-04011
(PAE)(JW)**

**RULE 26(f) REPORT AND
SCHEDULING ORDER**

SO ORDERED.

*Jennifer E. Willis*

Jennifer E. Willis
United States Magistrate Judge
October 6, 2022

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Willis's Individual
Rules, plaintiff and defendant 380 Second LLC met on September 29, 2022 and are exchanging
communications thereafter. At least one week before the Initial Case Management Conference, the
parties submit the following report for the Court's consideration:

1.    **Summary of Claims, Defenses, and Relevant Issues:**

Plaintiff:

         Plaintiff claims that the defendants own, operate, and maintain a public accommodation that
violates, among other things, the Standards for Accessible Design – Appendix A to 28 C.F.R. Part
36.  The plaintiff, who uses a wheelchair, seeks injunctive relief to compel the defendants to, among
other things, make their premises readily accessible and usable to the disabled plaintiff, and
monetary relief.  Plaintiff brings this lawsuit to redress defendants' unlawful disability
discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act
("ADA"), 42 U.S.C. §§ 12181 *et seq.* and its implementing regulations, the New York State
Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the
City New York § 8-107.

Defendants:

Defendant 380 Second LLC denies the allegations in the Complaint and has asserted a number of
affirmative defenses.  Defendant 380 Second LLC also has asserted cross claims against Defendant
Small Door Veterinary PLLC for breach of contract, indemnification, and contribution.

2.    **Basis of Subject Matter Jurisdiction:**

         Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. §
12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding
deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over
plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. §
1367(a).

3.      **Subjects on Which Discovery May Be Needed:**

The parties jointly propose to the Court the following discovery plan:

Discovery will be needed on the following subjects:

(1)   The design, construction and alteration of defendants' place of public accommodation since 1992;

(2)   Defendants' alleged affirmative defenses as set forth in their respective Answers and any other defenses that may become applicable during discovery;

(3)   all other issues raised by the pleadings;

(4)   Plaintiff's allegations in the Complaint;

(5)   Plaintiff's alleged attempt(s) to access the property at issue in the Complaint;

(6)   Plaintiff's litigation history;

(7)   any expert disclosures; and

(8)   all other matters that will reasonably lead to the discovery of relevant evidence.

4.      **Informal Disclosures:**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be **disclosed by Plaintiff** on October 4, 2022.  In addition, on or before October 25, 2022, Plaintiff will produce an initial set of relevant documents identified in its Initial Disclosures, if any, and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be **disclosed by Defendants** on October 4, 2022.   In addition, on or before October 25, 2022, Defendants produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5.      **Formal Discovery:**

The parties jointly propose to the Court the following discovery plan:

All fact discovery must be completed by <u>February 6, 2023</u>.

***The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery by the fact discovery completion date set forth above.***

a.      <u>Depositions</u>:  Depositions shall be completed by <u>January 16, 2023</u>, and limited to no more than ten depositions per party.  Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

b.      <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>November 7, 2022</u>. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c.      <u>Requests for Admission</u>:  Requests for admission must be served on or before

January 6, 2023.

d.   Requests for Production:  Initial requests for production will be exchanged on or before November 7, 2022, and responses shall be due 30 days after service.  All subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

e.   Supplementation:  Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

**6.   Anticipated Discovery Disputes:**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe:  Plaintiff and defendant 380 Second LLC do not anticipate any discovery disputes at this time and do not seek any limitations on discovery beyond those provided by law.

**7.   Amendments to Pleadings:**

a.   Are there any amendments to pleadings anticipated?  Plaintiff anticipates amending her complaint after a full inspection of the premises at issue.

b.   Last date to amend the Complaint:  Thirty days after plaintiff serves its expert report on defendants.

**8.   Joinder of Parties**

a.   Are there other necessary parties that need to be joined? No.

b.   Is joinder of other parties anticipated? At the current time, Plaintiff and defendant 380 Second LLC do not anticipate the need to join any additional parties.

c.   Last date to join other parties:  January 9, 2023.

**9.   Expert Witness Disclosures**

a.   At this time, the parties do anticipate utilizing experts. Expert discovery shall be completed by May 5, 2023.

**10. Electronic Discovery and Preservation of Documents and Information**

a.   Have the parties discussed electronic discovery?  Yes.

b.   Is there an electronic discovery protocol in place? If not, when do the parties expect to have one in place?

At this point, the appearing parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

(1)   Documents and other records stored by defendant on defendant's computers or otherwise relating or pertaining to the property at issue in the Complaint;

(2)   Electronic mail (including all electronic attachments) sent to and/or from the defendant regarding the design, construction, an alteration the property at issue in the Complaint;

(3)   Any electronically stored information regarding the design, construction, an alteration of the property at issue in the Complaint;

(4)   Any electronically stored information regarding Plaintiff's alleged attempts to access the property at issue in the Complaint; and

(4)   Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of FRCP 26 for discovery purposes.

c.   Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

The parties agree that the aforementioned discoverable electronically stored information (ESI) will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable and readable. To the extent any ESI is preserved only in printed form, such ESI may be produced in pdf format. The appearing parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the appearing parties agree that they will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the appearing parties as relevant to this action.

**11. Anticipated Motions**

Plaintiff contemplates a motion for summary judgment after the close of discovery for liability and a permanent injunction directing the defendants to remove and cure all remaining statutory violations alleged in the Complaint.

Defendant 380 Second LLC contemplates a motion for summary judgment after the close of discovery.

**12. Early Settlement or Resolution**

The parties <u>have</u> discussed the possibility of settlement. <u>The parties request a referral to the SDNY mediation program conference by no later than thirty days after the close of fact discovery.</u>

The following information is needed before settlement can be discussed:

<u>A copy of the lease agreement with its attachments, including work letter, property</u>

condition reports, alteration budget and architectural plans; an ADA inspection by plaintiff's expert; documents regarding Plaintiff's allegations in the Complaint and her alleged attempts to access the property at issue; and documents that support defendants' affirmative defenses

**13. Trial:**

    a.  The parties anticipate that this case will be ready for trial by July 10, 2023.

    b.  The parties anticipate that the trial of this case will require 3 to 5 days.

    c.  The parties request a jury trial.

    d.  The parties do not consent to Magistrate Judge jurisdiction at this time.

**14. Other Matters:**

        None at this time.

**The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Willis's Individual Practices Webpage.**

Respectfully submitted this 29th day of September of 2022.

ATTORNEYS FOR PLAINTIFF:        ATTORNEYS FOR DEFENDANTS:

**Parker Hanski LLC**        **Sheppard Mullin Richter & Hampton LLP**

By:  /s/  Robert G. Hanski       By:  /s/  Sean Kirby
    Robert G. Hanski, Esq.        Sean Kirby, Esq.
    40 Worth Street, Suite 602        30 Rockefeller Plaza
    New York, New York 10013        New York, NY 10112
    Tel: (212) 248-7400        Tel: (212) 653-8700
    Email: rgh@parkerhanski.com        Email: skirby@sheppardmullin.com

    *Attorneys for Plaintiff*        *Attorneys for Defendant 380 Second LLC*