# PARKER HANSKI LLC

40 Worth Street, Suite 602
New York, New York 10013
Phone:  212.248.7400
Fax:     212.248.5600

January 13, 2023

*Via ECF*
The Honorable Jennifer E. Willis
United States Magistrate Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:   *Milagros Franco v. 380 Second LLC and Small Door Veterinary, PLLC;*
      *Docket No. 1:22-cv-04011 (PAE)(JW)*

Dear Judge Willis:

We represent plaintiff, Milagros Franco in the above-entitled action. We respectfully ask the Court to compel defendant Small Door Veterinary, PLLC ("Small Door Vet") to immediately produce its responses to plaintiff's First Request for Documents and First Set of Interrogatories (collectively, "*Plaintiff's Discovery Demands*") with no objections due to waiver[1].

Plaintiff's motion to compel is not about deficient responses. Rather this motion is about defendant's failure to provide any disclosures, production or responses. Plaintiff has made multiple good faith attempts to resolve defendant's default, to no avail. Plaintiff has no choice but to bring this motion to compel as defendant refuses to respond to Plaintiff's Discovery Demands which were served more than two months ago.

I.   Background

Defendant Small Door Vet's responses to Plaintiff's Discovery Demands were first due November 23, 2022.[2] On December 13, 2022 plaintiff contacted Defendant Small Door Vet (via email) in a good faith effort to obtain overdue discovery responses. Receiving no response from Small Door Vet, on December 19, 2022 plaintiff made another good faith effort (via email) to obtain the overdue discovery responses. In response to the December 19, 2022 email plaintiff and Small Door Vet set a date and time to meet and confer (3:30pm on December 28, 2022); however, the parties did not connect. Accordingly, plaintiff followed up with Small Door Vet, via email, on each of December 29, 2022 (no response from Small Door Vet) January 3, 2023

---

[1] Plaintiff's position is that because defendant failed to provide any response within 30 days as required by Rules 34(b) and 33(b) of the Federal Rules of Civil Procedure, defendant has waived all of its objections as a matter of law.  See Fed.R.Civ.P. 33(b)(4); and *Rahman v. Smith & Wollensky*, 2007 WL 1521117 at *2 (S.D.N.Y. 2007).

[2] Plaintiff's Discovery Demands were served on October 24, 2022 with responses due on November 23, 2022. See Fed. R. Civ. P. 33(b)(2); and Fed. R. Civ. P. 34(b)(2).

(proposed dates and times to meet and confer rejected by Small Door Vet) and January 4, 2023 (no response from Small Door Vet).[3]

Furthermore, on October 19, 2022, defendant Small Door Vet informed plaintiff in an e-mail that she had named the wrong tenant as a defendant in her complaint. Counsel for plaintiff responded the same day (and followed up on November 28, 2022 and December 5, 2022) asking for documentation that demonstrated that plaintiff had named the wrong defendant.[4] To date Defendant Small Door Vet has not provided the requested documents, instead providing (via email dated November 17, 2022) a screenshot of approximately 13 lines of a document they claim is the lease.[5]

    I.    <u>Discovery at Issue</u>

The discovery at issue is relevant to the discrimination claims raised by plaintiff in her Complaint[6] and the affirmative defenses raised by defendant in its Answer. Absent an order compelling discovery, plaintiff is unfairly prejudiced because defendant's litigation abuses constrain plaintiff's ability to prosecute her claims. Similar to defendant's unlawful exclusion of the disabled from its public accommodation, defendant Small Door Vet improperly bars plaintiff from developing relevant evidence to meet her burden regarding her discrimination claims and to disprove defendant's affirmative defenses.

Plaintiff's Discovery Demands are directly relevant to her public accommodation discrimination claims as they relate to three core areas from which such public accommodation discrimination arises. These three core areas are: (1) architectural, which relates to prohibited design and construction barriers, as well as the design and construction accessibility required at places of public accommodation; (2) financial, which relates to amounts improperly diverted from, and required for, accessibility; and (3) operational, which relates to the discriminatory policies and practices that have disparately impacted plaintiff.

---

[3] Unfortunately, this is not the first time in this case that Defendant Small Door Vet has ignored its obligations to meet and confer with the parties. Pursuant to Your Honor's Order, dated September 1, 2022, Plaintiff and Defendant 380 Second LLC conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, but defendant Small Door Vet failed to participate or even respond to multiple emails requesting Small Door Vet's participation in this conference.

[4] Documents requested from Small Door Vet included a signed and complete copy of the lease agreement and any intercompany agreements between Small Door Veterinary PLLC and Small Door Gramercy LLC so plaintiff could further evaluate the claim that Small Door Veterinary PLLC is not a proper defendant.

[5] Should defendant Small Door Vet's claim be substantiated, Plaintiff is willing to enter into a Stipulation and Order Amending the Complaint and Caption to correct the name of the defendant.

[6] Plaintiff brought this action, seeking remediation of the architectural barriers extant at defendant's public accommodation, pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City of New York.

The core areas covered in Plaintiff's Discovery Demands are also directly relevant to the factual issues underlying defendant's answers to the complaint and affirmative defenses to public accommodation discrimination, including its architectural, financial and operational defenses.[7]

      a. <u>Architectural</u>

Plaintiff's discovery seeks architectural records and construction related documents, including costs (*e.g.*, building plans and permits, property surveys and due diligence reports). As shown above, such documents are germane to plaintiff's claims of discrimination and to show that the architectural and construction components of defendant's not readily achievable and equivalent facilitation defenses are unsound.

      b. <u>Financial</u>

Plaintiff further seeks financial information from defendant (*e.g.*, the nature and cost of making the premises accessible, overall financial resources of the site, effect on expenses and resources) as it is relevant to the financial portion of defendant's readily achievable and undue hardship defenses.

      c. <u>Operational</u>

Lastly, plaintiff's discovery of defendant's operational documents (*e.g.*, manuals, policies and procedures) is directed at showing defendant's policies and practices have disparately impacted plaintiff.

Defendant's refusal to comply with its Federal Rules of Civil Procedure obligations and to blatantly ignore plaintiff's attempt to meet and confer on multiple occasions, has made it necessary to seek the Court's intervention. Consequently, plaintiff respectfully requests that the Court compel defendant to immediately provide its responses to Plaintiff's Discovery Demands, with no objections due to waiver.[8]

Thank you for your time and attention to this matter.

Very truly yours,

/s/
Robert G. Hanski, Esq.

---

[7] Defendant's affirmative defenses include architectural, financial and operational defenses, such as: the barrier removal Plaintiff seeks "is not 'readily achievable…'" (7th affirmative defense); and Plaintiff was "provided equivalent facilitation" (8th affirmative defense). See ECF Docket No. 21.

[8] See footnote 1, supra.