# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

January 30, 2023

*Via ECF*
Hon. Jennifer E. Willis, U.S.M.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *Franco v. 380 Second LLC et al*
               **Case No.: 1:22-cv-04011-PAE-JW**

Dear Honorable Magistrate Judge Willis:

This law firm represents Defendant Small Door Veterinary, PLLC ("Small Door") in the above-referenced action.

Pursuant to the directives in Your Honor's January 27, 2023 Order [Dckt. No. 34], this letter respectfully serves to respond to the letter motion to compel filed by Plaintiff Milagros Franco on January 13, 2023 [Dckt. No. 33] (the "Letter Motion").

## I. Plaintiff Sued the Wrong Entity

Even affording the Complaint the most liberal construction possible, Plaintiff has not pleaded substantive facts to meaningfully establish the liability of Small Door Veterinary, PLLC under the ADA.[1] Plaintiff's Complaint, filed on May 16, 2022 [Dckt. No. 1] (the "Complaint, or the "*Compl.*") simply alleges that:

> "[Defendant Small Door Veterinary, PLLC] own[s] lease[s], lease[s] to, operate[s], and control[s] a place of public accommodation…"
>
> "At all relevant times, defendant Small Door Veterinary, PLLC operates and/or leases property located at 380 Second Avenue from the defendant 380 Second LLC (hereinafter referred to as the "Small Door Veterinary" premises)."
>
> "[Defendant Small Door Veterinary, PLLC is a public accommodation as they own, lease, lease to, control or operate a place of public accommodation, the Small Door Veterinary premises located at 380 Second Avenue…"

[*Compl.* at ¶¶ 1, 10, 11].

On October 19, 2023, the undersigned informed Plaintiff's counsel via email that they had

---

[1] "[T]he question of whether a person is a proper defendant under the ADA turns…on…whether the defendant owns, leases, or operates a place of public accommodation within the meaning of the ADA." *Doe v. NYSARC Tr. Serv., Inc.*, 2020 WL 5757478, at *5 (N.D.N.Y. 2020) (citing *Coddington v. Adelphi Univ.*, 45 F. Supp. 2d 211, 215 (E.D.N.Y. 1999)).

1

sued the wrong entity, and had requested Plaintiff's counsel's availability for a phone call to resolve the issue without necessitating Court intervention.

In response, Plaintiff's counsel declined to speak telephonically until he had been provided: "the documents that led [the undersigned] to believe that the wrong tenant entity was sued."

On November 17, 2022, the undersigned voluntarily produced a copy of the pertinent part[2] of the commercial lease agreement between 380 Second LLC, and landlord, and Small Door Gramercy LLC, as tenant.

Thus, as of November 17, 2022, the undersigned had provided Plaintiff's counsel with sufficient information to amend the Complaint, to name the ***actual*** entity that had operated and leased the subject premises, *i.e.,* Small Door Gramercy LLC.

To this day, the factual predicate for why Plaintiff named Small Door Veterinary, PLLC in this action, rather than the correct tenant entity, is unknown.

Despite having been provided with a true and correct copy of the commercial lease for the subject premises, Plaintiff has inexplicably refused to amend the Complaint, and dismiss Small Door Veterinary, PLLC, from this action. This is overreaching.

## II.     Small Door's November 28, 2022 Responses to Plaintiff's Discovery Requests

On November 28, 2022, the undersigned emailed Plaintiff's counsel Small Door's responses and objections to Plaintiff's October 23, 2022 (i) requests for the production of doucments ("Plaintiff's Document Requests"); and (ii) interrogatories ("Plaintiff's Interrogatories", and together with Plaintiff's Document Requests, "Plaintiff's Discovery Requests").

Between November 28, 2022 and the date of the filing of this letter, Small Door has supplemented its initial responses with approximately ***one hundred*** individual pages of business records in response to Plaintiff's Discovery Requests.

Small Door's production includes, *inter alia*:

1. A true and correct copy of the full commercial lease, dated November 5, 2021, with accompanying rider, partially provided to Plaintiff's counsel on November 28, 2022, and provided to Plaintiff's counsel in full form on January 9, 2023; and

2. Architectural plans and filings pertaining to the subject premises.

---

[2] A true and complete copy of the full commercial lease, dated November 5, 2021, with accompanying rider, was provided to Plaintiff's counsel on January 9, 2023.

Thus, as of the date of this filing, Small Door has substantively, and meaningfully responded to Plaintiff's Discovery Requests.

By contrast, Plaintiff never provided *any* responses or objections to Small Door's: (i) requests for the production of doucments ("Small Door's Document Requests"); and (ii) interrogatories ("Small Door's Interrogatories", and together with Small Door's Document Requests, "Small Door's Discovery Requests"), propounded on November 17, 2023.

Small Door intends to amicably resolve Plaintiff's failure to respond to Small Door's Discovery Requests, before seeking Court intervention.

### III.     Plaintiff's Request for Financial Disclosures is Premature

Plaintiff's Letter Motion broadly delineates three (3) categories of records sought in Plaintiff's Document Requests, *to wit*: (i) architectural; (ii) financial; and (iii) operational records.

As set forth more fully in §§ I and II, Small Door *has* produced nearly *one hundred* individual pages of business records, responsive to categories (i) and (ii).

Plaintiff purportedly seeks financial information "as is relevant to the financial portion of defendant's readily achievable and undue hardship defenses." [Letter Motion at p. 3(b)]. Plaintiff's request for financial documents is premature, as it misapprehends the burden-shifting framework of the ADA.

Under the ADA succeed, a plaintiff has a threshold initial burden of "articulat[ing] a plausible proposal for barrier removal, the costs of which, facially, do not clearly exceed its benefits." *Antolini v. Thurman,* 2021 WL 3115169, at *2 (S.D.N.Y. 2021). (citations and quotations omitted). Although neither a plaintiff's "estimates nor the proposal are required to be exact or detailed, the plaintiff must provide at least *some* estimate of costs." *Range,* 2020 WL 3034800 at *6 (citing *Roberts*, 542 F.3d at 368 and *Kriesler v. Second Ave. Diner Corp.,* 2012 WL 3961304, at *6 n.5 (S.D.N.Y. 2012)) (emphasis in original). Only after a plaintiff has made a "*prima facie* showing that a reasonable accommodation is available…the risk of non-persuasion falls on the defendant." *Id.; see also Pascuiti v. New York Yankees*, 1999 WL 1102748, at *1 (S.D.N.Y. 1999).

Plaintiff has not met his threshold burden of articulating "a plausible accommodation," with respect to the subject premises exterior, "the costs of which, facially, do not clearly exceed its benefits." *Antolini*, 2021 WL 3115169 at *2. Thus, "the risk of non-persuasion" has not shifted on Small Door.

Thus, Plaintiff's broad requests for "financial information" from Small Door is premature to the extent that Plaintiff has not satisfied his threshold burden under the ADA, and, also irrelevant to the extent it seeks information concerning a party that does not own, lease or operate a place of public accommodation.

**IV.    Conclusion**

In light of the foregoing, it is respectfully requested that the Court deny Plaintiff's Letter Motion.

Thank you, in advance, for your attention to the foregoing.

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
60 East 42nd Street, Suite 4700
New York, NY 10165
Tel. No.:  (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant Small Door Veterinary, PLLC*
