UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MILAGROS FRANCO,

                       Plaintiff,                     **ORDER**

      -against-                        **22-CV-4011 (PAE) (JW)**

380 SECOND LLC, *et al.*,

                       Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

    Before the Court is a discovery issue regarding whether certain discovery requests made by Plaintiff on Defendant Small Door[1], for financial information, are appropriate at this time. Following a hearing held on February 14, 2023, the Parties were directed to submit letters providing briefing on this question. Dkt. No. 39. On February 22, 2023, Small Door submitted a letter articulating their objections to the discovery sought. Dkt. No. 46 ("Def. Ltr."). On February 23, 2023, Plaintiff submitted their letter in support of the motion to compel.[2] Dkt. No. 47 ("Pl. Ltr.").

    Plaintiff argues that they are entitled to financial information discovery because of certain affirmative defenses asserted by Small Door. Pl. Ltr. at 2. Specifically, Plaintiff points to language in the affirmative defenses raising issues of feasibility, achievability, proportionality of costs, and burden. Id. (citing Small Door's fifth, seventh, ninth, and fourteenth affirmative defenses raised in their Amended

---

[1] In light of the stipulation entered on March 9, 2023, Dkt. No. 52, the Court will use "Small Door" to refer to Defendant Small Door Gramercy, LLC.
[2] Plaintiff's letter was submitted a day late. Plaintiff explained that the delay was a clerical error, and the letter bears the date of the deadline in its heading. While the Court once again reminds the Parties of the importance of adhering to Court-established deadlines, this slight delay will not be fatal to Plaintiff's argument, and the Court will consider the points raised in the letter on their merits.

Answer (Dkt. No. 21)). Small Door's substantive argument for why financial information discovery is not appropriate at this time relies on their assertion that Plaintiff has not met their burden to put forward their own proposed alteration or accommodation. Def. Ltr. at 2-3.[3]

Small Door's letter focuses on the issue of whether Plaintiff has made certain showings under the Americans with Disabilities Act ("ADA"). Def. Ltr. at 2-3. This is not the appropriate standard for the instant dispute. Defendant cites case law asserting the legal standards for ADA claims. However, the case law cited all articulates the standard for summary judgment or trial. See Range v. 230 W. 41st St. LLC, No. 17-cv-149 (LAP), 2020 WL 3034800 (S.D.N.Y. June 5, 2020) (motion for summary judgment); Antolini v. Thurman, No. 19-cv-9674 (JMF) (KNF), 2021 WL 3115169 (S.D.N.Y. July 21, 2021) (motion for summary judgment); Kreisler v. Second Ave. Diner Corp., No. 10-cv-7592 (RJS), 2012 WL 3961304 (S.D.N.Y. Sept. 11, 2012) (findings of facts and conclusions of law following a bench trial); Pascuiti v. New York Yankees, No. 98-cv-8186 (SAS), 1999 WL 1102748 (S.D.N.Y. Dec. 6, 1999) (memorandum opinion clarifying the burden following a request from the parties to resolve that specific point). These cases do not address the analysis used to resolve discovery disputes.

As the dispute before the Court is about the appropriate scope of discovery at this stage of the case, the Court will approach its analysis as it would any discovery

---

[3] Plaintiff's opposition based on waiver is noted; it is the Court's preference, however, to resolve the dispute on the merits.

issue. That analysis begins with Federal Rule of Civil Procedure ("FRCP") 26, which states:

> "Unless otherwise limited by court order… Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs is likely benefit."

Fed. R. Civ. P. 26(b)(1). The first question is whether the discovery sought is relevant. Several of Small Door's affirmative defenses inherently raise the issue of what might be financially reasonable or feasible for Small Door in resolving any ADA-compliance issues. Am. Ans. at 28-29. Thus, the financial information sought by Plaintiff is relevant to a "party's claim or defense." Fed. R. Civ. P. 26(b)(1); see, *e.g.*, Rubin v. Montefiore Med. Ctr., 2019 U.S. Dist. LEXIS 209679, at *3 (Dec. 4, 2019 S.D.N.Y.) (finding discovery relevant when it was relevant to an affirmative defense raised by the defendant). Small Door argues that the discovery is not relevant because Plaintiff sued the wrong entity. Def. Ltr. at 4. As the correct entity has now been named, this objection is now moot.

The second part of the inquiry is whether the discovery sought is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Small Door does not articulate any basis for why this discovery might pose an undue burden or be not proportional to the needs of the case.

The motion to compel discovery of Small Door's financial information is GRANTED.

SO ORDERED.

DATED:   New York, New York
         March 16, 2023

_____
JENNIFER E. WILLIS
United States Magistrate Judge