# SMITH LEGAL ADVISORS LLC

5 COLUMBUS CIRCLE, 16TH FLOOR
NEW YORK, NEW YORK 10019
PHONE: 920-689-3315

April 21, 2023

*Via ECF*
The Honorable Jennifer E. Willis
United States Magistrate Judge
United States District Court
40 Foley Square
New York, NY 10007

Re:     <u>Milagros Franco v. 380 Second LLC et al; Docket No. 1:22-cv-04011 (PAE)(JW)</u>

Dear Judge Willis:

    We represent the plaintiff in the above-entitled case.  We write to oppose defendant Small Door Gramercy LLC's ("Small Door") motion of April 20, 2023 (ECF Dkt No. 58) to extend fact discovery deadlines (the "Motion").  First, Small Door's motion fails to comply with Your Honor's individual rules of practice and does not include Plaintiff's position that was provided to Small Door *prior* to its submission to the Court.  Additionally, Small Door makes misrepresentations and omits facts in its Motion to the Court.

    As a threshold matter, Small Door failed to comply with Section I.C. of Your Honor's Individual Practices in Civil Case ("Court's Rules"), which requires that the party seeking an extension of time include in its letter motion "whether the adversary consents and, if not, *the reasons given by the adversary for refusing to consent"* (emphasis added).  Small Door attempts to excuse its failure to include plaintiff's position by stating that it attempted to meet and confer with plaintiff.  However, Small Door fails to inform the Court that *plaintiff supplied Small Door with its position in writing*, via email, on April 20, 2023 at 5:32pm[1], 2.5 hours prior to Small Door's 8:11pm filing.  Yet, incredulously, Small Door *failed to include (or even summarize)* plaintiff's position in its motion.  Additionally, as described below, a meet and confer of all parties *did occur* on April 12, 2023 which Small Door fails to reference.

### Plaintiff Opposes an Extension of the Fact Discovery Deadline.

    On February 14, 2023 the Court extended the original fact discovery deadline of February 6, 2023[2] to March 31, 2023 and advised the parties that "[t]his period is to include the taking of Plaintiff's deposition." (ECF Doc 39).  Thereafter, on March 23, 2023, defendants filed their second request for an extension of the fact discovery deadline to enable the parties to complete

---

[1] In light of the Court's Rules on page limitations, plaintiff's email to defendant Small Door, with its timestamp has not been provided, but can be provided if so requested.
[2] See ECF Doc 32.

depositions.  ("The parties request the proposed four (4) week extension of the foregoing deadlines as the parties are in the process of completing document discovery pursuant to the recent order of the Court (Dkt. No. 54), and need additional time to complete depositions …" (ECF Doc 55)).  On March 24, 2023, the Court granted an extension of the fact discovery deadline through April 28, 2023.  Now, defendant Small Door seeks a third extension of the fact discovery deadline without any valid explanation as to why the extension is required[3], especially as the plaintiff was deposed on April 20, 2023.  See FRCP 30(d)(1) ("Unless otherwise stipulated or ordered by the court, a deposition is limited to one day of 7 hours.").  Additionally, Plaintiff's counsel is prepared to take defendant Small Door's deposition the week of April 24, specifically Small Door has been noticed for a deposition on April 28, 2023 at 10 a.m.

On April 12, 2023 *all the parties met and conferred regarding the scheduling of depositions* of all parties.  It was agreed that the Plaintiff's deposition would be held on either April 20th or 21st, provided she was available.  Counsel for defendant 380 Second LLC stated that it would go first and counsel for defendant Small Door would then proceed.  At no time during the meet and confer did defendant Small Door state that it required a separate full-day to take the deposition of plaintiff.  On April 14, 2023, counsel for plaintiff confirmed plaintiff's availability to be deposed on April 20, 2023, starting at 10 a.m.  On April 19, 2023, at 2:51 p.m. counsel for defendant Small Door, *for the first time*, stated that he would like to reserve a separate full day to depose Plaintiff, and, as such, "we will not be able to accommodate the April 20, 2023 deposition date, as it conflicts with the landlord's deposition of Plaintiff."  In response, on April 19, 2023, plaintiff's counsel informed defendant Small Door that plaintiff "[does] not agree to anything beyond one day of 7 hours for plaintiff's deposition.  See FRCP 30(d)(1)."  Defendant 380 Second LLC proceeded and took plaintiff's deposition, as scheduled, on April 20, 2023 at 10 a.m.  Defendant Small Door chose not to appear.

During the April 12, 2023 meet and confer, counsel for defendant Small Door stated that he would check with his client's availability for April 20th and 21st.  On April 14, 2023, in addition to confirming plaintiff's availability to be deposed April 20th, plaintiff's counsel wrote, "it is my understanding the tenant defendant will appear on the afternoon of April 20 or 21st.  As soon as possible, please confirm the date and start time. . ."  On April 19, 2023, counsel for Small Door informed us that his clients are not available on those dates and that he would like a short extension of discovery.  Plaintiff's counsel has made it clear that plaintiff is ready to depose defendant Small Door during the week of April 24th.  If defendant Small Door is truly not available, we ask that the Court compel defendant Small Door to appear for its noticed Rule 30(b)(6) deposition on a date certain that is convenient for plaintiff.

---

[3] Fact discovery has already been extended by 81 days and now defendant Small Door seeks an additional 33 days (through May 31, 2023).

### **Plaintiff's Motion to Enforce the Court's March 16, 2023 Order is not Moot.**

Plaintiff has a pending motion in front of this Court to enforce the Court's order that ordered defendant Small Door to produce financial documents. See ECF Doc 57.[4] This has not been resolved at this time and is not moot. Subsequent to plaintiff's motion, defendant Small Door sent a brief email on April 18, 2023, with a non-binding, non-definitive statement that said "[It] does not intend to assert an inability to pay" and requesting plaintiff to "[k]indly confirm whether you will be withdrawing your letter motion to compel." We informed defendant on April 19, 2023 *in writing* that we are not withdrawing our motion to enforce. We further informed them via email on April 20, 2023 that we are not withdrawing the motion based on their "non-binding, non-definitive statement in an e-mail."

Furthermore, Small Door states in its letter to the Court, that "it does not intend to raise an affirmative defense grounded in financial hardship in this action." Small Door's statement means nothing and does not moot the motion to enforce.

### **Small Door's Latest Misrepresentations to the Court.**

Small Door omits facts in its letter to the Court.[5] First, Small Door claims that no meet and confer occurred when one *took place on April 12, 2023*. Second, following that meet and confer, plaintiff confirmed plaintiff's deposition date and attempted to get Small Door to confirm a deposition date for its Rule 30(b)(6) witness *in writing*. Small Door refused to do so. Nor did Small Door explain on April 12th or anytime since then why Small Door is not available to be deposed from April 12th (the date of the meet and confer) through April 28, 2023. Finally, Small Door omits the requests and responses that plaintiff provided *in writing* from April 14, 2023 to April 20, 2023, including the reason plaintiff opposed defendant Small Door's current motion, which is required by Your Honor's individual rules of practice.

Thank you for your time and attention to this matter.

very truly yours,

/s/
Susan K. Smith, Esq.

---

[4] The parties sought the prior 30-day extension based on the defendants' agreement to produce the financial documents supporting their financial affirmative defenses by April 14, 2023. A production by April 14, 2023 would also enable the parties to complete depositions within the thirty day extension. The Court So Ordered the parties request and fact discovery was extended until April 28, 2023. ECF Docket No. 56. However, defendant Small Door did not produce anything by the April 14, 2023 deadline. On April 17, 2023, counsel for plaintiff informed Defendant Small Door that nothing had been received and to please forward the discovery pursuant to this Court's Order by the close of business the same day.

[5] This is not the first time Small Door has misrepresented or omitted facts to this Court. See, e.g., ECF Doc. No. 41.