UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MILAGROS FRANCO,

       Plaintiff,       **ORDER**

  -against-       **22-CV-4011 (PAE) (JW)**

380 SECOND LLC, *et al.*,

       Defendants.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

  On April 18, 2023, Plaintiff filed a letter-motion to compel Defendant Small Door Gramercy LLC ("Small Door") to produce financial discovery. Dkt. No. 57. On April 20, 2023, Small Door filed a response, in which they stated that the issue of financial discovery was moot and requested an extension of the fact discovery deadline. Dkt. No. 58. On April 21, 2023, Plaintiff replied and stated (1) that they disagreed that the financial discovery issue was moot; (2) that the request for an extension was unwarranted as to Small Door taking Plaintiff's deposition; and (3) seeking to compel Small Door's 30(b)(6) deposition.

  *First*, as to the issue of Small Door's obligation to produce financial discovery, the Court orders as follows: by **May 5, 2023**, Small Door with either produce the required documents or file a stipulation that it waives any affirmative defenses related to its finances.

  *Second*, Small Door is not entitled to a separate deposition of Plaintiff. Federal Rule of Civil Procedure 30 states that "a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). The commentary to Rule 30 makes clear that an extension

of the presumptive duration may only be extended by agreement or court order. The commentary goes on to address situations which may warrant an extension, but specifically notes that in "multi-party cases, the need for each party to examine the witness may warrant additional time, although duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest."

Plaintiff sat for her deposition. Small Door chose not to participate. Small Door could have made an application to the Court for an extension of the one day/seven hour rule if they were concerned there would not be enough time; they did not. Plaintiff has fulfilled her obligations under the Rules. It would be unfair to penalize her for Small Door's failure to participate meaningfully in discovery.

*Third*, though the Court is reluctant to grant an extension of time to complete fact discovery, the deposition of Small Door's 30(b)(6) witness must be taken. Thus, the fact discovery deadline is extended until **May 19, 2023** for the sole purpose of taking the deposition of Small Door's corporate representative. Small Door must schedule the deposition by **May 5, 2023**.

The Court of Clerk is respectfully requested to close the letter-motion at Dkt. No. 57.

SO ORDERED.

DATED:   New York, New York
         April 27, 2023

*Jennifer E. Willis*
JENNIFER E. WILLIS
United States Magistrate Judge

2