# EXHIBIT B

E9O8RINC

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

KING RANGE,

                Plaintiff,

         v.                                14 Cv. 2447 (LAK)

480-486 BROADWAY, LLC, et al.,

                Defendants.

------------------------------x
                                           September 24, 2014
                                           3:30 p.m.
Before:

                    HON. LEWIS A. KAPLAN

                                           District Judge

                         APPEARANCES

PARKER HANSKI LLC
     Attorneys for Plaintiff
BY:  ADAM S. HANSKI

LITTLER MENDELSON, P.C.
     Attorneys for Defendants
BY:  ERIC D. WITKIN
     JOEL L. FINGER
```

1    (Prior conference held off the record)

2    THE COURT:  We have been having a pretrial conference
3    here.  The defendant applied for a stay of this action citing,
4    among other things, Judge Cote's decision in *Gropper v. Fine*
5    *Arts Housing*, 2014 U.S.Dist.LEXIS 46455, decided earlier this
6    year.  The defendant has assured the Court that to whatever
7    extent there is any lack of compliance on the subject premises,
8    they are in the process of correcting it to the extent it is
9    within their power to do so.

10    Among the issues, as I have been informed in this and
11    a previous conference, is that the premises are in a landmark
12    building.  There apparently is no dispute that one of the
13    entrances to it is not in full compliance with the statute
14    because the landmark law of the City of New York, and I assume
15    it's the city, forbids any alteration to the exterior of the
16    building.  The defendant has previously sought permission to
17    make the necessary authorizations and it was rejected.  The
18    defendant is reapplying again for permission to make the
19    changes, and in the meantime is installing a temporary ramp to
20    deal with the problem on an interim basis.  There is a hearing
21    date or a scheduled date of October 21 before the Landmarks
22    Preservation Commission to deal with a new application which is
23    being filed, as I understand it, today.

24    It seems to me that given what remains at issue in
25    this case, and given the defendants' assurances and the legal

1    impediment in one respect posed by the Landmarks Preservation
2    law, it makes very little sense to run up legal fees and expert
3    fees that are reasonably likely to be utterly without ultimate
4    purpose, and I am not having it.
5             MR. HANSKI:  Your Honor, if I may.
6             THE COURT:  I am not finished.
7             If the plaintiff wishes in the interim to have me
8    modify this order, they are, of course, at liberty to make an
9    application.  I do wish to make clear that if such an
10   application is made, it had better comply with Rule 11.
11            Anything else?
12            MR. HANSKI:  Yes, your Honor.
13            I just wanted to confirm, you had stated there is no
14   dispute among the parties related to the Landmarks Preservation
15   Commission not allowing alterations and that this is a landmark
16   building.  We never stipulated, and we do not agree to that,
17   particularly because the storefront at issue is not an historic
18   storefront.  In fact, was modified by the defendants in roughly
19   2008-2009.  If the Court would like to take judicial notice of
20   that, they are welcome to Google the image for the Universal
21   News & Cafe at 486 Broadway, and they can notice that
22   themselves.
23            THE COURT:  I note, counsel, that when you were before
24   me on June the 19th, you did not in fact dispute it, and in the
25   conference in the course of today, before we went on the record

1  initially, you didn't dispute it either.  And we went on the
2  record, at least in part, because of my sense that what you
3  were doing, counselor, was attempting to repackage what I had
4  said in words that are quite different from what I said, and I
5  simply do not accept what you have just said.
6        Now, is there a stipulation that is undisputed, a
7  document?  I am not aware of any.  But I think that you might
8  consider your behavior in the future.
9        Anything else, folks?
10        Thank you, folks.
11        (Adjourned)