# LEVIN-EPSTEIN & ASSOCIATES, P.C.

60 East 42nd Street • Suite 4700 • New York, New York 10165   T: 212.792-0048 • E: Jason@levinepstein.com

July 14, 2023

*<u>Via ECF</u>*
Hon. Paul A. Engelmayer, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

        Re:    *Franco v. 380 Second LLC et al*
              <u>Case No.: 1:22-cv-04011-PAE-JW</u>

Dear Honorable Judge Engelmayer:

      This law firm represents Defendant Small Door Gramercy LLC ("Small Door Gramercy") in the above-referenced action.

      Pursuant to Your Honor's Individual Motion Practice Rules 3(H), and the directives contained in the July 14, 2023 Order [Dckt. No. 70][1] of the Honorable Magistrate Judge Jennifer E. Willis, this letter respectfully serves to request a pre-motion conference[2] on Small Door Gramercy's anticipated motion for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed.R.Civ.P.") 56.[3]

      As set forth more fully below, summary judgment should be granted for three (3) independent reasons. First, Plaintiff lacks standing to maintain her *sole* federal claim, under Title III of the Americans with Disabilities Act, 42 U.S.C.A. § 12101, *et seq*., (the "ADA"). Second, Plaintiff's *sole* federal claim under the ADA have been (or will be) mooted by Defendants' remediation efforts. Finally, if Plaintiff's *sole* federal claim under the ADA is dismissed, the Court must likewise dismiss her state and city law claims due to a lack of supplemental jurisdiction.

    **I.**    **Plaintiff Lacks Standing to Maintain Her ADA Claim**

      Standing is an integral part of the constitutional limitation that federal courts can hear only cases or controversies pursuant to Article III of the United States Constitution. *See Simon v. Eastern Kentucky Welfare Right Organization*, 426 U.S. 26, 41-42 (1976). Absent Article III

---

[1] On July 5, 2023, Your Honor entered an Amended Order Referring Case to Magistrate Judge [Dckt. No. 65] (the "July 5th Order of Referral"). Pursuant to the July 5th Order of Referral, the instant action was referred to the Honorable Magistrate Judge Willis, for the limited purpose of: (i) general pretrial matters (includes scheduling, discovery, non-dispositive pretrial motions, and settlement); and (ii) a specific non-dispositive motion/dispute: Dckt. No. 64. Out of an abundance of caution, the undersigned wishes to clarify this, given the directives contained in the July 14, 2023 Order [Dckt. No. 70] ("…This conference will serve as a hearing on…a pre-motion conference on anticipated dispositive motions.").

[2] An in-person pre-motion conference is currently scheduled to be held on August 16, 2023, before the Honorable Magistrate Judge Jennifer E. Willis. [*See* Dckt. No. 70].

[3] Out of an abundance of caution, the undersigned wishes to inform Your Honor that on June 29, 2023, Defendants Small Door Gramercy and 380 Second LLC (together, the "Defendants") filed a joint letter motion to stay this action, pending the completion of certain, ongoing, remediation efforts. [*See* Dckt. No. 64] (the "Motion to Stay"). The Motion to Stay is currently pending before the Honorable Magistrate Judge Jennifer E. Willis. [*See* Dckt. No. 70]. If granted, the Motion to Stay will affect the scheduling of the instant application.

standing, a federal court "lacks subject matter jurisdiction to hear the case and it must be dismissed." *Ross v. AXA Equitable Life Ins. Co.*, 115 F. Supp. 3d 424, 432 (S.D.N.Y. 2015). "'[T]he standing question is whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 489-90 (1975), (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962). A plaintiff bears the burden of meeting the "irreducible constitutional minimum of standing" by proving, *inter alia,* "…an injury in fact…which is (a) **concrete and particularized** and (b) **actual or imminent**, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotations, and citations omitted), (emphasis added).

Plaintiff cannot satisfy the first element of the standing analysis – that she suffered an injury in fact. Indeed, during her deposition, Plaintiff testified that, even though she lives close to the Small Door Vet location that is the subject of this lawsuit (the "Premises"), she only went to the Premises on one (1) occasion in early 2022 and has not been back since. She further testified that, on that one (1) occasion, she was able to access the Premises via the portable ramp maintained at the Premises and she did not encounter any other accessibility issues at the Premises during this one (1) visit (except for her belief that the reception desk was too high – a claim she did not make in her Complaint or in her expert report), as she did not go into the exam rooms and did not go into the restrooms.

Furthermore, Plaintiff testified that, even though her cat needs to go to the veterinarian approximately every three (3) months, Plaintiff has never once tried to go back to the Premises for veterinary care for her cat, and she has never made an appointment with Small Door Vet to have her cat seen at the Premises. Finally, Plaintiff testified that she now takes her cat to First Avenue Vet for veterinary care, and that First Avenue Vet is also only a few blocks away from her apartment.

In light of the foregoing deposition testimony, it is evident that Plaintiff did not suffer an injury in fact for standing purposes because (i) she was able to access the Premises during her one (1) visit via the usage of a portable ramp and did not otherwise encounter any accessibility barriers, (ii) as discussed below, given the remediation efforts being undertaken by Defendants, it is unlikely that any alleged accessibility issues will persist in the future, and (iii) Plaintiff cannot show an intent to return to the Premises because she only went there on one (1) occasion, has never attempted to take her cat to the Premises for veterinary care, has never made an appointment with Small Door Vet for veterinary care, and (iv) already has a veterinarian for her cat which is located a few blocks from her apartment. Accordingly, as will be shown in 380 Second's anticipated motion to summary judgment, Plaintiff is unable to establish standing as a matter of fact and law.

## II. Plaintiff's ADA Claim Will be Moot, and the Court Will Lack Subject-Matter Jurisdiction

It is well-established that Title III of the ADA only allows for injunctive relief. *See* 42 U.S.C. § 12188(a)(1); 42 U.S.C § 2000a–3; *Bacon*, 91 F. Supp. 3d at 451. The ongoing feasibility of "injunctive relief … is a question of mootness." *See Jones v. Goord*, 435 F. Supp. 2d 221, 225 (S.D.N.Y. 2006). "The mootness doctrine ensures that the occasion for judicial

resolution…persists throughout the life of a lawsuit." *Amador v. Andrews*, 655 F.3d 89, 99-100 (2d Cir. 2011) (citation omitted). Critically, an "actual controversy must exist not only at the time the complaint is filed, but through all stages of the litigation." *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013). The parties must continue to have a personal stake in the outcome of the litigation, and, if the parties have no such legally cognizable interest or the issues presented are no longer live, the claim becomes moot. *See id.; see also Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)

Here, the Defendants are in the process of, or have already remediated each of the purported accessibility issues identified by Plaintiff in her Complaint and expert report. However, as set forth in Defendants' motion to stay [Dckt. No. 64], one proposed remediation, the installation of a permanent ramp at the entrance to the premises, cannot be completed until all of the necessary building permits and approvals have been provided by certain New York City agencies, including the Department of Buildings.

In light of this, Defendants have made a motion to stay this action [*see* Dckt. No. 64] pending the completion of such remediation efforts. If such stay request is granted and the remediation work is completed as expected during such stay, Defendants will be able to establish that Plaintiff's ADA claims are moot on its motion for summary judgment.

### III. If Plaintiff's ADA Claim is Dismissed, Her State and City Law Claims Should Be Dismissed Due to a Lack of Subject Matter Jurisdiction

If federal question jurisdiction exists, the court has discretion whether to retain supplemental jurisdiction over related state-law claims, even if it has dismissed all federal claims. See *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017).

By contrast, "a district court has no such discretion when it properly dismisses, pursuant to Rule 12(b)(1), all federal claims[.]" *See id.; see also Bangladesh Bank v. Rizal Commercial Banking Corp.*, 2020 WL 1322275, at *4 (S.D.N.Y. 2020) *appeal withdrawn sub nom. Bangladesh Bank v. Santos Deguito*, 2020 WL 6145040 (2d Cir. 2020) (same); *CWCapital Cobalt VR Ltd. v. CWCapital Investments LLC*, 2018 WL 2731270, at *7 (S.D.N.Y. 2018) ("[w]here 'a district court…lack[s]…subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is…precluded from exercising supplemental jurisdiction over related state law-claims") (*citing Cohen*, 873 F.3d at 399); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, 2018 WL 1578384, at *3 (S.D.N.Y. 2018) (same proposition) (*citing Cohen*, 873 F.3d at 399).

Consequently, because the Court must dismiss Plaintiff's ***sole*** federal claim under the ADA [*see* §§ I and II, *supra*], this Court lacks a proper foundation for supplemental jurisdiction over the state law claims asserted in Plaintiff's remaining causes of action.

### IV. Conclusion

For all of the foregoing reasons, it is respectfully submitted the Court schedule a pre-motion conference on Small Door Gramercy's anticipated Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56.

Thank you, in advance, for your time and attention to this matter.

                                            Respectfully submitted,

                                            LEVIN-EPSTEIN & ASSOCIATES, P.C.

                                            By: */s/ Jason Mizrahi*
                                                 Jason Mizrahi, Esq.
                                                 60 East 42nd Street, Suite 4700
                                               New York, New York 10165
                                               Tel. No.: (212) 792-0048
                                               Email: Jason@levinepstein.com
                                               *Attorneys for Defendant Small Door Gramercy LLC*

VIA ECF: All Counsel

Encl.