# SMITH LEGAL ADVISORS LLC

5 Columbus Circle, 16th Floor
New York, New York 10019
Phone:   920-689-3315

July 28, 2023

<u>Via ECF</u>
The Honorable Jennifer E. Willis, USMJ
United States District Court
40 Foley Square
New York, NY 10007

Re:     <u>Milagros Franco v. 380 Second LLC et al Docket No. 1:22-cv-04011 (PAE)(JW)</u>

Dear Judge Willis:

We represent plaintiff, Milagros Franco in the above-entitled action.  We write in opposition to defendants' applications to file motions for summary judgment (ECF Nos. 71 and 72).

This case concerns the inaccessibility of a veterinary practice, Small Door Vet in violation of Title III of the Americans with Disabilities Act ("ADA")[1], and related state and local laws.  Defendants were sued because they intentionally barred Plaintiff and other individuals with wheelchair mobility from their premises by allowing access only with a step because the available ramp "lack[s] curb appeal," is "ugly." (see ECF No. 66-1, Ex. A) and takes about 20 minutes (and multiple calls) to set up each time it is needed.  Defendants do not dispute the inaccessibility of the entrance but rather make inaccurate arguments about plaintiff's intentions about accessing Small Door and assert that plaintiff's claims "will be " mooted **if** defendants complete unspecified remediation.  Neither of these arguments are sustainable and the Court should deny defendants' requests to file motions for summary judgment.[2]

### Plaintiff's Deposition Testimony Confirms She Has Standing Under the ADA

In the ADA context, a plaintiff has standing where (1) the plaintiff alleges past injury under the ADA, (2) it is reasonable to infer from his or her complaint that the discriminatory treatment will continue, and (3) it is reasonable to infer that plaintiff intended to return to the subject location.  *Kreisler v. Second Ave Diner Corp.,* 731 F.3d

---

[1] 42 U.S.C. §§ 12181 *et. seq*.

[2] Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment should only be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a fact is genuinely disputed, the court "is not to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." Weyant v. Okst, I 01 F.3d 845, 854 (2d Cir. 1996).

184, 187-88 (2d Cir. 2013) (citing *Camarillo v. Carrots Corp..,* 518 F.3d 153, 158 (2d Cir. 2008)); *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72-73 (2d. Cir. 2022) (citing *Kreisler* for support).

      Ms. Franco established standing in her deposition testimony – contrary to defendants' argument which ignores Ms. Franco's testimony.  She testified that she only accessed Small Door once, but it was a very difficult experience as she waited almost twenty minutes for the employees of Small Door to notice her outside, she needed a passerby to help her get employee's attention and then someone set up the ramp for her to get in the building (after she explained to them how to put it down). She specified that she did not set up an appointment with Small Door because of the difficulty accessing the property.  Defendant Small Door Gramercy LLC's witness also confirmed that setting up the ramp is a convoluted process that requires making a phone call, getting the phone call transferred to the proper location and notifying the landlord's building staff to set up the ramp.  There is no dispute that Ms. Franco uses a wheelchair and that Small Door is around the corner from where she lives.  Additionally, there is no dispute that Ms. Franco has had a cat for three years and she takes the cat to a vet about every three months.  She stated that she currently uses a different vet and had recently switched vets.  Defendants fail to mention that Ms. Franco was only able to access the premises after twenty minutes of waiting and hassle – not something that any person would want to endure whenever they bring their pet to the veterinarian.  Contrary to defendants' argument, the testimony from Ms. Franco and defendants' own witness, establish plaintiff suffered an injury in fact that is concrete, particularized, and actual or imminent.

      Like the plaintiff in *Kreisler,*  Ms. Franco encountered a non-accessible entrance-step at Small Door.  *Kreisler*, 731 F.3d at 186-87 (noting that temporary ramps were available but plaintiff did not attempt to enter).  The only difference here is that Ms. Franco attempted to get in and was able to do so after twenty minutes of hassle and the installation of a temporary ramp.  But entry, particularly of the type Small Door provided to Plaintiff due to her use of a wheelchair, is not the same as "equal access".  She thereafter decided the access issues encountered at Small Door's step were too much of a burden to return and for her to return, she needed true access compliant with the ADA.

      Ms. Franco has met the elements specified in *Calcano* and *Kreisler* in order to show standing:  she has her cat, and thus has a need to visit a veterinarian.  As Small Door was and is inaccessible to her, she visits a different vet every three months.  Moreover, Ms. Franco is not limited to visiting a specific veterinarian, particularly as different veterinarians offer different levels of services, amenities, and care.  Indeed, recently Ms. Franco switched veterinarians.  Under *Kreisler* and *Calcano*, there is no litmus test pursuant to the ADA that a person must attempt to access the inaccessible premises multiple times in order to establish standing.  Ms. Franco's allegations and testimony are detailed and specific with respect to wanting to obtain veterinary care for her cat (which she does every 3 months).  Thus, Ms. Franco has more than demonstrated adequate standing under the ADA.

      Additionally, contrary to defendant's argument (ECF No. 71 at p.2), Ms. Franco has standing to sue for violations unencountered during her visit to Small Door.  *See Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188-89 (2d Cir. 2013) (holding that "once a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability," and need not personally encounter each ADA

violation within the [premises] in order to seek its removal).  Ms. Franco therefore has standing to sue the defendants to remediate violations of the ADA for the barriers she encountered as well as for the barriers inside Small Door that she did not encounter.

### Plaintiff's ADA Claim Has Not Been Mooted by Defendants' Unconvincing Statements that Remediation Might Occur

Plaintiff's ADA claim has not been mooted by the assertion that defendants "will be" remediating the inaccessible entrance by installing an exterior ramp or their vague claim that unidentified "purported accessibility" issues have been remediated.  As stated in plaintiff's opposition to defendants motion to stay, defendants refused to agree to a stipulated remediation or to specify a single violation that they commit to remediate (or have remediated).  See ECF No. 66 at p. 1. Moreover, although defendants state that they intend to install an exterior ramp at some future time, there is no legal or contractually enforceable obligation for them to do so and even in their pre-motion letter to this Court, the defendants state that the plaintiff's claim has been mooted "**or will be**" – a concession that the claims are not moot as of the writing of their letters (emphasis added).  A defendant's promise to perform a future corrective act does not moot a plaintiff's claim for injunctive relief to compel the act.  *See Kostok v. Thomas*, 105 F.3d 65, 68 (2nd Cir. 1997) (holding that the defendant's promise to provide the requested relief in the future did not moot plaintiff's claim).  Similarly here, defendants promise that they might remediate the inaccessible entrance, but a promise is not enough to moot a claim.  Defendants have not even confirmed that they have submitted their plans to the NYC Department of Buildings for approval regarding the exterior ramp.[3]  (See generally (ECF No. 71 and 72) (stating only that they are in the process of trying to remediate, but there are no guarantees).

In light of the fact that the ADA claim should not be dismissed as the hypothetical remediation of Small Door has not occurred and there is no agreement by the defendants that they will remediate anything specific, the Court retains its supplemental jurisdiction over the related state and city law claims.

### Conclusion

We respectfully ask the Court to deny defendants' applications to file motions for summary judgment.  Thank you for your time and attention to this matter.

Very truly yours,

_____/s/_____
Susan K. Smith, Esq.

---

[3] It is unclear from defendants' pre-motion letter regarding a stay if an application has even been submitted, as per their letter, they attached "copies of the applications **filed/ to be filed** by Defendants with the Department of Buildings." (emphasis added) ECF No. 64 at 1.