# PARKER HANSKI LLC

40 Worth Street, Suite 602
New York, New York 10013
Phone:   212.248.7400
Fax:     212.248.5600
contact@parkerhanski.com

August 21, 2023

<u>Via ECF</u>
The Honorable Arun Subramanian
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

Re:   *Joint Status Letter*
      *Milagros Franco v. 380 Second LLC and Small Door Veterinary, PLLC*
      *1:22-cv-04011 (AS)(JW)*

Dear Judge Subramanian:

We represent the plaintiff in the above-entitled action.  Pursuant to Your Honor's Order, dated August 7, 2023 (ECF Doc No. 76), we hereby submit this joint status letter on behalf of all of the parties.

As per Your Honor's Orders, the parties jointly submit the following information:

**(1)   Names of counsel and current contact information, if different from the information currently reflected on the docket;**

Counsel and their current contact information is as currently reflected on the docket.

**(2)   Per the Court's Individual Practices, the person serving as Lead Trial Counsel for each party;**

<u>Plaintiff</u>:

Susan K. Smith, Smith Legal Advisors LLC
Robert G. Hanski, Parker Hanski LLC

<u>Defendant Small Door Gramercy LLC</u>:

Joshua D. Levin-Epstein, Esq., Levin-Epstein & Associates, P.C.
Jason Mizrahi, Esq., Levin-Epstein & Associates, P.C.

<u>Defendant 380 Second LLC</u>:

Sean J. Kirby, Sheppard, Mullin, Richter & Hampton LLP

**(3)   A brief statement of the nature of the case and/or the principal defenses thereto;**

a. Nature of the Case

Plaintiff claims that the defendants own, operate, and maintain a public accommodation, a veterinary practice, that violates, among other things, the Standards for Accessible Design – Appendix A to 28 C.F.R. Part 36.  The plaintiff, who uses a wheelchair, seeks injunctive relief to compel the defendants to, among other things, make their premises readily accessible and usable to the disabled plaintiff, and monetary relief.  Plaintiff brings this lawsuit to redress defendants' unlawful disability discrimination against plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq*. and its implementing regulations, the New York State Executive Law § 296, New York State Civil Rights Law § 40, and the Administrative Code of the City New York § 8-107.  Plaintiff sued defendants because they intentionally barred Plaintiff and other individuals with wheelchair mobility from their premises by allowing access only with a step because the ramp "lack[s] curb appeal," is "ugly" and takes about 20 minutes (and multiple calls) to set up each time it is needed.  (See ECF No. 66-1, Ex. A and ECF No. 75).

a. Defenses.

Defendant Small Door Gramercy LLC:

As set forth more fully in Small Door Gramercy's pending motion to stay the action [Dckt. No. 64] and contemplated motion for summary judgment, this case should be dismissed for three (3) independent reasons. First, Plaintiff lacks standing to maintain her *sole* federal claim, under Title III of the Americans with Disabilities Act, 42 U.S.C.A. § 12101, *et seq*., (the "ADA"). Second, Plaintiff's *sole* federal claim under the ADA have been (or will be) mooted by Defendants' remediation efforts.  Finally, if Plaintiff's *sole* federal claim under the ADA is dismissed, the Court must likewise dismiss her state and city law claims due to a lack of supplemental jurisdiction.

Defendant 380 Second LLC:

Plaintiff alleges that certain features of the Small Door veterinary practice located at 380 Second Avenue, New York, New York, are not compliant with the requirements of the Standards for Accessible Design and, as a result, violate the ADA, and New York State and City law.  As set forth more fully in 380 Second's motion to stay this action and contemplated motion for summary judgment (Dkt. Nos. 64 and 71), the Defendants are in the process of remediating, or have already remediated, each of the purported accessibility issues identified by Plaintiff in her Complaint and expert report.  However, as set forth in Defendants' motion to stay, one proposed remediation, the installation of a permanent ramp at the entrance to the premises, cannot be completed until all of the necessary building permits and approvals have been provided by certain New York City agencies, including the Department of Buildings.  In light of this, the Defendants have made a motion to stay this action pending the completion of such remediation efforts.  If such stay request is granted and the remediation work is completed as expected during such stay, Defendants will be able to establish that Plaintiff's ADA claims are moot on its motion for summary judgment, and that the Court lacks supplemental jurisdiction to consider Plaintiff's remaining state and city law claims.  In addition, as set forth fully in 380 Second's pre-motion letter regarding its anticipated motion for summary judgment (Dkt. No. 71), Plaintiff's deposition testimony shows that she lacks standing to maintain an ADA claim because Plaintiff did not suffer an injury in fact for standing purposes.

**(4)   A brief explanation of why jurisdiction and venue lie in this Court;**

Plaintiff

Plaintiff asserts that this Court has jurisdiction over this matter pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343 as this action involves federal questions regarding deprivation of plaintiff's rights under the ADA.  The Court has supplemental jurisdiction over plaintiff's related claims arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

Plaintiff asserts that venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because defendants' acts of discrimination alleged herein occurred in this district and defendants' place of public accommodation that is the subject of this action is located in this district.

Defendant Small Door Gramercy LLC:

If federal question jurisdiction exists, the court has discretion whether to retain supplemental jurisdiction over related state-law claims, even if it has dismissed all federal claims. See *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017).

By contrast, "a district court has no such discretion when it properly dismisses, pursuant to Rule 12(b)(1), all federal claims[.]" *See id.*; *see also Bangladesh Bank v. Rizal Commercial Banking Corp*., 2020 WL 1322275, at *4 (S.D.N.Y. 2020) *appeal withdrawn sub nom. Bangladesh Bank v. Santos Deguito*, 2020 WL 6145040 (2d Cir. 2020) (same); *CWCapital Cobalt VR Ltd. v. CWCapital Investments LLC*, 2018 WL 2731270, at *7 (S.D.N.Y. 2018) ("[w]here 'a district court…lack[s]…subject matter jurisdiction pursuant to Rule 12(b)(1), the district court is…precluded from exercising supplemental jurisdiction over related state law-claims") (*citing Cohen*, 873 F.3d at 399); *Premier Health Ctr., P.C. v. CureMD.com, Inc.*, 2018 WL 1578384, at *3 (S.D.N.Y. 2018) (same proposition) (*citing Cohen*, 873 F.3d at 399).

Consequently, because the Court must dismiss Plaintiff's **sole** federal claim under the ADA[1] [*see* §§ 3(A)(i), *supra*], this Court lacks a proper foundation for supplemental jurisdiction over the state law claims asserted in Plaintiff's remaining causes of action.

Defendant 380 Second LLC:

As set forth above, Plaintiff lacks standing to maintain her ADA claim because Plaintiff did not suffer an injury in fact for standing purposes.  Also, once Defendants complete the remediations to the property, Defendants will be able to establish that Plaintiff's ADA claims are moot.  If Plaintiff's ADA claim is dismissed, her state and city law claims must also be dismissed due to a lack of supplemental jurisdiction.

**(5)   A statement of all existing deadlines, due dates, and/or cut-off dates;**

Fact discovery has closed in this matter.  On May 30, 2023, the Court granted Defendants' third request to extend expert discovery through June 30, 2023.  On June 29th, Defendants filed a letter motion seeking an unlimited stay to allow Defendants time to perform unspecified remedial work in the interior

---

[1] Absent Article III standing, a federal court "lacks subject matter jurisdiction to hear the case and it must be dismissed." *Ross v. AXA Equitable Life Ins. Co*., 115 F. Supp. 3d 424, 432 (S.D.N.Y. 2015).

of the premises at issue and possibly install a permanent exterior ramp. Plaintiff opposed this motion. The Court is scheduled to hear this motion on September 6, 2023.

**(6) A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;**

On September 6, 2023, the Court is scheduled to hear argument on the defendants' request for an unlimited stay and defendants' application to file motions for summary judgment based on claims of mootness, both of which plaintiff opposes. (ECF No. 70 (Order setting the date for a conference and stating the conference will serve as a hearing the request to say and a pre-motion conference on anticipated dispositive motions); ECF No. 79 (adjourning the conference to September 6, 2023 at 12:45 p.m.)).

**(7) A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;**

In addition to the motion to stay discussed above in (5) and (6), defendants filed pre-motion letters to request permission to file motions for summary judgment based on claims of mootness, (ECF Nos. 71 and 72). Plaintiff opposed this application (ECF No. 75).

**(8) A statement and description of any pending appeals;**

None at this time.

**(9) A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;**

Plaintiff:

The deadlines for fact and expert discovery have closed. Three depositions have been taken: plaintiff took depositions from representatives of both defendants and the plaintiff's deposition was taken.

<u>Defendant Small Door Gramercy LLC</u>:

As set forth more fully in Defendants' motion to stay [Dckt. No. 64], Defendants are in the process of completing remediations. The completion of these remediations should be permitted, so as to avoid unnecessary expenditure of resources through continued litigation.

<u>380 Second LLC</u>:

The parties exchanged written and document discovery, and depositions were taken of Plaintiff and representatives of each of the Defendants. The parties have also exchanged expert reports. As set forth more fully in Defendants' motion to stay (Dkt. No. 64), Defendants are in the process of completing remediations. The completion of these remediations should be permitted, so as to avoid unnecessary expenditure of resources through continued litigation.

**(10) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;**

The parties have not engaged in settlement discussions.

**(11)** **A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;**

Plaintiff:

The parties have not discussed the use of alternate dispute resolutions mechanisms. As plaintiff would like to avoid further delay, Plaintiff prefers private mediation and respectfully requests that the Court order the parties to schedule such mediation by September 5 and complete it by October 5, 2023. Plaintiff is also amenable to a referral to a Magistrate Judge for the purpose of a settlement conference.

<u>Defendant Small Door Gramercy LLC</u>:

Small Door Gramercy LLC respectfully requests a referral to a Magistrate Judge, for purposes of a settlement conference.

<u>Defendant 380 Second LLC</u>:

Defendant 380 Second LLC respectfully requests a referral to a Magistrate Judge, for purposes of a settlement conference.

**(12)** **An estimate of the length of trial; and**

3 to 5 days.

**(13)** **Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.**

None at this time.

Thank you for your Honor's time and attention to this matter. With kindest regards, I am

very truly yours,

/s/
Robert G. Hanski, Esq.