```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK
------------------------------ :
MILAGROS FRANCO,               : Case No.: 22-cv-4011
                               :
               Plaintiff,      :
                               :
     v.                        :
                               :
380 SECOND LLC, et al.,        : New York, New York
                               :
               Defendant.      : September 6, 2023
------------------------------ :
```

TRANSCRIPT OF STATUS CONFERENCE HEARING

BEFORE THE HONORABLE JENNIFER E. WILLIS

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

| | |
|---|---|
| For Plaintiff: | PARKER HANSKI LLC<br>BY:  Adam S. Hanski, Esq.<br>40 Worth Street - Suite 602<br>New York, New York 10013 |
| For Defendant:<br>380 Second LLD | SHEPPARD, MULLIN, RICHTER &<br>HAMPTON<br>BY:  Sean J. Kirby, Esq.<br>30 Rockefeller Plaza<br>New York, New York 10012 |
| For Defendant:<br>Small Door | LEVIN-EPSTEIN & ASSOCIATES, PC<br>60 East 42nd Street<br>Suite 4700<br>New York, New York 10165 |

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.

AMM TRANSCRIPTION SERVICE - 631.334.1445

1          THE DEPUTY CLERK: All rise. Judge
2    Jennifer Willis is now presiding. Court is now in
3    session.
4          THE COURT: You may be seated.
5          THE DEPUTY CLERK: Good afternoon, Your
6    Honor. We are here for Franco v. 380 Second LLC,
7    et al.; Docket Number: 22-cv-4011.
8          We ask that counsel for plaintiffs as
9    well as counsel for defense, please stand and state
10   their name for the record.
11         MR. HANSKI: Good afternoon, Your Honor.
12   Adam Hanski, Parker Hanski, for plaintiff, Milagros
13   Franco.
14         THE COURT: Good afternoon.
15         MR. KIRBY: Good afternoon, Your Honor.
16   Sean Kirby of Sheppard, Mullin, Richter & Hampton,
17   for the defendant, 380 Second LLC.
18         THE COURT: Good afternoon.
19         MR. MIZRAHI: This is Jason Mizrahi from
20   Levin-Epstein & Associates, PC, counsel for
21   defendant, Small Door Gramercy, LLC.
22         THE COURT: And good afternoon to you as
23   well.
24         All right. So we are here for
25   defendants' request to stay the proceedings while

1   they make a remediation to the property.  There had
2   also been a request for a pre-motion conference with
3   respect to an anticipated motion for summary
4   judgment.  That is not something I have a referral
5   on, but the district court designation in this case
6   has now changed from Judge Engelmayer to Judge
7   Subramanian.  And I did speak to Judge Subramanian's
8   chambers, and to the extent that is necessary, after
9   we discuss the request for stay, he is amenable to
10  having us set a briefing schedule on an anticipated
11  motion for summary judgment.  So we can do that
12  today as well.
13              I see also in the papers that there's
14  been some discussion and, perhaps, some willingness
15  amongst the parties to engage in either mediation or
16  settlement as well.  I recall that these initial
17  letters were filed, I think, perhaps a month or two
18  ago now, and there had been some delays in our
19  ability to come together.
20              So before we get to, sort of, the more
21  substantive question about the stay, are there any
22  updates or things that I need to be aware of?  Any
23  changes that have happened in the landscape of the
24  case since the letters were filed?
25              I'll turn to you first, plaintiff.

1          MR. KIRBY:  All right.  Yes, Your Honor.
2          So our updates are really about the
3  status of the remediations, particularly the
4  exterior ramp.  So we've been informed that the
5  permits from the City have been approved.  A
6  contractor has been selected.  And the landlord and
7  tenant are just finalizing some insurance issues,
8  and they expect to commence work on the exterior
9  ramp within the next week or so, if I'm correct.
10         So one of the things I was going to
11 mention when we got to the more substantive issues
12 is we're not looking for an unlimited stay, like
13 plaintiff suggests in their papers.  You know, we
14 were thinking -- we've been advised that probably 60
15 days would be enough time to get the work completed.
16         THE COURT:  All right.  So I appreciate
17 that update.  And I guess that does just bring us
18 right to the heart of the request.  So I'll turn
19 back to you, defense, since, obviously, it is your
20 request for the stay.
21         Certainly I can let you know, just as a
22 matter of first impression, I also share the
23 concerns that plaintiff had raised about, you know,
24 staying the proceedings in order to allow this
25 remediation to happen.  Certainly, it is one of the

1    end goals of this type of a suit that places be made
2    accessible.  And it's often the case that it is part
3    of a settlement, or it is part of what happens after
4    a trial.
5              So certainly I -- you know, I don't think
6    anyone has an objection in that sense.  But I think
7    the concern that I have -- and it's echoed by the
8    plaintiffs in their letter -- is staying without --
9    you know, you say that they have permits now, that
10   they've selected a contractor, you know, work is to
11   begin, you know, perhaps soon, but there's some
12   insurance issues.  Work hasn't necessarily begun.
13   We don't have, you know, before us some concrete
14   thing that says, here's when it's going to start,
15   here's when it's anticipated to end.
16             And, obviously, if this work is being
17   done not in the context of an agreement and a
18   settlement for the case or not in the context of
19   litigation, there's nothing to stop defendants from,
20   sort of, changing your mind.  And so I do have some
21   concerns, which I think are similar to what
22   plaintiff raised, but I'll hear from, obviously,
23   both sets of defendants about this request and why
24   you think that it is appropriate.
25             MR. KIRBY:  Yes, Your Honor.

1              So I'm not going to reiterate all the
2     arguments in the letter.  I mean, as you mentioned,
3     I think it does make sense.  All parties should
4     likely agree that remediating the property is the
5     end goal, right, and then defendants are taking
6     steps to do that.
7              Our concern, really, is expending the
8     time and cost, attorney fees costs and Court's time
9     in continuing to litigate this matter while we are
10    actively in the process of remediating.  I know we
11    haven't broke ground yet, but that is imminent.  You
12    know, we have taken all the steps to break ground.
13    We have filed with the City.  We've got approval
14    now.  We have a contractor that's ready to go.
15    We're just finalizing a few outstanding insurance
16    issues, which we're being told by our clients that
17    will be wrapped up within the next week or so, and
18    they expect to break ground imminently.
19             You know, I know plaintiff is concerned
20    about an open-ended stay.  We're not asking for
21    that.  We're asking for -- I think we're pretty
22    comfortable saying 60 days to complete the
23    remediation based on what we've been informed of by
24    our clients.  And we think that 60 days will allow
25    us to complete the remediation work and allow the

1  parties to avoid the cost of briefing summary
2  judgment in the same time period.
3           THE COURT:  All right.  And Small Door?
4           MR. MIZRAHI:  Judge, I echo my
5  colleague's remarks.  The landlord and the tenant
6  here filed two separate applications.  One for the
7  construction of a permanent ramp.  The second,
8  application for removal of a Siamese pipe that would
9  have impeded installation of the ramp.
10          The applications have been approved.  The
11 applications were submitted by a licensed
12 professional architect, decades of experience.
13 There are professionals that have followed through
14 the application process from start to finish, and
15 they've selected a contractor that is ready to begin
16 working in the space.
17          My understanding is the same as my
18 colleague's.  As soon as these insurance
19 requirements have been satisfied, which there are no
20 issues anticipated -- and we are ready to start
21 working within the month.  It's not a scope of work
22 that would exceed 45 or 60 days.
23          THE COURT:  All right.  Thank you.
24          Plaintiff, obviously, as I say, I
25 certainly, you know, shared your concern about what

1  sounded -- certainly, in the papers -- like a
2  request for, sort of, an unlimited stay with no end.
3  It does sound -- again, the work hasn't started, and
4  I certainly don't have anything before me that says,
5  here's the proposal, here's the thing, here's the
6  estimates.  But the fact that now some permits -- I
7  believe they were being sought last time we all came
8  together, as my recollection, but now that they have
9  been received -- and, certainly, representation has
10 been made that, you know, there are contractors,
11 that they've been selected, that they are at the
12 ready, and that now the request has morphed from
13 what initially, to me, looked like, sort of, an
14 open-ended, let's just stay this while we maybe get
15 this done to something that does sound more
16 concrete.  But, obviously, I'll hear from you as to
17 why you think that still would not be the
18 appropriate course.
19             MR. HANSKI:  Yes, Your Honor.
20             So it's good to hear that the request is
21 no longer open ended.  And while it's only 60 days,
22 the issue still remains that installing the ramp is
23 not going to moot out plaintiff's case because
24 defendants don't commit to remediate other items
25 that are alleged by plaintiff, so all this would do

1   is delay the ending of the case.  So that's the main
2   concern.
3               We also note that the applications -- one
4   was approved on 6-12.  The other was approved on
5   July 22nd.  But there are no permits that were
6   pulled by contractors, so you'll already have two
7   months on the main permit to construct a ramp and a
8   little bit over a month on the sprinkler, the
9   Siamese pipe.  So, you know, it seems that these are
10  steps that should have been taken before today.
11              You know, at the same time as well,
12  defendants have a motion to stay, they're seeking
13  summary judgment briefing schedule.  So it's a
14  little bit odd that they're saying that it's moot,
15  but it's not moot.  So, if anything --
16              THE COURT:  Well, it sounds like -- and,
17  obviously, they'll correct me if I'm wrong.  It
18  sounds like what they are asking for is to stay all
19  of those -- we don't even have deadlines on the
20  motion for summary judgment yet.  But that what I'm
21  hearing them say is that they don't want to do the
22  motion for summary judgment.  I certainly heard
23  counsel for 380 say that -- perhaps it was --
24  perhaps it was Small Door -- the idea that if
25  there's going to be this remediation -- and I take

1    your point, that that may not resolve all of the
2    issues in this particular case, but that they did
3    not want to be in the posture of doing this
4    remediation while simultaneously having their
5    clients expend the money and the resources to pay
6    counsel to prepare and defend against summary
7    judgment.
8              So what I was hearing and how I'm
9    interpreting the request for a stay is that we would
10   not move on to summary judgment, that we -- if a
11   stay were granted, there would be a stay.  We -- you
12   know, 60 days.  Then we would, sort of, you know,
13   check back.  And if necessary at that point, then
14   set the briefing schedule at that point so that
15   those resources aren't being expended
16   simultaneously.  That's what I interpreted.
17             And I -- I'll note that I see counsel for
18   380 nodding his head, so I don't see this as a "we
19   want to do the remediation, and this maybe is moot,
20   but we're also simultaneously moving forward with
21   summary judgment."
22             I hear them asking to not have to move
23   forward with summary judgment yet, do the
24   remediation, and then we would resume from there,
25   but continue on, Counsel.

1                  MR. HANSKI:  Understood.
2                  I mean, in a sense, 60-days stay is
3       acceptable, provided that there are some reporting
4       requirements to the Court as to what has been
5       remediated, what has been performed at least 30 days
6       in, and then at the end of the 60 days.
7                  THE COURT:  All right.  Thank you.
8                  Was there more that you wanted to say,
9       Counsel?
10                 MR. HANSKI:  I have nothing else,
11      Your Honor.
12                 THE COURT:  Okay.  All right.  So I am
13      hearing, it sounds like, the fact that this is no
14      longer what sounds like a request for stay without
15      end makes this more palatable to plaintiffs.  I
16      certainly do take plaintiffs' point that this may
17      not resolve all of the issues.  And I guess my
18      question -- and my decision about the stay isn't
19      determined based on this, but I'm just trying to get
20      a handle on where we may go in -- where we may be
21      going next.
22                 Whether there is a stay in place or not,
23      as I indicated, the letters do speak to the idea
24      that the parties may be ready and willing to talk
25      about potential settlement or mediation.

1                    From the defense's perspective, is it
2      your viewpoint that the remediation efforts would
3      need to complete before you could engage in either
4      settlement or mediation?  Or is that something that
5      you feel you would be able to do while that process
6      was unfurled?
7                    And I'll turn to you first, 380.
8                    MR. KIRBY:  I'd have to speak with my
9      client, but I would be amenable to doing it while
10     the stay is in process because I don't think it's a
11     huge expense from our end, and it makes sense to
12     discuss it sooner rather than later, but I'll speak
13     to my client about that.
14                   THE COURT:  And Small Door?
15                   MR. MIZRAHI:  Jason Mizrahi, for the
16     record.
17                   We take the same position, Judge.  We'd
18     be amenable to engaging in substantive settlement
19     discussions during the 60-day interim period.
20                   THE COURT: All right.  So thank you.  I
21     appreciate that.
22                   You know, candidly -- excuse me.
23     Candidly, my viewpoint based on the papers was that
24     I was not going to grant the stay because my
25     concern, as I've already revealed, about the, sort

1   of, unlimited -- you know, we grant a stay, and who
2   knows what happens or if anything happens, and this
3   just -- not that it would be a deliberate attempt to
4   delay, but if we don't, sort of, have some
5   guardrails in place -- and I think we all -- you
6   know, anyone who's dealt with any kind of
7   construction, be it, you know, a small house project
8   or major construction, delays can happen.  And I
9   didn't want this to, sort of, just extend ad
10  infinitum, that the fact that it does seem like this
11  construction is imminent and that the request now is
12  more cabined aways those concerns.
13              I also want to take up the suggestion
14  that plaintiff has made, which is that I would like
15  some updates to make sure -- again, perhaps through
16  no fault of anyone's own, there may still be delays
17  that happen.  That happens with construction.  And
18  if that's the case, I want to know that.  I don't
19  want to wait.  You know, I'll grant you the 60-day
20  stay, but I don't want to have, you know, two months
21  from now, oh, no, something happened with some
22  special metal we had to get from wherever and
23  nothing has been built yet.  If that is what's going
24  on, I want us to be able to collectively reckon with
25  that and decide if it still remains appropriate for

1  there to be a stay.
2          What I will do -- so I will grant the
3  60-day stay, and I will -- I think it is
4  reasonable -- we'll say 30 days.  I want an update
5  at that point.  Depending on what that update is,
6  I'll tell you how long from then I want the next
7  update.  It may be that then we go to the full 60,
8  but depending on what information you're revealing,
9  perhaps we need interim or something else.  But I'll
10 issue an order reflecting this after court today.
11 It will contain that date.
12          The other issue is settlement.
13 Certainly, Court is always willing to engage in
14 settlement discussions.  I appreciate that the
15 defendants would need to consult with their
16 individual clients and make sure that they also are
17 amenable to settlement.  So what I will do in the
18 order that I issue after we adjourn today is I will
19 include my, sort of, standard order when there's a
20 request for settlement, basically, asking the
21 parties -- certainly, once you've already spoken to
22 your clients -- to meet and confer about three
23 mutually agreeable dates, you know, over the next,
24 you know, one, two, three months -- whatever it is,
25 depending on your schedule -- and then e-mail my

1   deputy at my chamber's address with whatever those
2   dates are.  If one of them works, great; if not,
3   he'll, sort of, go back and forth with you to find a
4   date that works.
5           But I will do it that way instead of us
6   trying to schedule it here today, when, one,
7   defendants obviously need to speak to their clients,
8   and two, I find it more useful for you to separately
9   and then collectively consult your schedules instead
10  of us all sitting here, you know, sort of, running
11  down the schedule together.
12          So I think in terms of the things that I
13  had on the agenda for today, that that's everything,
14  but let me turn back to the parties.
15          Plaintiff, was there anything else we
16  needed to discuss from your perspective?
17          MR. HANSKI:  Nothing else from plaintiff,
18  Your Honor.  Thank you.
19          THE COURT:  You're welcome, sir.
20          Anything else from 380?
21          MR. KIRBY:  Nothing, Your Honor.  Thank
22  you.
23          THE COURT:  You're welcome.
24          And anything else from Small Door?
25          MR. MIZRAHI:  No, Judge.  Nothing else.

1              THE COURT:  All right.  In that case,
2    we'll be adjourned; and, everyone, have a good rest
3    of your day.
4
5                          0o0
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

```
 1
 2              C E R T I F I C A T E
 3
 4       I, Adrienne M. Mignano, certify that the
 5   foregoing transcript of proceedings in the case of
 6   Franco v. 380 Second LLC, et al.; Docket #22CV4011
 7   was prepared using digital transcription software and
 8   is a true and accurate record of the proceedings.
 9
10
11   Signature   __Adrienne M. Mignano__
12              ADRIENNE M. MIGNANO, RPR
13
14   Date:      September 20, 2023
15
16
17
18
19
20
21
22
23
24
25
```