UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAGROS FRANCO,<br><br>                                    Plaintiff,<br><br>-against-<br><br>380 SECOND LLC, and SMALL DOOR GRAMERCY LLC,<br><br>                                    Defendants. | 22-CV-4011 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Milagros Franco sued Small Door Gramercy LLC and 380 Second LLC. She claims that Small Door—a veterinary clinic operated in a building owned by 380 Second—is not wheelchair accessible in violation of federal, state, and city law. Small Door and 380 Second brought crossclaims for indemnification. Both defendants move for summary judgment on Franco's claims and cross-move for summary judgment on their indemnification claims.

## I.    **Franco's claims**

First, defendants say that Franco has no standing. But defendants' arguments largely go to the credibility of Franco's testimony about her hurdles in accessing the facility and her desire to return. It is not the Court's role to evaluate the credibility of Franco's testimony at this stage. Plus, if Franco has standing to seek injunctive relief as to one accessibility barrier, she has standing to seek removal of all barriers that she will likely encounter when she is inside. *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013).

As to Franco's ADA claims, defendants say that any barriers have been remediated or are not ADA violations. Franco disagrees. First, defendants say that, since this litigation commenced, they made the entrance accessible by replacing the portable ramp with a permanent ramp. They also say the slope on the push side of the entrance door is between 3.19% and 6.10%. Franco says the maximum allowable slope is 2.08% under 2010 ADAAG § 404.2.4.4. At the hearing held on May 31, 2024, defendants appeared to concede that at least some portions of the ramp may not be ADA compliant. Given that the record is unclear here as to both the ADA's requirements and as to the facts, summary judgment is not appropriate.

Second, Franco says that the interior path of the vet clinic is not accessible. Defendants say that this does not amount to an ADA violation because there is an exam room that is adjacent to the reception that is wheelchair accessible. Defendants point to language on the ADA website, which states: "The number of examination rooms with accessible equipment needed by the medical care provider depends on the size of the practice, the patient population, and other factors. One such exam room may be sufficient in a small doctor's practice, while more will likely be necessary

in a large clinic." To be sure, the "law does not require that every portion of the facility be readily accessible in order to comply with the ADA, but rather the question is overall accessibility. However, it is equally clear that individual barriers to access, while not themselves violations under this standard, can cumulatively result in a facility being not readily accessible." *Brown v. Cnty. of Nassau*, 736 F. Supp. 2d 602, 616 (E.D.N.Y. 2010). The Court does not find sufficient, undisputed evidence demonstrating that the facility was accessible as a matter of law, when only one exam room was wheelchair accessible and other parts of the clinic cannot be accessed at all.

Third, Franco says the bathroom is not ADA complaint. Defendants say that they have now designated the bathroom as "employees only" so Franco's claim here is moot. "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000). The Court is not persuaded that defendants have met this burden here, since no permanent change has been made to the bathroom. *Compare Ramirez v. Golden Creme Donuts*, 670 F. App'x 620, 621 (9th Cir. 2016) (holding ADA claim was moot when bathroom was limited to employees and "there is a permanent wall blocking public access to the restroom corridor" so it is clear that the wrongful behavior cannot recur) *with Longhini v. W. 97 Corp.*, 2016 WL 3751640, at *4 (S.D. Fla. July 13, 2016) (putting employees only sign on the bathroom did not moot case because it was not clear that wrongful behavior could not recur).

Finally, Franco's expert says that the reception area is not accessible because there is no accessible seating, the ground space was not compliant, and the coffee machine was out of reach. Franco's expert also claims that there are various issues with Small Door's exam rooms, including that the signs are not in braille, the door requires more than 10 pounds of force for opening, and the sink and exam tables are higher than 34 inches. Defendants say that, since this litigation began, braille signs were added, and the door hardware was adjusted so it requires less force for opening. They also say that the remaining conduct is not an ADA violation—for example, the sinks are for employees use only and the exam tables are for pets, not people. Franco doesn't offer any arguments in opposition here, so summary judgment is granted on these alleged violations. *In re UBS AG Secs. Litig.*, 2012 WL 4471265, at *11 (S.D.N.Y. Sept. 28, 2012) (finding that party "concedes through silence" arguments by its opponent that it fails to address).

Defendant's motion for summary judgment as to Franco's state and city law claims are denied for the same reasons as her ADA claim. *See Jones v. New York City Transit Auth.*, 838 F. App'x 642, 644 (2d Cir. 2021).

II. **Defendants' crossclaims**

Small Door's argument (raised in only three sentences of its motion) is that its lease agreement with 380 Second prohibited Small Door from "install[ing], plac[ing] or permit[ing] any exterior…structure on the exterior of the Building, including for closure of storefront entrances." Dkt. 90 at 24 (quoting 91-3 § 93(b)(v)). So Small Door says it's not liable to Franco "[t]o the extent

that the 'barriers to access' to the exterior of the Subject Premises were created or permitted to exist by 380 Second." *Id.* (internal quotations omitted).

But this argument ignores other relevant sections of the lease. First, § 45(c)(i) states that "[n]otwithstanding … any other provision herein to the contrary, Tenant shall, at Tenant's expense, comply with all laws now or hereafter existing, whether or not such compliance requires work which is structural … or non-structural." Similarly, § 45(c)(ii) requires Small Door to "promptly comply with all requirements relating to the Americans with Disability Act" and designates "compliance with ADA Requirements pertaining to the interior of the demised premises, including for the design and construction of the access thereto and egress therefrom" as the "exclusive responsibility" of Small Door. These contractual provisions leave no room for doubt that Small Door was required to comply with federal, state, and city law, even if that meant making structural changes otherwise prohibited by § 93.

The lease also states that Small Door must "defend, indemnify and hold harmless" 380 Second "from and against any and all claims, demands, liability, loss, damage, costs and expenses (including reasonable attorneys' fees and disbursements) arising from or in connection to … any breach or default by Tenant in the full and prompt … performance of Tenant's obligations hereunder." § 82. If (as alleged in this lawsuit) Small Door failed to make the premises compliant with the law as required under § 45 of its lease agreement, it must indemnify 380 Second for any liability resulting from that failure.

Small Door offers no argument addressing these provisions of its lease, either in its summary judgment brief or its opposition to 380 Second's summary judgment brief. *See* Dkts. 90, 108, 122. Instead, Small Door points to a New York law that prohibits landlords from contracting away their liability for injuries that are the result of their negligent operation or maintenance of their property. *See* N.Y. Gen. Oblig. Law § 5-321. Small Door provides no explanation for why § 5-321 is relevant to this case, which asserts no claim of negligence and no injury "to person and property" in the way in which § 5-321 would be conventionally understood to mean—physical injury to a person or physical injury to property. While a failure to comply with the ADA may involve underlying negligence in some sense, and while it may cause "injuries to person" expansively understood, Small Door doesn't try to make these arguments, raise any facts concerning negligence, or cite to any cases in support of its interpretation of § 5-321 (it really doesn't even offer an interpretation of the law at all, it just cites the statute). The Court also asked Small Door about the applicability of this statute at the May 31, 2024 hearing, and Small Door did not provide an argument for why the state law applies.

Moreover, the ADA expressly permits "the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation" to "allocate[e] … responsibility for complying with the obligations" of the ADA under their "lease or other contract." 28 C.F.R. § 36.201.

Finally, Small Door says that this Court should decline to exercise supplemental jurisdiction over 380 Second's crossclaim for indemnification if it dismisses Franco's sole federal

claim under the ADA. This argument is odd, since Small Door asks the Court to exercise jurisdiction over *Small Door*'s identical claim against 380 Second. But, in any event, the Court has not dismissed Franco's federal claim.

## CONCLUSION

For these reasons, defendants' motions for summary judgment on Franco's claims are GRANTED in part and DENIED in part. Small Door's motion for summary judgment on its crossclaim is DENIED. 380 Second's motion for summary judgment on its crossclaim is GRANTED.

The Clerk of Court is directed to terminate the motions at Dkts. 89 and 95.

SO ORDERED.

Dated: June 3, 2024
New York, New York

ARUN SUBRAMANIAN
United States District Judge