Sean J. Kirby
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 653-8700
Facsimile:  (212) 653-8701
skirby@sheppardmullin.com
*Attorneys for Defendant 380 Second LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- x
: Civil Action No. 1:22-cv-04011-AS-JW
MILAGROS FRANCO, :
:
Plaintiff, : **ORAL ARGUMENT REQUESTED**
:
v. :
:
380 SECOND LLC AND SMALL DOOR :
GRAMERCY LLC, :
:
Defendants. :
:
:
--------------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
380 SECOND LLC'S MOTIONS IN LIMINE**

## MOTION IN LIMINE No. 1 of 4

Defendant 380 Second LLC ("380 Second"), submits this memorandum of law in support of its Motion in Limine #1 to preclude the introduction of any and all evidence of alleged architectural barriers not identified in Plaintiff's Milagros Franco's ("Plaintiff") operative complaint (Dkt. No. 1) (the "Complaint") or in the expert report of Jonathan White, dated May 8, 2023 (the "White Report").[1]

## RELEVANT FACTS

In her Complaint, Plaintiff alleged the existence of ten (10) discrete architectural barriers to access. (Compl. ¶ 20). On or about April 19, 2023, Plaintiff's expert, Jonathan White conducted a full inspection of the Small Door Veterinary premises at 380 Second Avenue, New York, New York (the "Premises") and, based upon that inspection, Mr. White produced the White Report. Collectively, in the Complaint and the White Report, the following features at Premises were alleged to be inaccessible:

    (i) the entrance and exit of the Facility due to the presence of one step at the entrance (Compl. ¶¶ 20(I) – 20(V), 20(X); White Report §§ 1.1-1.6);

    (ii) an interior ramp inside the Facility leading to certain exam rooms has too steep of a slope and the handrails on such interior ramp are not compliant with ADA standards (Compl. ¶¶ 20(VIII)-20(IX); White Report §§ 2.1-2.3);

    (iii) the reception area lacks accessible seating and the coffee machine has operable parts reaching higher than 48 inches above finished floor ("a.f.f.") (Compl. ¶ 20(VI)-20(VII); White Report §§ 3.1-3.2);

---

[1] True and correct copies of the Complaint and the White Report are attached to the accompanying Declaration of Sean J. Kirby ("Kirby Decl."), as Exhibits 1 and 2, respectively.

-1-

    (iv) the toilet room has a number of inaccessible features, such as a lack of braille signage, the door lock is not compliant with ADA standards and the force to open/close the door is 9 pounds, the mirror is too high, the sink lacks knee or toe clearance, the floor space is obstructed by a trash bin and the trash bin requires a foot pedal to open, the side wall grab bars are not in compliance with ADA standards, and the mounting of the paper towel dispenser is not compliant with ADA standards (White Report §§ 4.1-4.11); and

    (v) the exam room "Irving" has a number of inaccessible features, such as a lack of braille signage, the force to open the door is 10 pounds, the sink is too high and lacks knee or toe clearance, and the exam table is not compliant with ADA standards. (White Report §§ 5.1-5.4).

At no time has Plaintiff amended her Complaint to allege additional access barriers. Likewise, Mr. White has not produced a supplemental report identifying any additional alleged barriers to access.

## ARGUMENT

Federal courts may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403; *United States v. Delgado*, 971 F.3d 144, 153 (2d Cir. 2020). Also, Fed. R. Civ. Pro. 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief. While this is a simplified standard of pleading, "the statement of the claim must contain enough specificity to provide defendants with fair notice of the claims alleged." *Baker v. Latham Sparrowbush Associates*, 808 F. Supp. 981, 989 (S.D.N.Y. 1992). Evidence of claims not raised in the complaint are not relevant to existing claims. *See e.g. Williams v. N.Y.C. Hous. Auth.*, 18-cv-5912 (JGK)(RWL), 2021 WL 1109842, at *9 n.6 (S.D.N.Y. Mar. 23, 2021) (noting that allegations not raised in the complaint

are not relevant to plaintiff's existing claims). Indeed, evidence of allegations not part of the litigation is generally irrelevant. *See e.g.*, *Perez v. Consolidated Edison Corporation of New York*, 02 Civ. 2832 (PKC) (FM), 2008 WL 194615 (S.D.N.Y. Jan. 23, 2008) (stating that "[e]vidence which solely proves one of the dismissed claims is generally inadmissible").

Here, since Plaintiff has neither amended her Complaint nor provided a supplement to the White Report, any evidence of claims not raised in the Complaint or White Report are not relevant to her claims in this litigation. Moreover, such evidence is likely to confuse the jury and the probative value of such evidence is outweighed by the prejudicial effect of this evidence. Therefore, Plaintiff should be precluded from introducing any evidence of alleged architectural barriers not otherwise identified in the Complaint or the White Report. *See e.g. FUJIFILM N. Am. Corp. v. Big Value Inc.*, No. 16-CV-5677 (BMC), 2018 WL 4210132, at *5 (E.D.N.Y. Sept. 4, 2018) (granting motion *in limine* to preclude evidence that was not produced in discovery); *Dover Ltd. v. Morrow*, No. 08 CIV. 1337 LTS JCF, 2012 WL 1339515, at *1 (S.D.N.Y. Apr. 17, 2012) (same).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion in Limine No. 1 and preclude Plaintiff from introducing any evidence of alleged architectural barriers at the Premises not identified in Plaintiff's Complaint or the White Report.

## MOTION IN LIMINE No. 2 of 4

380 Second submits this memorandum of law in support of its Motion in Limine #2 to preclude the introduction of any and all evidence of alleged architectural barriers unrelated to Plaintiff's disability.

## RELEVANT FACTS

Plaintiff alleges in her Complaint that she is a wheelchair user and "suffers from medical conditions that inhibit walking and restrict body motion range and movement." (Compl. ¶ 6). Plaintiff has not alleged any other form of disability. Consistent with such allegations, Plaintiff testified in her deposition that she is a wheelchair user and that here main mode of transportation is her wheelchair. (Pl. Dep. at pp. 16-17).[2] Plaintiff also testified in her deposition that she does not have any other disabilities such as hearing or visual impairment. (Pl. Dep. at pp. 22-23).

Despite admittedly not having a visual impairment, the White Report includes barriers that are unrelated to Plaintiff's particular disability. These barriers include (i) the lack of Braille signage in exam rooms, and (ii) the lack of Braille signage on the toilet room sign. (White Report §§ 4.1, 5.1). Because braille signage is unrelated to accommodating Plaintiff's particular disability, evidence and testimony as to braille signage, or any other barrier unrelated to Plaintiff's disability should be excluded.

## ARGUMENT

Under Fed. R. Evid. 403, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

This Circuit has held that a plaintiff with standing "may bring ADA challenges with respect to all other barriers on the premises *that affect the plaintiff's particular disability*." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 188 (2d Cir. 2013) (emphasis added). Moreover, this Court has held that "plaintiffs bringing ADA claims to remove barriers to access have standing to

---

[2] A true and correct copy of relevant portions of Plaintiff's deposition transcript is attached to the Kirby Decl. as Exhibit 3.

challenge only those violations affecting their particular disabilities." *Disabled in Action of Metro. New York v. Trump Int'l Hotel & Tower*, No. 01 CIV. 5518 (MBM), 2003 WL 1751785, at *9 (S.D.N.Y. Apr. 2, 2003). *See also Roberts v. Royal Atlantic Corp.*, 542 F.3d 363, 368 n.4 (2d Cir. 2008) (noting that a wheelchair bound plaintiff lacks standing to seek relief in the form of signs with braille or enlarged fonts because there was no allegation plaintiff was visually impaired).

Here, Plaintiff has alleged in her Complaint and testified in her deposition that she is a wheelchair user and "suffers from medical conditions that inhibit walking and restrict body motion range and movement." (Compl. ¶ 6; Pl. Dep. at pp. 16-17). The Plaintiff has not alleged any other disabilities, and confirmed in her deposition that she does not suffer from any other disabilities. (Pl. Dep. at pp. 22-23). Despite this, the White Report includes reference to alleged barriers unrelated to Plaintiff's disabilities, such as missing Braille signage. (White Report §§ 4.1, 5.1).

Here, if Plaintiff is permitted to present evidence at trial as to barriers unrelated to Plaintiff's disability, the presentation of such evidence will inevitably result in undue delay or wasting of time because Plaintiff may not recover on alleged barrier unrelated to her disability. *See Roberts*, 542 F.3d at 368 n.4 (noting that a wheelchair bound plaintiff's lacks standing to seek relief in the form of signs with braille or enlarged fonts because there was no allegation plaintiff was visually impaired). In addition, 380 Second would be unduly prejudiced with respect to the presentation of such evidence because the jury may return a verdict on damages with respect to these barriers even though they are not related to Plaintiff's particular disability. This would inevitably waste time and cause confusion to the jury, thereby warranting the exclusion of such evidence under Fed. R. Evid. 403.

## CONCLUSION

For the foregoing reasons, 380 Second respectfully requests that the Court grant this Motion in Limine No. 2 and preclude the introduction of any and all evidence of alleged barriers unrelated to Plaintiff's disability.

## MOTION IN LIMINE No. 3 of 4

380 Second submits this memorandum of law in support of its Motion in Limine #3 under Fed. R. Evid. 403 and 407 to preclude Plaintiff from utilizing evidence of subsequent remedial measures to prove that Defendants engaged in culpable conduct or negligence.

## RELEVANT FACTS

In the Complaint and the White Report, Plaintiff claims that a number of architectural barriers exist at the Premises, including at the entrance to the Premises, in the reception area and internal paths of travel at the Premises, in the toilet room at the Premises, and the exam rooms at the Premises. (Compl. ¶ 20; White Report §§ 1.1-5.4). As detailed fully in the Defendants' motions for summary judgment and accompanying declarations, Defendants have already remediated many of the accessibility barriers identified by Plaintiff, including installing a permanent ramp at the Premises. (*See* Declaration of Atilio Leveratto, Defendants' Expert, filed December 29, 2023, with exhibits (Dkt. No. 99)).

## ARGUMENT

Under Fed. R. Evid. 407, subsequent remedial measures may not be used to prove negligence, culpable conduct, a defect in a product or its design, or a need for a warning or instruction. Additionally, under Fed. R. Evid. 403, the court may exclude relevant evidence if its

-6-

probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Here, to the extent Plaintiff intends to present evidence of Defendants' remedial efforts to attempt to establish that Defendants engaged in culpable conduct or negligence, such evidence should not be permitted under Fed. R. Evid. 407. *See Estate of Hamilton v. City of N.Y*, 627 F.3d 50, 53 (2d Cir. 2010) (stating that plaintiffs are generally prohibited from "introducing evidence of subsequent remedial measures taken by the defendant in order to establish the defendant's underlying liability"); *Solid 21, Inc. v. Richemont N. Am.*, 19-cv-1262 (AS) (S.D.N.Y. Aug. 31, 2023) (granting motion in limine to exclude evidence of subsequent remedial measures to prove defendant's culpability). In addition, such evidence would be unduly prejudicial under Fed. R. Evid. 403, because the jury could believe that Defendants' remedial efforts are an admission that there were violations of disability access laws at the time of Plaintiff's alleged visit. *See Fish v. Georgia-Pacific Corp.*, 779 F.2d 836, 839-840 (2d Cir. 1985) (holding that evidence of subsequent remedial measures "should have been excluded under FRE 403 as 'its probative value [was] outweighed by the danger of unfair prejudice and confusion.'"); *see also Lidle v. Cirrus Design Corp.*, 278 F.R.D. 325, 332 (S.D.N.Y 2011) (noting that even where evidence of subsequent remedial measures is admissible, "a Court must also engage in normal Rule 403 balancing"). As such, Plaintiff should be precluded from using evidence of Defendants' subsequent remedial efforts to prove negligence or culpable conduct because the exclusion of this evidence will prevent possible unfair prejudice, facilitate judicial economy, and promote the interests of justice.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion in Limine No. 3 under Fed. R. Evid. 403 and 407 and preclude Plaintiff from utilizing evidence of

subsequent remedial measures to prove that Defendants engaged in culpable conduct or negligence.

## MOTION IN LIMINE No. 4 of 4

380 Second submits this memorandum of law in support of its Motion in Limine #4 to preclude Plaintiff's expert witness, Jonathan White, from asserting legal conclusions or interpretations of statutes or regulations.

## RELEVANT FACTS

On May 8, 2023, Mr. White issued the White Report. In that report, Mr. White provides opinions regarding a number of purported barriers at the Premises. (White Report §§ 1.1-5.4). In describing these alleged barriers, Mr. White offers improper legal conclusions regarding whether certain features of the Premises are "accessible", "comply" with the ADA, or are "permitted" under the ADA. (*Id.*). As set forth in the Joint Pretrial Order, Plaintiff intends on having Mr. White testify about these improper legal conclusions. (*See* Joint Pretrial Order).

## ARGUMENT

"It is a well-established rule in this Circuit that experts are not permitted to present testimony in the form of legal conclusions." *United States v. Articles of Banned Hazardous Substances*, 34 F.3d 91, 96 (2d Cir. 1994). While an expert "may opine on an issue of fact … he may not give testimony stating ultimate legal conclusions based on those facts." *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991). Indeed, expert testimony may not "usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Id.* Likewise, "it is not the role of an expert to advise the factfinder on the law, including law embodied in government regulations." *Fed. Trade Comm'n v. Vyera*

*Pharm.*, 2021 WL 5336949, at *3 (S.D.N.Y. Nov. 16, 2021) (citing *U.S. v. Stewart*, 433 F.3d 273, 311 (2d Cir. 2006).

Here, to the extent Plaintiff intends to call Mr. White to give legal opinions regarding whether Premises are "accessible", "comply" with the ADA, or are "permitted" under the ADA (White Report §§ 1.1-5.4; Joint Pretrial Order), such testimony is improper and Mr. White should be precluded from offering such testimony. *See, e.g., Anderson v. Rochester-Genessee Regional Trasnp.*, 337 F.3d 201, 207 (2d Cir. 2003) (reviewing the District Court's interpretation of the ADA *de novo* because "the meaning of the relevant ADA provisions … [is a] question[] of law"). *See also Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) (citing the advisory committee's notes to the Federal Rules of Evidence to explain that the rules governing expert testimony are intended to provide "ample assurances against the admission of opinions which would merely tell the jury what result to reach").

## CONCLUSION

For the foregoing reasons, 380 Second respectfully request that the Court grant this Motion in Limine No. 4 and preclude Plaintiff's expert, Jonathan White, from asserting legal conclusions or legal interpretations of statutes or regulations.

Dated: New York, New York  
       July 22, 2024

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:    /s/ Sean J. Kirby  
       Sean J. Kirby

30 Rockefeller Plaza  
New York, New York 10112  
*Attorneys for Defendant 380 Second LLC*