UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------
MILAGROS FRANCO,

                Plaintiff,

    -against-

380 SECOND LLC AND SMALL DOOR
GRAMERCY LLC,

                Defendants.
---------------------------------------------------------------

**Docket No. 1:22-CV-04011 (AS)**

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION *IN LIMINE* AND REQUEST FOR JUDICIAL NOTICE**

**PRELIMINARY STATEMENT**

Plaintiff Milagros Franco ("Plaintiff") submits this Memorandum of Law in support of P her request for (1) this Court to take judicial notice of several pictures of the premises at issue in this litigation and a publicly-available New York City Department of Finance document and (2) an order prohibiting defendants, their attorneys, and any witnesses from, directly or indirectly, mentioning, referring to, interrogating, or attempting to convey to the jury in any manner any of the facts or allegations regarding Plaintiff's other lawsuits against non-parties concerning places of public accommodations not implicated in this action.

First, Plaintiff seeks to have the Court judicially notice pictures of the 380 Second Avenue building, exhibits PX-8 through PX-12 and PX-15; and, a publicly-available document issued by the New York City Department of Finance, PX-19.  Exhibits PX-8 through PX-12 are subject to judicial notice because they are photographs taken from Google Maps, the website of a mapping service that has an incentive to ensure accuracy, independent from relevant bias and recognized as  a source whose accuracy cannot reasonably be questioned. Moreover, defendants' employees testified that the photographs marked as Exhibits PX-8 through PX-12 accurately reflect/represent the façade and that Exhibit PX-15 accurately reflects the interior of the premises in question in the litigation, 380 Second Avenue, New York, New York.  Additionally, Exhibit PX-19 is an official report of the New York City Department of Finance and thus is from a source of accuracy of which cannot reasonably be questioned. Accordingly, these exhibits are appropriate subjects for judicial notice.  Fed. R. Evid. 201(b)(2).

Second, plaintiff seeks and order prohibiting testimony, questions, or any type of reference to plaintiff's other lawsuits and litigations against non-parties concerning places of public accommodation not implicated in this action because such testimony is not relevant to

the matter before this Court and the prejudicial nature of such testimony outweighs its probative value, if any.

**ARGUMENT**

I. **THIS COURT SHOULD TAKE JUDICIAL NOTICE OF PICTURES OF THE PREMISES AT ISSUE IN THIS LAWSUIT AND A PUBLIC DOCUMENT FROM A GOVERNMENT ENTITY.**

The Federal Rules of Evidence provide that judicial notice may be taken of ―a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)(2). A court may take judicial notice of information from websites when the facts in those websites are " 'commonly known,' not subject to reasonable dispute, and 'easily verify[able]'". *Chhetry v. U.S. Dept. of Justice*, 490 F.3d 196, 200 (2d Cir. 2007) (referencing news articles from websites for yahoo, BBC and CNN); *see also Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 76 n.8 (2d Cir. 2022) (citing Google Maps); *Davis v. City of Rochester*, 2022 WL 6885334, at *8 (W.D.N.Y. Oct. 12, 2022) (judicial notice of "copies of photographs from Google Maps" concerning the layout of the property at issue); *S. Nassau Bldg. Corp. v. Town Bd. of Town of Hempstead*, 624 F. Supp. 3d 261, 267–68, & n. 5 (E.D.N.Y. 2022) (judicial notice of property image from Google Map and noting that "the Ninth, Tenth, and D.C. Circuits have held, a court may "take judicial notice of a Google map and satellite image as a 'source[ ] whose accuracy cannot reasonably be questioned.' ") *Lee v. City of Troy*, 520 F. Supp. 3d 191, 203 n.7, 2021 WL 567240 (N.D.N.Y. 2021) (viewing Google Map website and taking judicial notice pursuant to Fed. R. Evid. 201(b) that the streets viewed "form a block."); *Rindfleisch v. Gentiva Health Systems, Inc.*, 752 F.Supp.2d 246, n. 13 (taking judicial notice of Google Maps for distance and geography).

2

Defendants object to plaintiff's exhibits PX 8-12, which are pictures of the façade of the building located at 380 Second Avenue, New York, New York, the property at issue in this lawsuit. The pictures are taken from June 2007 to May 2021. The exhibits depict the building's entrance over time and include a 2007 picture to show the building with only two entrances, with the later pictures showing that there are currently three entrances). Additionally, the pictures depict changes to the entrance at 380 Second Avenue through the years; specifically, the transformation from a stepped entrance, to an entrance accessible by a ramp, and with the ramp removed, its return to a stepped entrance. Additionally, an employee for 380 Second Avenue LLC, gave foundational deposition testimony that the photographs from Google maps were, in fact, of the building located at 380 Second Avenue. *See* James Caseley Dep. Tr. at 13-14, 51:16-22, 54:9-25, 56: 3-25, 57, 59:8-25, 60: 1-15 (PX-20). Similarly, plaintiff's exhibit PX-15 is a series of pictures of the interior of Small Door Veterinary from another website, Yelp, the premises at issue in this matter. Defendant Small Door Gramercy LLC's witness, Mr. Guttman, the CEO of Small Door Incorporated (a related entity to defendant Small Door Gramercy LLC) confirmed that the pictures were of the interior of the premises. (Guttman Tr. at 56: 23-25, 57:1 (PX-21)). This testimony from defendants' witnesses support that the pictures are of 380 Second Avenue. Fed. R. Evid. 901(b)(1). The foundational testimony from defendants' witnesses, combined with the commonly known and easily verifiable data of the websites, weighs in favor of judicially noticing the pictures, PX-8, PX-9, PX, 10, PX-11, PX-12 and PX-15. The Federal Rules of Evidence also provide that judicial notice may be taken of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.". Fed. R. Evid 201(b). A court may take judicial notice of information contained in official government Internet web sites under Rule 201 of the

3

Federal Rules of Evidence Fed. R. Evid. 201(b)(2).  *See e.g., Off. Sol. Grp., LLC v. Nat'l Fire Ins. Co. of Hartford*, 544 F. Supp. 3d 405, 412 (S.D.N.Y. 2021) (judicial notice of documents accessible on New York State's website as matters of public record and not subject to reasonable dispute pursuant to Fed. R. Evid. 201(b)); *J.T. v. de Blasio*, 500 F. Supp. 3d 137, 150 (S.D.N.Y. 2020), aff'd in part, appeal dismissed in part sub nom. *K.M. v. Adams*, 2022 WL 4352040 (2d Cir. Aug. 31, 2022) (judicial notice of documents provided thorough the website of a governmental agency as matters of public record given their publication on the website); *Christa McAuliffe Intermediate Sch. PTO, Inc. v. de Blasio*, 364 F. Supp. 3d 253, 262 (S.D.N.Y. 2019), aff'd, 788 F. App'x 85 (2d Cir. 2019) (judicial notice of information published on the website of the Department of Education, a NYC governmental agency).  Thus, pursuant to Feb. R. Evid. 201(b) courts have taken judicial notice of documents published on an official government web site.

        That logic applies where, as here, judicial notice is sought with respect to a government publication obtained from the agency's website.  Defendants have objected to plaintiff's exhibit PX-19, a "Notice of Property Value" because it has not been authenticated as required by Federal Rule of Evidence 901(a).  However, PX-19 is a document that is created and published by the NYC Department of Finance, an instrumentality of the government of the City of New York.  *See Fawn Second Ave. LLC v. First Am. Title Ins. Co.*, 610 F. Supp. 3d 621, 628 (S.D.N.Y. 2022) (taking judicial notice of documents published on the website of the NYC Department of Finance which related to the property at issue in the litigation, including the property's deed, "chain of title as reflected by the [Department of Finance] Automated City Register Information System website ("ACRIS")",  ACRIS search results, and landmark designation notice).  Even if defendants were to argue that the methodologies are subject to dispute, the Court may

4

nevertheless take judicial notice of the fact of the report itself.

Moreover, ―[t]he court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information. Fed. R. Evid. 201(c)(2). Because the Notice of Property Valuation is an appropriate subject for judicial notice, now that Plaintiff has so requested and has given notice to Defendants, see Fed. R. Evid. 201(e) this Court should take judicial notice of the Notice of Property Value, PX-19.

## II.   MOTION IN LIMINE TO EXCLUDE EVIDENCE OF OTHER LITIGATIONS AGAINST NON-PARTIES

Defendants' assertion of an affirmative defense of "unclean hands" and the arguments they made on summary judgment make clear that they intend to present evidence related to plaintiff's litigation history. Contrary to Defendants affirmative defense that the plaintiff has "unclean hands,' plaintiff's litigation history supports the fact that she is a person with disabilities who fights discrimination when she encounters it.

> [I]t is by no means difficult to imagine that a wheelchair- bound New York City resident encounters illegal barriers to access at many places of public accommodation on a regular basis or that such a person would continue to use the attorney with whom she has a relationship when trying to make New York more accessible for all.

*De La Rosa v. Lewis Foods of 42nd St., LLC*, 124 F. Supp. 3d 290, 293, (S.D.N.Y. 2015) (noting that defendants had pointed out that plaintiff had dozens of ADA cases with the same firm and this did not affect the Court's analysis); *see also Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175, (9th Cir. 2010) (stating that "Courts must tread carefully before construing an [ADA] plaintiff's history against h[er]" and "it may indeed be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant with the [ADA].").

Evidence of other lawsuits involving premises not at issue in this lawsuit and against non-

5

parties must be precluded from trial because these other lawsuits are irrelevant to the claims before this Court.  In *Outley v. City of New York*, 837 F.2d 587, 595 (2d Cir. 1988), the Second Circuit reversed a district court's order that had allowed admission of evidence of the plaintiff's involvement in other lawsuits. The Second Circuit reasoned that admitting evidence of other lawsuits "invites detailed inquiries, denials, and explanations, likely to lead to multifariousness and a confusion of issues." *Id.*  Similarly, in *Chapple v. Fahnestock & Co., Inc.*, 2010 WL 3118638, at * 1 (E.D.N.Y. Aug. 5, 2010), the court held that evidence that other plaintiffs had brought lawsuits is inadmissible, "as the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits" and "[a]ny probative value that the details of the proceedings in those lawsuits might have is substantially outweighed by the danger of unfair prejudice." *See also In re WorldCom, Inc. Sec. Litig.*, 2005 WL 578109, at *2 (S.D.N.Y. Mar. 4, 2005) (excluding evidence of defendant's settlements of prior lawsuits because the "limited probative value of this evidence is substantially outweighed by the burden that the admission of this evidence would place on [defendant] to explain the circumstances at issue in these other lawsuits, by the waste of time that would accompany such explanations, and by the danger that admission of this evidence will create unfair prejudice").

Because evidence of other lawsuits has no "tendency to make a fact more or less probable," such evidence is irrelevant and inadmissible. See Fed. R. Evid. 401, 402.  "Courts [] are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties." 2 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 403.05[3][a] (Joseph M. McLaughlin, ed., MB 2d ed. 2014); and *see also Johnson v. Land O'Lakes, Inc.*, 181 F.R.D. 388, 390 (N.D. Iowa 1998) (explaining that evidence of other similar lawsuits, if relevant at all, "presents serious potential

6

for confusion and for decisions on an improper basis, such as conformance with other cases, rather than upon evaluation of the evidence and arguments in this case"). Courts therefore "generally exclude evidence of other related lawsuits" because there is "little probative value in allegations only." *Bd. of Trustees of AFTRA Ret. Fund v. JPMorgan Chase Bank*, 860 F. Supp. 2d 251, 254-55 (S.D.N.Y. 2012). Indeed, admitting evidence about previous cases only wastes time because it "inevitably result[s] in trying those cases ... before the jury," and "[t]he merits of the ... other cases would become inextricably intertwined with the case at bar." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007) (quotation marks and citation omitted). Allegations or claims made in other proceedings are hearsay and thus inadmissible. See *Richmond v. Gen. Nutrition Centers Inc.*, 2012 WL 762307, at *9 (S.D.N.Y. Mar. 9, 2012) (allegations contained in legal complaints and court filings in other lawsuits are by their nature not subject to cross-examination and therefore constitute inadmissible hearsay if offered to prove the truth of the matters asserted).

The fact that plaintiff has other ADA litigation is not relevant to the facts of the case before this Court. Defendants asserted an "unclean hands" affirmative defense and argued on summary judgment that plaintiff had a serial litigation history, but plaintiff's litigation against non-parties has no relevance to the claims or defenses in this action. Accordingly, testimony referring to it or asking plaintiff about such litigation should therefore be excluded.

## **CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests this Court grant her request for judicial notice and motion in limine to exclude evidence regarding plaintiff's litigation history against non-parties.

Dated: July 22, 2024

       Respectfully submitted,

**SMITH LEGAL ADVISORS LLC**

By:   /s/
    Susan K. Smith, Esq
    Attorneys for Plaintiff
    85 Delancey Street
    New York, New York 10013
    Telephone: (920) 689-3315
    sksmith@smithlegaladvisors.com

and

**HANSKI PARTNERS LLC**

By:   /s/
    Robert G. Hanski, Esq
    Adam S. Hanski, Esq.
    Attorneys for Plaintiff
    85 Delancey Street
    New York, New York 10013
    Telephone: (212) 248-7400
    Facsimile: (212) 248-5600
    rgh@disabilityrightsny.com
    ash@disabilityrightsny.com