# LEVIN-EPSTEIN & ASSOCIATES, P.C.
---
60 East 42nd Street • Suite 4700 • New York, New York 10165
T: 212.792.0048 • E: Jason@levinepstein.com

August 12, 2024

*Via ECF*
Hon. Arun Subramanian, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Franco v. 380 Second LLC et al*
         **Case No.: 1:22-cv-04011-PAE-JW**

Dear Honorable District Judge Subramanian:

  This law firm represents Defendant Small Door Gramercy LLC ("Small Door") in the above-referenced action. This letter is filed jointly with counsel for co-Defendant 380 Second LLC ("380 Second", and together with Small Door, the "Defendants").

  Pursuant to Your Honor's Individual Rules 8.I.ii, the instant letter respectfully serves as Defendants request: (i) for leave to file a motion a second motion for summary judgment with respect to Plaintiff's remaining claims; and (ii) to stay this Action pending the Court's decision on such motion for summary judgment. As set forth more fully below, Defendants have permanently and irrevocably remediated the Subject Premises[1], following the entry of the Court's June 3, 2024 Order [Dckt. No. 136] (the "June 3rd Order"). As such, Plaintiff Milagros Franco's (the "Plaintiff") ***sole*** federal claim under Title III of the Americans with Disabilities Act, 42 U.S.C.A. § 12101, *et seq*., (the "ADA"), has been mooted.

  **I. Legal Standard**

  **A. Legal Standard on a Motion for Leave to File a Successive Motion for Summary Judgment**

  "District courts may in their discretion permit renewed or successive motions for summary judgment, particularly when the moving party has expanded the factual record on which summary judgment is sought." *Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012); *see also Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (entertaining second motion for summary judgment, which raised both new issues and re-raised issues presented in the first summary judgment motion). Where a successive motion for summary judgment is filed on the basis of an expanded factual record, the new facts must generally postdate the prior motion. *See Brown v. City of Syracuse*, 673 F.3d 141, 147 n.2 (2d Cir. 2012), (upholding district court's consideration of successive motion based on the "effect on the factual record" of evidentiary ruling made after the denial of the first motion).

  **B. Legal Standard on a Motion to Stay**

  In deciding whether to stay an action, courts consider a number of factors, including: "(i)

---
[1] The term "Subject Premises" refers to the veterinary practice, located at 380 2nd Ave., New York, NY 10010.

the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (ii) the private interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest." *Gropper v. Fine Arts Hous., Inc.*, 12 F. Supp. 3d 664, 673 (S.D.N.Y. 2014). However, the foregoing "tests should not replace the district court's studied judgment as to whether the civil action should be stayed based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court. The district court's decision ultimately requires and must rest upon a particularized inquiry into the circumstances of, and the competing interests in, the case." *Id.* at 673 (internal quotations and citations omitted).

## II.  Legal Argument

### A. Leave Should be Granted to File a Successive Motion for Summary Judgment

Defendants' initial motions for summary judgment were filed on December 29, 2023. [*See* Dckt. Nos. 89-101]. The Court subsequently issued the June 3rd Order, granting Defendants' motions on Plaintiff's ADA claim, with respect to two (2)[2] of the five (5) disputed features at the Subject Premises. [*See* Dckt. No. 136 at p. 2]. Of the remaining three (3) features, the Court concluded that – as of June 3, 2024 – material issues of fact existed, with respect to outstanding remediations to: (i) the entrance / egress; (ii) the interior circulation paths; and (iii) the restroom. [*Id.* at pp. 1-2].

On July 16, 2024, (*i.e.,* promptly following the entry of the Court's June 3, 2024 Order), Small Door performed additional remediations to these three (3) features of the Subject Premises. On July 29, 2024 Small Door permanently and irrevocably completed the following remediations:

1. Small Door installed a Pemko 158 Offset Saddle Threshold[3] (5.5" W x 1/2" H), and a Shluter-RENO-V (1-9/16" W x 11/16" H)[4], to the entrance / egress of the Subject Premises. As a result, the slope of the push side of the door now measures 1.75% (*i.e.,* under the maximum allowable slope of 2.08% Plaintiff argues applies, under the 2010 ADAAG § 404.2.4.4).[5]

2. Small Door removed the existing floor material of the interior ramp. Small Door then smoothed the ramp, and replaced the flooring. As a result, the slope of the interior ramp, at most, 8.05% (*i.e.,* under the maximum allowable slope of 8.3% Plaintiff argues applies, under the 2010 ADAAG § 405.2).

3. Small Door installed braille signs outside of the restroom. Small Door also replaced the restroom's door[6], and hardware. Small Door further lowered the

---

[2] *To wit*, the (i) the reception area; and (ii) the exam room.
[3] The exact specifications of the Pemko 158 Offset Saddle Threshold can be accessible at. https://www.trudoor.com/pemko/158_-offset-saddle-threshold/.
[4] The exact specifications of the Shluter-RENO-V can be accessible at https://www.schluter.com/schluter-us/en_US/Profiles/For-Floors/Sloped-Transitions/Schluter%C2%AE-RENO-V/p/AEVT175B40.
[5] A true and correct copy of the architectural plans prepared by Small Door's expert, Leveratto Architecture Group LLC ("Leveratto"), confirming the remediations to the entrance / egress, are annexed hereto as Exhibit "A".
[6] A true and correct copy of the specifications of the restroom's new door, and hardware, are annexed hereto as Exhibit "B".

mirror above the restroom sink[7], replaced the existing sink with an ADA-compliant Duravit Vera sink, ensured that toilet's clear floor space is sufficient, and adjusted the ADA handrails to appropriate heights and distances. Finally, Small Door replaced the existing hand dryer with an ADA-compliant Dyson Airblade Hand Dryer, and supplied an ADA-compliant trash bin.[8]

Thus, as a result of the foregoing remediations, Plaintiff's ADA claim has been fully, permanently, and irrevocably mooted since the initial motions for summary judgment were filed on December 29, 2023, and immediately following the Court's entry of the June 3rd Order. *See Jones v. Goord*, 435 F. Supp. 2d 221, 225 (S.D.N.Y. 2006). As such, since a successive motion for summary judgment, rather than a trial, would be the most efficient way for the Court to address Plaintiff's ADA claim, Defendants respectfully request leave to file such a successive motion for summary judgment.

### B. The Action Should be Stayed, Pending the Outcome of the Successive Motion for Summary Judgment

Here, a stay of this action should be granted because each of the five (5) *Gropper* factors favor staying this matter pending the outcome of the successive motion for summary judgment.

As to the first factor, Plaintiff cannot be prejudiced by a stay where Defendants have performed the remediations requested by Plaintiff. *See Gropper*, 12 F. Supp. 3d at 673 (staying action pending remediation of ADA accessibility issues); *see also* 42 U.S.C. §12188(a)(a) (noting that injunctive relief and attorneys' fees are the only remedies available to private litigants under the ADA). As to the second factor – continuing the litigation in these circumstances would require the parties to expend substantial resources preparing for and participated in a trial at a time when they have every reason to expect that the Subject Premises have been permanently and irrevocably remediated. This will undoubtedly lead to inefficiencies in litigation that would cause an unnecessary drain on this Court's resources. *See Gropper*, 12 F. Supp. 3d at 673; *see also Range v. 480-486 Broadway, LLC*, Case No. 14-cv-2447-LAK (Hearing Transcript Oct. 7, 2014, attached hereto as Exhibit "E"). As to the third factor, the Court's interests also favor the entry of the stay. *See Gropper*, 12 F. Supp. 3d at 673 (staying action pending remediation of ADA accessibility issues and finding that continuing the litigation while changes are being made to the premises that are material to the litigation "may lead to inefficiencies…that would cause an unnecessary drain on this Court's resources.") Finally, the fourth and fifth factors also favor a stay. *See Gropper*, 12 F. Supp. 3d at 673 (staying action pending remediation of ADA accessibility issues and finding that "[t]here is as well a public interest in the issuance of a stay. Private parties should be encouraged to comply voluntarily with the ADA, and to cooperate with the Government in its efforts to enforce the statute. Subjecting private parties to largely duplicative litigation while they are engaged in an ongoing effort to comply with the law discourages voluntary compliance.").

---

[7] A true and correct copy of the specifications of the restroom's new sink are annexed hereto as Exhibit "C".

[8] A true and correct copy of the Scope of Work Letter, prepared by Small Door, documenting each of the remediations made to the: (i) the entrance / egress; (ii) the interior circulation paths; and (iii) the restroom, is annexed hereto as Exhibit "D".

### III. Conclusion

In light of the foregoing, it is respectfully requested that the Court grant Defendants leave to file a: (i) successive motion for successive summary judgment; and (ii) a motion to stay this action.

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*
Jason Mizrahi
60 East 42nd Street, Suite 4747
New York, NY 10170
Tel. No.: (212) 792-0048
Email: Jason@levinepstein.com
*Attorneys for Defendant Small Door Gramercy LLC*

Cc: All Counsel, via ECF.

Plaintiff is hereby ORDERED to file an opposition to this letter, not to exceed three pages, by **August 16, 2024**. Plaintiff's opposition should specifically indicate whether plaintiff still has a good faith basis to pursue her claims in light of this remediation. Defendants may file any reply by **August 19, 2024**.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 13, 2024