# SMITH LEGAL ADVISORS LLC

85 DELANCEY STREET
NEW YORK, NEW YORK 10002

August 16, 2024

*Via ECF*
The Honorable Arun Subramanian, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Milagros Franco v. 380 Second LLC et al Docket No. 1:22-cv-04011 (AS)(JW)*

Dear Judge Subramanian:

We represent the plaintiff in the above-entitled case and we write to oppose Defendants Small Door Gramercy LLC's ("Small Door") and 380 Second LLC's ("380 Second") request to file a <u>second motion</u> for summary judgment and a <u>second stay</u> to this case pending the Court's decision on the successive motion for summary judgment (ECF No. 158).  Defendants' belated request is made on the eve of trial and cites evidence that Defendants newly created and only provided to plaintiff on August 12, 2024.

Pursuant to Your Honor's June 3, 2024 Order (ECF No. 136), denying Defendants' original motions for summary judgment, there remain several accessibility issues that violate federal, state and city law: (1) the entrance/exit; (2) the interior path of travel, and (3) the bathroom.  Defendants now claim that they have remediated these remaining items and that no ADA violations remain.  ECF No. 158 at p. 1.

Plaintiff opposes Defendants' motion because (i) it prejudices plaintiff by further delaying her ultimate resolution of this case; (ii) Defendants' assertions are merely self-serving representations, not facts, and (iii) there is a more efficient and cost-effective way of resolving whether Defendants have, as they previously and now claim again, "permanently and irrevocably" remediated the Subject Premises.

**1.    <u>There is Prejudice to Plaintiff in Allowing a Second Motion for Summary Judgment and a Second Stay</u>**

Plaintiff is prejudiced by a second motion for summary judgment and a second stay as it further delays resolution of this matter.  Plaintiff filed her Complaint on May 16, 2022, over two years ago.  On December 29, 2023, after an extended discovery period requiring multiple Court intervention to force Small Door to comply with its discovery obligations[1], Defendants filed motions for summary judgment, which they lost.  Defendants argued in their initial motions, as they do now, that they completely remediated the subject premises or that there were no ADA violations.  ECF No. 136 at p. 1.  Defendants' eleventh-hour request to stay the action[2] again and

---

[1] Defendant Small Door also delayed the preparation and filing of the JPTO and the date of trial. *See* July 11, 2024 Order; ECF No. 144, "Small Door is required to diligently comply with these deadlines.  Failure to do so will result in sanctions."); ECF 137 (request by Small Door to postpone trial).

[2] *Gropper v. Fine Arts House., Inc.* 12 F.Supp.3d 664, 673 (S.D.N.Y. 2014), cited by Defendants in support of a stay, is factually inapposite because (i) the Defendants in *Gropper* were under a Voluntary

file another motion for summary judgment is a piecemeal approach to litigation that will only further delay resolution of this matter, run-up litigation costs for all parties and waste judicial resources. *See, e.g., Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004) (disapproving of piecemeal consideration of successive motions for summary judgment because parties should present their strongest case for summary judgment when the matter is first raised); *cf. Essex Ins. Co. v. Foley*, 827 F. Supp.2d 1326, 1329 (S.D. Ala. 2011)(noting the need to discourage the tactical use of successive summary judgment motions). Here, Defendants improperly make tactical use of successive summary judgment motions by piecemealing their purported remediation with another request for a stay.

Defendants' request for a successive motion for summary judgment is also a "second bite at the apple," as they are making similar arguments that they made in their first motions, namely that their premises now comply with the ADA based on the post-complaint modifications performed. If the Court grants Defendants the opportunity to file their second motions for summary judgment and does not find in favor of Defendants, plaintiff's (and others with mobility issues) relief is delayed yet again. Furthermore, if the Court does not find in favor of Defendants' second summary judgment motions, nothing prevents Defendants from attempting remediation a third time, and thereafter seeking to file new summary judgment motions based on "new facts" putting plaintiff in a never-ending loop whereby she does not obtain relief, and is harmed as the resolution of her state and local law claims will be further delayed.

Permitting Defendants to assert these arguments now also trivializes "the importance of not allowing parties to treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement -- at considerable cost to opposing parties and at considerable drain to scarce judicial resources" with another Rule 56 motion to correct deficiencies identified by the court in in the initial motion. *Jackson v. Goord*, 2013 WL 1560204 at *5 (W.D.N.Y. Apr. 10, 2013) (internal quotation marks and citations omitted); *see also Robinson v. Henschel*, 2014 WL 1257287 at *9 (S.D.N.Y. Mar. 26, 2014) (defendants not permitted a "second bite at the apple" when they submitted new evidence with a successive summary judgment motion that could have been presented with their first motion). Similarly, Defendants present evidence that could have been presented with their first motion. Defendants could have made each and every remediation they claim to make now, prior to their first summary judgment motion (and during the first stay). However, they chose not to do so.

2.    **Inadequate Evidence has Not Been Certified, Verified or Authenticated**

In support of their premotion request Defendants provide the following new "evidence":[3]

---

Compliance Agreement with the Department of Justice ("DOJ"); (ii) the defendants in *Gropper* received only a single stay to enable them remediate and in this case, there has already been a stay in this action to proceed with remediation efforts, (September 6, 2023 Order (ECF No. 81)); (iii) the DOJ is not involved in this action, and (iv) there is no duplicative litigation. With respect to the other factors cited in *Gropper*, none of them favor Defendants. The prejudice to plaintiff, others and the public interest weigh in favor of denying the second stay in order to proceed forward after many delays. *See*, supra, Point I. Additionally, denying a stay, but proceeding forward with the plaintiff's re-inspection will narrow the issues for trial, while respecting the Court's order regarding the trial schedule and thus uphold the interests of the Court in making the trial as efficient as possible. *See, supra*, Point III.

[3] There is no reason given why the Defendants did not immediately begin to remediate the premises after the June 3 Order, but rather began on July 16, 2024, after extensive work by Plaintiff and Defendant 380 Second on pre-trial work and documents that were filed on July 22, 2024.

- architectural plans of an unknown address that do not identify who prepared the plans (see 158-1; Exhibit A) and that do not "confirm[] the remediations to the entrance/egress," as stated by Defendants (see ECF No. 158 at p. 2, note 5);
- general specifications for a door (ECF No. 158-2 (Exhibit B));
- general specifications for a sink (ECF No. 158-3 (Exhibit C); and
- an unidentifiable report with pictures asserting that certain remediation has taken place (ECF No. 158-4 (Exhibit D).

However, Defendants have not submitted a declaration from their architect or a supplemental report to certify or verify that these alleged remediations occurred.[4] Thus, Defendants claim that they have "fully, permanently, and irrevocably" remediated Plaintiff's ADA claim, but there is no way to verify this based on Defendants' representations.

3. **An Expert Inspection of the Premises by Plaintiff's Expert is the Most Efficient and Cost-Effective Manner to Narrow the Issues for Trial**

The request to file a motion to stay and a successive summary judgment motion is an attempt yet again by Defendants to stall.[5] There is a quicker and more efficient way to determine if Defendants have "permanently and irrevocably remediated the Subject Premises," -- an inspection of the premises by Plaintiff's expert. Accordingly, to narrow the issues for trial, Plaintiff requested, and Defendants have agreed to permit Plaintiff's expert to re-inspect the premises on August 22, 2024. Should Plaintiff's expert agree with Defendants that any remaining barriers have been permanently and irrevocably remediated, there will be no issue of fact as to such barrier and the parties can amend the Joint Pretrial Order to remove those claims. However, if Plaintiff's expert disagrees with Defendants' expert, then there is an issue of fact which can only be decided by a jury.

Plaintiff's August 22nd re-inspection avoids costly motion practice. Furthermore, it retains the trial date for any remaining ADA violations and the state and city law claims, including damages. See ECF No. 136 at p. 2; *see also Metro Found. Contrs., Inc. v. Arch Ins. Co.,* 498 Fed. Appx. 98, 102 (2d. Cir. 2012) (examining factors district courts consider in exercising supplemental jurisdiction over state and local claims). This will enable the parties to narrow the issues for trial without prejudicing Plaintiff.

Thank you for your time and attention to this matter.

---

[4] Defendants indicate that Small Door's expert, Leveratto Architecture Group LLC "confirm[ed] the remediations to the entrance/egress," but there does not appear to be any such confirmation in the cited exhibit. (ECF No. 158 at p. 2, n. 5).

[5] *See* Transcript, February 14, 2023 hearing, ECF No. 44 ("Tr." (attached as Exhibit A) at p. 11:13-15. Defendant Small Door filed discovery requests late (Tr. 12), missed the date to respond to a motion to compel and did not do so until prompted by the Court (Tr. at pp. 12-13). Additionally, Plaintiff had to file a motion to compel (twice) which was granted (twice) and then Small Door waived the affirmative defense related to the Court's Order to Compel. (*Id.;* ECF Nos. 54, 60, 145). Also, Small Door's counsel did not attend Plaintiff's deposition and then asked the Court to order Plaintiff to sit for a separate deposition which was denied by the Court. ECF No. 60 ("Plaintiff sat for her deposition. Small Door chose not to participate. Small Door could have made an application to the Court for an extension . . . they did not. Plaintiff has fulfilled her obligations under the Rules. It would be unfair to penalize her for Small Door's failure to participate meaningfully in discovery."). See also, *supra*, footnote 1.

very truly yours,

/s/
Susan K. Smith, Esq.


For the reasons stated in Plaintiff's letter, Defendants' requests for leave to file a second motion for summary judgment and for a stay are DENIED. The parties should file a joint letter no later than **August 23, 2024**, providing the Court an update on Plaintiff's expert's re-inspection. The joint letter should explain whether the parties wish to amend the Joint Pretrial Order to remove any claims. If claims related to Small Door's restrooms, interior ramp, and entrance/egress remain, Plaintiff should certify that she has a good faith basis to believe that Small Door's changes have not remediated the alleged ADA violation.

The Clerk of Court is directed to terminate the motion at ECF No. 158.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: August 19, 2024