# SMITH LEGAL ADVISORS LLC

85 DELANCEY STREET
NEW YORK, NEW YORK 10002
PHONE: 920-689-3315

August 23, 2024

*Via ECF*
The Honorable Arun Subramanian, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   <u>Milagros Franco v. 380 Second LLC et al Docket No. 1:22-cv-04011 (AS)(JW)</u>

Dear Judge Subramanian:

We represent the plaintiff in the above-entitled case. Pursuant to Your Honor's August 19, 2024, Order ("Order", ECF No. 165) we file this joint letter on behalf of all parties.

By way of background, this case concerns the inaccessibility of Defendants' place of public accommodation, the Small Door Veterinary premises at 380 Second Avenue ("Small Door Vet") in violation of the Human Rights Laws.[1]  On June 29, 2023 Defendants filed a motion to stay this action as they were remediating all violations of the ADA at Small Door Vet. Nearly half a year later, on December 29, 2023, Defendants filed motions for summary judgment, claiming they fully remediated all violations of the ADA at Small Door Vet and therefore the action was moot.  The Court denied Defendants' motion.

On August 12, 2024, Defendants filed a premotion letter seeking a stay and leave to file a second summary judgement motion claiming they now have fully remediated all violations of the ADA at Small Door Vet and therefore the action was moot.  The court denied Defendants' request but Ordered the parties to file a joint letter by August 23, 2024"explain[ing] whether the parties wish to amend the Joint Pretrial Order to remove any claims; [i]f claims related to Small Door's restrooms, interior ramp, and entrance/egress remain, Plaintiff should certify that she has a good faith basis to believe that Small Door's changes have not remediated the alleged ADA violation."  *Id.*

On August 22, 2024 Plaintiff's expert, Jonathan White, AIA, NCARB re-inspected Small Door Vet.

**<u>Plaintiff's Position</u>**

Based on Plaintiff's expert, Jonathan White's re-inspection, Plaintiff has a good faith belief that Defendants have not remediated all of the ADA violations.  Specifically, based on Mr.

---

[1] As used herein, "Human Rights Laws" collectively refers to the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., and its implementing regulations (the, "ADA"),  (ii) New York Human Rights Law, New York Executive Law, §§ 290 et seq. ("State HRL"); and (iii) New York City Human Rights Law, Administrative Code of the City of New York, §§ 8-101 et seq. ("City HRL").

White's preliminary feedback, at a minimum, the following architectural barriers in violation of the ADA remain:

- The handrails on the interior ramp have not been altered and remain out of compliance;
- the handrails at the top and bottom of the interior ramp do not extend horizontally the appropriate distance;
- The side and rear grab bars in the bathroom are not mounted properly;
- The public entrance/egress door maneuvering clearance is steeper than permitted on both sides of the door;

Based on the foregoing, Plaintiff certifies that she has a good faith belief that Small Door's remediations have not remediated all of the alleged ADA violations and that their remediation efforts have created further instances of non-compliance.

In addition to the above, the following ADA violations remain, but plaintiff will waive them and not be pursuing them at trial:

- The entrance/egress ramp has handrails that are not of sufficient length and
- The mirror in the bathroom is not properly placed at the correct distance from the lavatory or the countertop.

Although Plaintiff's claims under ADA and state and local law claims remain, there are additional stipulated facts that Plaintiff is willing to negotiate with Defendants to further streamline the upcoming trial, and Plaintiff proposes submitting an amended Stipulation of Facts, included in the proposed Joint Pretrial Order and Jury Instructions by September 5, 2024 in advance of the final pre-trial conference on September 12, 2024.

Plaintiff disagrees with Defendants' requests, as stated below, for plaintiff to (1) provide a written expert report and (2) to personally certify standing issues because this goes beyond the Court's August 19 Order. If the Court contemplates such an order, plaintiff respectfully requests the opportunity to oppose defendants' new requests.

### **Defendants' Position**

As of the date of this submission, Plaintiff has not certified the findings of her purported expert, Jonathan White, in a reliable report. *See Disabled in Action v. City of New York,* 360 F. Supp. 3d 240, 244 (S.D.N.Y. 2019) (citing *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579, 593-94 (1993)).

Moreover, Plaintiff has not personally certified whether she maintains standing, following Defendants' remediations.

Defendants respectfully request that the Court order Plaintiff to: (i) provide a written expert report, that comports with *Daubert*; and (ii) personally certify her genuine intention, and ability to, patronize the subject premises, on or before August 30, 2024.

Defendants respectfully request until, through and including, September 6, 2024, to provide a response, including a rebuttal report, from Defendants' architect.

Thank you for your time and attention to this matter.

very truly yours,

/s/
Susan K. Smith, Esq.