UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MILAGROS FRANCO,<br><br>                              Plaintiff,<br><br>v.<br><br>380 SECOND LLC AND SMALL DOOR GRAMERCY LLC,<br><br>                              Defendants. | **Case No.: 1:22-cv-4011 (AS)**<br><br>**JOINT PRE-TRIAL ORDER** |

**i.     The full caption of the action;**

Milagros Franco V. 380 Second LLC and Small Door Gramercy LLC, Case No. 1:22-cv-4011 (AS)

**ii.     the names, law firms, addresses, telephone numbers, and email addresses of trial counsel if not already listed on the docket;**

Plaintiff:     as listed on the docket;

380 Second LLC:  as listed on the docket;

Small Door Gramercy LLC: as listed on the docket.

**iii.     a brief statement by plaintiff (or, in a removed case, by defendant) as to the basis of subject matter jurisdiction, and a brief statement by each other party as to the presence or absence of subject matter jurisdiction. Such statements shall include citations to all statutes relied on and relevant facts as to citizenship and jurisdictional amount;**

Plaintiff's Statement:   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as Plaintiff asserts claims under federal law, specifically, Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.* Due to this Court's original jurisdiction over Plaintiff's ADA claims, this Court has supplemental jurisdiction over the claims Plaintiff asserts under state and local law pursuant to 28 U.S.C. § 1367(a) as these claims relate to Plaintiff's federal claims under the ADA.

Defendants Statement:   The Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331 as Plaintiff has asserted a claim under the ADA.  Since Plaintiff's ADA claim is still pending, the Court currently has supplemental jurisdiction over Plaintiff's state and city law claims under 28 U.S.C. § 1367.

**iv.     a brief summary by each party of the claims and defenses that the party asserts remain to be tried, including citations to any statutes on which the party relies. Such summaries shall also identify all claims and defenses previously asserted that are not to be tried. The summaries should not recite any evidentiary matter;**

Plaintiff's Claims:     Plaintiff Milagros Franco claims:

1)     she is an individual with a mobility disability who requires a wheelchair to ambulate;
2)     defendants 380 Second LLC ("380 Second") and Small Door Gramercy LLC ("Small Door", and collectively, "Defendants") own, operate, and lease a place of public accommodation, a veterinary clinic known as "Small Door Veterinary" located at 380 Second Avenue, Manhattan, NY ("Small Door Vet"); and

3)     Defendants discriminate against her based on disability in violation of the ADA, 42 U.S.C. §§ 12181 *et seq.*, and its implementing regulations (the "ADA Regs"), 28 C.F.R. Part 36,  ii) the New York State Human Rights Law, New York Executive Law, §§ 290 *et seq*. ("State HRL"); iii) New York State Civil Rights Law, § 40-c and 40-d ("State CRL"); and iv) the New York City Human Rights Law, Administrative Code of the City of New York, §§ 8-101 *et seq*. ("City HRL") because Defendants maintain barriers to wheelchair access at Small Door Vet which deny her access to Small Door Vet in violation of the aforementioned laws.

Plaintiff alleges that Defendants unlawfully discriminate against her in violation of:

1) ADA § 12182(a) (<u>Denial of Equal Opportunity</u>) because Defendants treat her, as an individual with a mobility disability (which makes her use of a wheelchair for mobility necessary) less favorably than ambulatory non-disabled persons that desire to take their pet to Small Door Vet.

2) ADA § 12183(a)(2) (<u>Denial of Equal Opportunity due to Architectural Barriers</u>) because Small Door Vet was altered after January 26, 1992, but Defendants
   a. failed to make the altered portions of Small Door Vet readily accessible to and usable by individuals with disabilities to the maximum extent feasible; and
   b. failed to make the paths of travel to Small Door Vet's altered areas of primary function readily accessible to and usable by wheelchair users to the maximum extent feasible.

3) ADA § 12182(b)(2)(A)(iv) (<u>Failure to Remove Architectural Barriers</u>) because Defendants failed to remove architectural barriers to wheelchair access at Small Door Vet even though removal of architectural barriers is readily achievable.
   a. ADA § 12182(b)(2)(A)(v) to the extent that the removal of any architectural barriers is not readily achievable because Defendants failed to make the goods, services, facilities, privileges, advantages, or accommodations of Small Door Vet available through alternative methods that are readily achievable.

4) ADA § 12182(b)(1)(A)(ii) (<u>Discrimination due to Unequal Opportunity</u>) because Defendants provide Plaintiff, due to her disability with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals. (Defendants segregate Plaintiff due to her disability as they (i) created a public bathroom in Small Door Vet which is not accessible to wheelchair -using individuals; (ii)) the entrance to Small Door Vet remains not compliant with the ADA; (iii) the interior path of the vet clinic is not accessible; (iv) plaintiff's access is limited to only one examination room; and (v) plaintiff cannot accompany her pet cat to the weighing station.)

5) ADA § 12182(b)(1)(A)(iii) (<u>Discrimination due to Segregation</u>) because Defendants provide Plaintiff, due to her disability "with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals". (Defendants segregate Plaintiff due to her disability as they (i) created a public bathroom in Small Door Vet which is not accessible to wheelchair-using individuals; (ii)) the entrance to Small Door Vet remains not compliant with the ADA; (iii) the interior path of the vet clinic is not accessible; (iv) plaintiff's access is limited to only one examination room; and (v) plaintiff cannot accompany her pet cat to the weighing station.)

6) State HRL § 296(2)(a) (<u>Denial of Equal Opportunity</u>) because Defendants fail to provide Plaintiff full and equal enjoyment of the Small Door Vet's goods, services, facilities, privileges, advantages, or accommodations as they only provide Plaintiff the opportunity to participate in Small Door Vet's goods, services, facilities, privileges, advantages, or accommodations in an unequal and separate manner. (Defendants segregate Plaintiff due to her disability as they (i) created a public bathroom in Small Door Vet which is not accessible

to wheelchair-using individuals; (ii)) the entrance to Small Door Vet remains not compliant with the ADA; (iii) the interior path of the vet clinic is not accessible; (iv) plaintiff's access is limited to only one examination room; and (v) plaintiff cannot accompany her pet cat to the weighing station.)

7) State HRL § 296 (2)(c)(iii) – (Failure to Remove Architectural Barriers) because Defendants failed to remove architectural barriers to wheelchair access at Small Door Vet even though removal of architectural barriers is readily achievable (as defined by the State HRL).

   a. State HRL § 296 (2)(c)(v) to the extent that the removal of any architectural barriers is not readily achievable, because Defendants failed to make the goods, services, facilities, privileges, advantages, or accommodations of Small Door Vet available through alternative methods that are readily achievable.

8) State HRL § 296 (2)(i) (Failure to Make Reasonable Modifications) because Defendants failed to make reasonable modifications in policies, practices, or procedures, necessary to afford facilities, privileges, advantages or accommodations to individuals with disabilities, unless such person can demonstrate that making such modifications would fundamentally alter the nature of such facilities, privileges, advantages or accommodations.

9) New York State Civil Rights Laws §§ 40-c and 40-d by unlawfully discrimination against Plaintiff in violation of the State HRL.

10) City HRL § 8-107(4)(a) (Denial of Equal Opportunity) because Defendants refuse, withhold from or deny Plaintiff full and equal enjoyment, on equal terms and conditions, of any of the accommodations, advantages, services, facilities or privileges of Small Door Vet. Defendants acts in violation of § 8-107(4)(a) include:

   a. their failure to comply with the sections of the New York City Building Code, Administrative Code of the City of New York, §§ 27-292 *et seq* and §§ 28-1101 *et seq*. that require the provision of access to persons with physical disabilities; and

   b. their segregating Plaintiff due to her disability as they (i) created a public bathroom in Small Door Vet which is not accessible to wheelchair-using individuals; (ii)) the entrance to Small Door Vet remains not compliant with the ADA; (iii) the interior path of the vet clinic is not accessible; (iv) plaintiff's access is limited to only one examination room; and (v) plaintiff cannot accompany her pet cat to the weighing station.

11) City HRL § 8-107(15)(a) (Failure to Reasonably Accommodate) because Defendants failed to make reasonable accommodation to the needs of persons with disabilities to enable a person with a disability to enjoy the right or rights in question, and Defendants were aware of the need for accommodations for persons with mobility disabilities (or should have been known); specifically Defendants failed to remove architectural barriers to wheelchair access at Small Door Vet even though removal of architectural barriers would not impose an undue hardship upon Defendants. Because Defendants failed to reasonably accommodate Plaintiff and other individuals with mobility disabilities that require wheelchairs to enable them, irrespective of their disability to "enjoy the right or rights" as their disability is known or should have been known by Defendants.

Plaintiff does not intend to try the following allegations as it relates to the claims cited above: accessibility issues with respect to the reception area, specifically accessible seating and ground space.  See Complaint filed May 16, 2022, ECF No. 1, ¶¶ 20 VI and VII.

Defendants' Defenses:  Defendants asserts the following affirmative defenses:

1. Plaintiff will lack standing to pursue her ADA claims at the time of trial due to remediations made to Small Door Vet;

2. Any allegedly wrongful acts or omissions performed by Defendants or their agents, if there were any, do not subject Defendants to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

3. Plaintiff's claims are barred under the doctrine of unclean hands.

4. Plaintiff's claims are, or will be at the time of trial, barred under the doctrine of mootness.

5. Plaintiff's claims are barred because the features identified in the Complaint substantially comply with applicable law and are within "dimensional tolerances."

6. Any allegedly wrongful acts or omissions performed by the Defendant or its agents, if there were any, do not subject Defendants to liability because Defendants provided equivalent facilitation with respect to the barriers alleged in the Complaint.

7. Plaintiff lacks standing to seek injunctive relief because she suffered no injury-in-fact.

8. If Plaintiff's ADA Claim is Dismissed, Her State and City Law Claims Should Be Dismissed Due to a Lack of Supplemental Subject Matter Jurisdiction

Finally, pursuant to the Court's Order on Defendants' motions for summary judgment, the following claims are not to be tried as the Court has already ruled on such claims: (i) Plaintiff's claims regarding the accessibility of seating in the waiting area and the coffee machine at Small Door Vet, (ii) Plaintiff's claims regarding accessibility of the doors, sink, and exam tables in the exam rooms of Small Door Vet; and (iii) 380 Second LLC's crossclaim against Small Door Gramercy LLC for contractual indemnification under the Lease.

## V. a statement as to the number of trial days needed and whether the case is to be tried with or without a jury;

The parties anticipate that 2-3 trial days will be required to present the case. This is a jury trial.

## vi. a joint statement summarizing the nature of the case, to be read to potential jurors during jury selection;

The plaintiff in this case, Milagros Franco, is a person with a disability as she cannot walk using her legs. To move about and travel anywhere Ms. Franco must use her wheelchair. Ms. Franco claims that the defendants in this case discriminate against her in violation of the laws that prohibit disability discrimination as they own, operate, and lease space to a veterinary clinic that she alleges is not accessible to her as a wheelchair user.

The veterinary clinic at issue in this case is known as "Small Door Veterinary".  Small Door Veterinary is located within the building at 380 Second Avenue in Manhattan, New York.

Small Door Gramercy LLC, one of the defendants in this case, owns and operates the veterinary clinic that Ms. Franco alleges is not wheelchair accessible. The other defendant in this case, 380 Second LLC, is the landlord and owns the building, 380 Second Avenue, Manhattan, NY, where the Small Door

Veterinary clinic as issue is located. In this lawsuit, Ms. Franco seeks to have the Defendants compelled to make Small Door Veterinary accessible to wheelchair users. Ms. Franco also seeks compensatory damages for emotional distress and punitive damages from Defendants.

The specific laws that Ms. Franco alleges that Defendants violated are Title III of the Americans with Disabilities Act, the New York State Human Rights Law, Article 15 of the Executive Law, the New York State Civil Rights Law, and the New York City Human Rights Law, Article 8 of the Administrative Code.

Defendants deny Ms. Franco's claims that the Small Door Veterinary clinic is in accessible and deny that Ms. Franco has been harmed in this matter, as Ms. Franco was able to access the clinic on her lone visit to the clinic and the alleged inaccessible features at the clinic are either compliant with legal requirements or alternative access has been provided.

**vii. a list of people, places, and institutions that are likely to be mentioned during the trial, to be read to potential jurors during jury selection;**

1) <u>People Likely to Be Mentioned</u>:
    a. Ms. Milagros Franco;
    b. Attorneys Susan K. Smith, Robert G. Hanski and Adam S. Hanski
    c. Attorney Sean Kirby
    d. Attorney Jason Mizrahi
    e. Attorney Joshua D. Levin-Epstein
    f. Jonathan White
    g. Atilio Leveratto

2) <u>Places Likely to be Mentioned</u>:
    a. 380 Second Avenue, the address of the building in which defendants' place of public accommodation, Small Door Vet, is located
    b. 374 Second Avenue, an address that is assigned to the same building as 380 Second Avenue
    c. Small Door Veterinary, the place of public accommodation at issue in this matter

3) <u>Institutions or Companies Likely to Be Mentioned</u>:
    a. 380 Second LLC
    b. Small Door Gramercy LLC
    c. The City of New York ("NYC"), and its various governmental agencies, including: the NYC Department of Buildings,
    d. Center for Inclusive Design and Environmental Access
    e. University at Buffalo
    f. Leveratto Architecture Group LLC

**viii. a statement as to whether all parties have consented to trial by a Magistrate Judge, without identifying which parties do or do not consent;**

The parties do not consent to trial by a Magistrate Judge.

**ix.    any stipulations or agreed statements of fact or law to which all parties consent. In a jury case, the parties should memorialize any such stipulations or agreed statements of fact or law in a standalone document that can be marked and admitted at trial;**

1) Plaintiff is a wheelchair user.
2) Plaintiff has medical conditions that inhibit walking and restrict body motion range and movement.
3) Defendants are licensed to do and do business in New York State.
4) Defendant 380 Second LLC owns the building located at 380 Second Avenue in New York County, New York.
5) Defendant Small Door Gramercy LLC operates and/or leases the space occupied by Small Door Vet at 380 Second Avenue in New York County, New York.
6) Defendants Small Door Gramercy LLC and 380 Second LLC, and the Small Door Vet are each subject to the ADA, the State HRL, City HRL and State CRL.
7) Defendant 380 Second LLC has a written lease agreement with defendant Small Door Gramercy LLC.
8) Defendants 380 Second LLC and Small Door Gramercy LLC withdraw and waive, with prejudice, any and all defenses raised in their Answer or which they could have raised in their Answer which assert the following: Not Readily Achievable; Disproportionate Costs; Undue Burden; and undue Hardship (under New York City Human Rights Law).
9) <u>374 Second Avenue is an address that is assigned to the same building as 380 Second Avenue</u>.

**x.    a list of all trial witnesses, indicating whether such witnesses will testify in person or by deposition, whether such witnesses will require an interpreter (and, if so, which party will pay the costs for the interpreter), and a brief summary of the substance of each witness's testimony. Absent leave of Court, a witness listed by both sides shall testify only once (with the defendant permitted to go beyond the scope of the direct on cross-examination), and counsel should confer with respect to scheduling;**

<u>Plaintiff's Witnesses</u>

1) Plaintiff Milagros Franco. Plaintiff, will testify in person. Plaintiff will testify to the facts and circumstances related to her claim; specifically, regarding the architectural barriers to access Plaintiff encountered at the defendants' place of public accommodation, Small Door Vet located at 380 Second Avenue in New York County, and the emotional distress she suffered from her experience.

2) Jonathan White. Mr. White, Plaintiff's Expert Witness, will testify in person regarding his credentials, the accessibility related inspection of Small Door Vet and his observations from the inspection, including barriers to access observed during the inspection. Mr. White's testimony will include the observations, measurements, and opinions disclosed in plaintiff's expert report.

<u>Plaintiff may also call the following witnesses</u>:

3) Joshua Guttman, Defendant Small Door Gramercy LLC. Plaintiff expects that this witness

will testify in person and will serve this witness with a Trial Subpoena to testify at trial.

Mr. Guttman is expected to testify in person regarding (i) the construction performed and modifications (physical and legal) made to the space currently occupied by defendant Small Door Gramercy LLC; (ii) barriers to access at Small Door Vet and related areas; (iii) and the operations of defendant Small Door Gramercy LLC and the 380 Second Avenue property, inclusive of the current and prior lease of the space currently occupied by Small Door Vet.

4) James Caseley, Defendant 380 Second LLC. Plaintiff expects that this witness will testify in person and will serve this witness with a Trial Subpoena to testify at trial.

Mr. Caseley is expected to testify in person regarding (i) Small Door Vet, including construction performed and modifications made to the Small Door Vet space and related areas, and the lease for the Small Door Vet space; and (ii) barriers to access Small Door Vet and related areas.

Defendants' Witnesses:

1) Joshua Guttman, Defendant Small Door Gramercy LLC. Defendants expect that this witness will testify in person. Mr. Guttman is expected to testify regarding (i) the construction performed and modifications made to the space currently occupied by defendant Small Door Gramercy LLC; (ii) the alleged barriers to access at Small Door Vet and how such alleged barriers have been remediated; and (iii) the facts and circumstances of Defendants' affirmative defenses.

2) James Caseley, Defendant 380 Second LLC. Defendants expect that this witness will testify in person. Ms. Caseley is expected to testify regarding (i) the construction performed and modifications made to the space currently occupied by defendant Small Door Gramercy LLC; (ii) the alleged barriers to access at Small Door Vet and how such alleged barriers have been remediated; and (iii) the facts and circumstances of Defendants affirmative defenses.

3) Atilio Leveratto, Defendant's expert witness will testify in person regarding his credentials, his accessibility related inspections of Small Door Vet and his observations from such inspections inspection. Mr. Leveratto's testimony will include the observations, measurements, and opinions disclosed in his expert report and subsequent inspections.

4) Plaintiff Milagros Franco. Plaintiff, will testify in person. Plaintiff will testify to the facts and circumstances related to her claims, her visit to the Small Door Vet located at 380 Second Avenue, New York, New York, her litigation history and her alleged damages.

xi. **a designation by each party of deposition testimony to be offered in its case-in-chief and any counter-designations and objections by any other party. The parties need not designate deposition testimony to be used for impeachment purposes only;**

Plaintiff: Plaintiff intends to call live witnesses and will only use deposition testimony for impeachment purposes.

Defendants: Defendants intend to call live witnesses and will only use deposition testimony for impeachment purposes.

**xii.   a list by each party of all exhibits to be offered in its case-in-chief, with a single asterisk indicating exhibits to which no party objects on any ground. If a party objects to an exhibit, the objection should be noted by indicating the Federal Rule of Evidence that is the basis for the objection. If any party believes that the Court should rule on such an objection in advance of trial, that party should include a notation to that effect (e.g., "Advance Ruling Requested") as well. In general, the Court will rule on relevance and authenticity objections at the time of trial;**

The exhibits the parties seek to admit are provided below. The parties will submit electronic copies of exhibits and a separate exhibit list by email. Each party provides its list of trial exhibits subject to the following reservations of rights:

1)   Each party reserves the right not to offer any of the exhibits listed below, or to offer all or any portion of an exhibit.
2)   Each party reserves the right to offer and use any of the exhibits for more than one purpose.
3)   Each party reserves the right to offer any exhibit designated by any other party to this Pre-Trial Order.
4)   Each party reserves the right to offer additional exhibits at trial for purposes of impeachment, rebuttal, or rehabilitation.
5)   Each party reserves the right to offer, for good cause shown, additional exhibits following the submission of this Pre-Trial Order.
6)   Each party reserves the right to use demonstrative aids not listed herein at trial, and will undertake to advise the other parties and the Court of such aids as it intends to use at a reasonable time prior to trial.

Plaintiff's Exhibit List:

| Exhibit No. | Description | Bates Number | Objections of Defendant | Responses |
|---|---|---|---|---|
| PX-1 | Declaration of Jonathan White, Plaintiff's Expert, filed on February 5, 2024. (ECF No. 113). | | | |
| PX-2 | Curriculum vitae, of Jonathan White, Plaintiff's Expert (Attachment "A" to Jonathan White's Declaration, ECF No. 113-1). | | | |
| PX-3 | Report of Plaintiff's Expert dated May 8, 2023 (Attachment "B" to Jonathan White's Declaration, ECF No. 113-2). | | | |
| PX-4 | Attachment "C" to Jonathan White's Declaration, filed on February 5, 2024, a drawing attached to Atilio Leveratto's declaration. ECF No. 113-3. | | | |

| | | | | |
|---|---|---|---|---|
| **PX-5** | True and Correct copy of the complaint, dated May 16, 2022 (ECF No. 1). | | | |
| **PX-6** | True and correct copy of an architectural drawing of Small Door, Number E-102.00. | Small Door 0075 | | |
| **PX-7** | Lease | 380 Second 1-69 | | |
| **PX-8** | Photo of 380 Second Avenue, Google Screenshot; marked as Plaintiff's Deposition exhibit "2," dated "Sep. 2007" | NA | Objection, this exhibit has not been authenticated as required by Fed. R. Evid. 901(a) | |
| **PX-9** | Photo of 380 Second Avenue, Google Screenshot; marked as Plaintiff's Deposition exhibit "4," dated "July 2011" | NA | Objection, this exhibit has not been authenticated as required by Fed. R. Evid. 901(a) | |
| **PX-10** | Photo of 380 Second Avenue, Google Screenshot; marked as Plaintiff's Deposition exhibit "5," dated "Aug. 2018" | NA | Objection, this exhibit has not been authenticated as required by Fed. R. Evid. 901(a) | |
| **PX-11** | Photo of 380 Second Avenue, Google Screenshot; marked as Plaintiff's Deposition exhibit "6," dated "Jun 2019" | NA | Objection, this exhibit has not been | |

| | | | | |
|---|---|---|---|---|
| | | | authenticated as required by Fed. R. Evid. 901(a) | |
| **PX-12** | Photo of 380 Second Avenue, Google Screenshot; marked as Plaintiff's Deposition exhibit "7," dated "May 2021" | NA | Objection, this exhibit has not been authenticated as required by Fed. R. Evid. 901(a) | |
| **PX-13** | Architecture drawing of "Small Door Second Avenue Plan Update" | 380 Second 71 | | |
| **PX-14** | Architecture drawing | Small Door 72 | | |
| **PX-15** | Photos of interior of Small Door Veterinary – Gramercy, dated July 1, 2022; marked as Plaintiff's Deposition Exhibit "11" | NA | Objection, this exhibit has not been authenticated as required by Fed. R. Evid. 901(a) | |
| **PX-16** | True and Correct Copy of the Stipulation and Order to Amend Complaint, Answers and Caption for New Defendant, dated March 9, 2023 (ECF No. 52). | | | |
| **PX-17** | Declaration of James Caseley, dated February 5, 2024. (ECF No. 109). | | | |
| **PX-18** | Declaration of Joshua Guttman, dated March 4, 2024. (ECF No. 124). | | | |

| | | | | |
|---|---|---|---|---|
| **PX-19** | "Notice of Property Value" for the Tax Year 2024-2025 from the New York City Department of Finance for 380 Second Avenue in New York County, New York (Also known as 374 Second Avenue; Block 927, Lot 55), which can be obtained from the New York City Department of Finance governmental website at the following address: https://a836-edms.nyc.gov/dctm-rest/repositories/dofedmspts/StatementSearch?bbl=1009270055&stmtDate=20240115&stmtType=NPV (last visited on July 8, 2024) | | Objection, this exhibit has not been authenticated as required by Fed. R. Evid. 901(a) | |
| **PX-20** | Transcript of the Deposition of James Caseley, dated April 27, 2023 | | | |
| **PX-21** | Transcript of the Deposition of Joshua Guttman, dated May 18, 2023 | | | |
| **PX-22** | Email, including attached pictures and plan, dated May 25, 2022 | Small Door 117-126 | | |
| **PX-23** | Picture of small door Veterinary; 380 Second Avenue | Small Door 116 | | |
| **PX-24** | Plaintiff's Supplemental Expert Witness Disclosures, dated September 3, 2024 | | | |
| **PX-25** | "Property Profile Overview" for 380 Second Avenue, New York, New York, which can be obtained from the New York City Department of Finance governmental website at the following address: https://a810-bisweb.nyc.gov/bisweb/PropertyProfileOverviewServlet?boro=1&houseno=380&street=Second+Avenue&go2=+GO+&requestid=0 (last visited on September 5, 2024) | | Objection, this exhibit has not been authenticated as required by Fed. R. Evid. 901(a) | |

Defendants' Exhibits:

| Exhibit No. | Description | Bates Number | Objections of Plaintiff | Responses |
|---|---|---|---|---|
| DX-1 | Curriculum vitae, of Atilio Leveratto, Defendants' Expert. | N/A | | |
| DX-2 | Report of Defendants' Expert dated June 14, 2023. | N/A | | |
| DX-3 | Declaration of Atilio Leveratto, Defendants' Expert, filed December 29, 2023, including exhibits. ECF No. 99. | N/A | | |
| DX-4 | Attachment "C" to Atilio Leveratto's Declaration, filed on December 29, 2023, NYC Department of Buildings ("DOB") filing summary for job number M00880139-I1, filed on or around May 24, 2023, for the construction permit for the installation of a permanent ramp. ECF No. 99-3. | N/A | | |
| DX-5 | Attachment "D" to Atilio Leveratto's Declaration, filed on December 29, 2023, signed and sealed architectural drawings submitted in connection with the May 24, 2023 permit for the installation of a permanent ramp. ECF No. 99-4. | N/A | | |
| DX-6 | Attachment "E" to Atilio Leveratto's Declaration, filed on December 29, 2023, NYC DOB filing summary for job number M00880139-S1, filed on or around May 31, 2023, for the construction permit for the relocation of the existing siamese sprinkler fire department connection. ECF No. 99-5. | N/A | | |
| DX-7 | Attachment "F" to Atilio Leveratto's Declaration, filed on December 29, 2023, signed and sealed architectural drawings submitted in connection with the May 31, 2023 permit for the relocation of the existing siamese sprinkler fire department connection. ECF No. 99-6. | N/A | | |

| | | | | |
|---|---|---|---|---|
| **DX-8** | Attachment "G" to Atilio Leveratto's Declaration, filed on December 29, 2023, photographs showing the fully constructed permanent ramp,. ECF No. 99-7. | N/A | | |
| **DX-9** | Declaration of Atilio Leveratto, Defendants' Expert, filed March 4, 2024, including exhibits. ECF No. 123. | N/A | | |
| **DX-10** | Attachment "A" to Atilio Leveratto's Declaration, filed on March 4, 2024, Mr. Leveratto's Expert Report, photograph of ramp. ECF No. 123, at p. 6. | N/A | | |
| **DX-11** | Attachment "B" to Atilio Leveratto's Declaration, filed on March 4, 2024, Mr. Leveratto's Expert Report, photograph of ramp. ECF No. 123, at p. 8. | N/A | | |
| **DX-12** | Attachment "C" to Atilio Leveratto's Declaration, filed on March 4, 2024, Mr. Leveratto's Expert Report, photograph of ramp. ECF No. 123, at p. 10. | N/A | | |
| **DX-13** | Attachment "D" to Atilio Leveratto's Declaration, filed on March 4, 2024, Mr. Leveratto's Expert Report, photograph of ramp. ECF No. 123, at p. 12. | N/A | | |
| **DX-14** | Complaint, dated May 16, 2022 (ECF No. 1). | N/A | | |
| **DX-15** | 380 Second's Answer and Affirmative Defenses to the Complaint, and Crossclaims (ECF No. 19) | N/A | | |
| **DX-16** | Transcript from the Deposition of Plaintiff Milagros Franco, dated April 20, 2023 | N/A | | |
| **DX-17** | Lease | 380Second 000001-69 | | |
| **DX-18** | Small Door Vet Brochure | PL0002-03 | | |

| | | | | |
|---|---|---|---|---|
| **DX-19** | Picture of portable ramp | 380Second000000202 | | |
| **DX-20** | Declaration of Milagros Franco, dated February 2, 2024 (ECF No. 114) | N/A | | |
| **DX-21** | Duravit Vero Furniture Washbasin specifications | SmallDoor 000135-36 | Objection; Relevance (FRE 401, 402); Not authenticated as per FRE 901(a) | |
| **DX-22** | Accurate Lock & Hardware ADA Sliding/Pocket Door specifications | SmallDoor 000137 | Objection; Relevance (FRE 401, 402); Not authenticated as per FRE 901(a) | |
| **DX-23** | Manhattan Door Corporation, "Diet" Core Product Data Sheet | SmallDoor 000138 | Objection; Relevance (FRE 401, 402); Not authenticated as per FRE 901(a) | |
| **DX-24** | Small Door Vet Entry Plan | SmallDoor 000139-40 | Objection; Relevance (FRE 401, 402); Improper expert testimony (FRE 701, 702); Hearsay (FRE 802); Not authenticated as per FRE 901(a) | |
| **DX-25** | Scope of Work Letter (with remediated photos) | SmallDoor 000141-49 | Objection; Improper expert testimony (FRE 701, 702); Hearsay (FRE 802); Not authenticated as per FRE 901(a) | |

xiii.   a statement of the damages claimed and any other relief sought, including the manner and method used to calculate any claimed damages and a breakdown of the elements of such claimed damages; and

With respect to her claims under the ADA, plaintiff seeks injunctive relief to compel defendants to remediate the ADA violations alleged in her Complaint. Pursuant to 42 U.S.C. § 12188(a)(1) and 28 C.F.R. § 36.406(a)(5)(ii), plaintiff seeks a permanent injunction that compels Defendants to remediate the Small Door Vet clinic located at 380 Second Avenue in New York County, New York in compliance with the 2010 ADA Standards for Accessible Design.

Pursuant to the NYSHRL, plaintiff seeks injunctive relief and damages for emotional distress to be determined at trial. Additionally, pursuant to the NYCHRL, plaintiff seeks injunctive relief and damages for emotional distress and punitive damages in an amount to be determined at trial.

Plaintiff seeks the same injunctive relief pursuant to the ADA. *United States v. Asare*, 476 F. Supp. 3d 20, 36–37 (S.D.N.Y. 2020) (holding that "any violation of the ADA is automatically a violation of the NYCHRL" based on the Second Circuit Court of Appeals analysis of the NYC Council's 2005 amendments of the NYC HRL in *Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 277–79 (2d Cir. 2009)).

Plaintiff seeks compensatory damages for the pain and suffering, humiliation, degradation, and emotional distress she has suffered under the NYSHRL and NYCHRL.

Plaintiff seeks damages pursuant to Administrative Code § 8-502. *Nelson v. HSBC Bank*, 87 A.D.3d 995, 997, 929 N.Y.S.2d 259, 262 (2nd Dept. 2011) ("victims of discrimination suffer serious injuries, for which they ought to receive full compensation."). The NYCHRL provides for the award of punitive damages, without limitation, for disability discrimination in public accommodation cases. Administrative Code § 8-502. The standard for awarding punitive under the NYCHRL is "whether the wrongdoer has engaged in discrimination with willful or wanton negligence, or recklessness, or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard." *Chauca v. Abraham*, 30 N.Y.3d 325, 334 89 N.E.3d 475, 67 N.Y.S.3d 85 (Nov. 20, 2017); and *see also Batten v. Global Contact Services, LLC*, 2018 WL 3093968, at *9 (E.D.N.Y. June 22, 2018) ("The standard for punitive damages under the NYCHRL is even lower [than the Federal standard] and does not require a showing of malice or awareness of the violation of a protected right.).

Plaintiff cannot provide any meaningful quantification of damages because a "computation" for non-economic damages such as damages for emotional distress and punitive damages are not susceptible to meaningful quantification.

Plaintiff seeks prejudgment interest for all damages.

**xiv. a statement of whether the parties consent to less than a unanimous verdict.**

The parties do not consent to a less than unanimous verdict.

Date: September 5, 2024

| SMITH LEGAL ADVISORS LLC | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP | LEVIN-EPSTEIN & ASSOCIATES, P.C. |
|---|---|---|
| By:_____/s/_____<br>Susan K. Smith, Esq.<br>sksmith@smithlegaladvisors.com<br>85 Delancey Street | By:_____/s/ Sean J. Kirby_____<br>Sean J. Kirby, Esq. | By:_____/s/ Jason Mizrahi_____<br><br>Jason Mizrahi, Esq.<br>60 East 42$_{nd}$ Street, Suite 4700 |

| | | |
|---|---|---|
| New York, New York 10002<br>*Attorneys for Plaintiff* | skirby@sheppardmullin.com<br>30 Rockefeller Plaza<br>New York, New York 10112<br>*Attorneys for 380 Second LLC* | New York, NY 10165<br>*Attorneys for Small Door Gramercy LLC* |

**SO ORDERED:**

_____
Hon. Arun Subramanian, U.S.D.J.