# SMITH LEGAL ADVISORS LLC

85 DELANCEY STREET
NEW YORK, NEW YORK 10002
PHONE: 920-689-3315

September 17, 2024

*Via ECF*
The Honorable Arun Subramanian, U.S.D.J.
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Milagros Franco v. 380 Second LLC et al* Docket No. 1:22-cv-04011 (AS)(JW)

Dear Judge Subramanian:

We represent plaintiff Milagros Franco in the above-entitled case, and we write pursuant to the Court's September 13, 2024 Order regarding the inclusion at trial of allegations "related to the exterior ramp." ECF No. 178. Plaintiff respectfully asks the Court to include the allegations regarding the maneuvering clearance at the public entrance and the exterior ramp landing at the public entrance (respectively, Items 1.4 and 1.7 of the September 3, 2024 report from of Plaintiff's Expert ("Plaintiff's Supplemental Expert Report")).[1] As detailed below, from the start of this case Plaintiff has alleged that Small Door was inaccessible to her as a wheelchair user[2] because i) there was no accessible route from the public sidewalk to Small Door's public entrance and ii) Small Door's public entrance/exit was not accessible. Compl. ¶¶ 20 I.- V., X., ECF No. 1.

   Plaintiff Alleged that the Public Entrance (and Exit) is Inaccessible

In her Complaint, Plaintiff alleges that Small Door is not readily accessible and usable to her as a disabled wheelchair user because certain architectural elements and features did not comply with the ADA Standards for Accessible Design (the "ADA Stands") and the accessibility standards contained in the NYC Building Code (the "NYC Stands"). The elements and features Plaintiff detailed as non-compliant with such standards included (i) the exterior route from the public sidewalk to Small Door's public entrance, (ii) the public entrance, and (iii) the exit (Compl. (ECF 1) ¶¶ 20 I. – V., X. Plaintiff's expert confirmed that each of these items were inaccessible as they did not comply with the ADA Stands and the NYC Stands. Report of Plaintiff's Expert dated May 8, 2023 ("Plaintiff's Expert Report") ¶¶ 1.1-1.6 at pp 3-4.

   Defendants Modified the Public Entrance (and Exit) after Plaintiff's Expert Inspection

After plaintiff's expert inspected Small Door, Defendants moved for summary judgment and dismissal of the action as moot. ECF Nos. 89, 95. The basis of Defendants' application was

---

[1] Plaintiff does not seek to include Item 1.8 from the Supplemental White Report. See ECF 167 at p.2 (waiving the ADA violation that the entrance/egress ramp has handrails that are not of sufficient length).

[2] Plaintiff's case concerns the inaccessibility of a veterinary practice, Small Door Veterinary located at 380 Second Avenue in Manhattan, NY ("Small Door"), to her as a disabled individual that requires a wheelchair to ambulate. Plaintiff has alleged that Defendants violate Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et. seq*. and its implementing regulations, 23 C.F.R. Part 36 ("ADA"), the New York State Executive Law §§ 290, *et. seq*. (the "NYSHRL"); the New York State Civil Rights Law §§ 40 and 47 (the "NYSCRL") and the New York City Administrative Code § 8-101, *et. seq.*, (the "NYCHRL").

their claim that they remediated the accessibility violations alleged in Plaintiff's Complaint. Defendants, however, provided no measurements nor an expert report with measurements substantiating their claims. Plaintiff opposed Defendants' motion, arguing that Defendants' assertions (and their expert's declarations) that the newly constructed ramp was compliant and resolved the accessibility violations were not supported by measurements or citations to law. ECF No. 111 at pp. 16-17.

In her opposition Plaintiff also argued that a fact dispute remained regarding whether subsequent to Defendants' modifications, the public entrance was accessible (compliant with ADA Stands and NYC Stands). ECF No. 111 at p. 17. Plaintiff's expert reviewed the architectural plans Defendants provided and opined that the modifications did not resolve the inaccessibility of the public entrance. ECF No. 113 (¶¶ 7-11).

On June 3, 2024, this Court issued its ruling on Defendants' motions for summary judgment. ECF 136. The Order stated that

> [a]t the hearing held on May 31, 2024, defendants appeared to concede that at least some portions of the ramp may not be ADA compliant. Given that the record is unclear here at to both the ADA's requirements and as to the facts, summary judgement is not appropriate."

*Id.* at 1.

### Defendants Modified the Public Entrance (and Exit), a Second Time, after the Parties Submitted their Pre-Trial Filings to this Court

On July 22, 2024 Defendants filed a motion in limine (ECF No. 146) to preclude the introduction of any evidence of alleged architectural barriers not identified in plaintiff's complaint **or** in the expert report of Jonathan White, dated May 8, 2023 *(emphasis added)*. Thereafter, on August 12, 2024 (more than two months after the Court's June 3, 2024 denial of Defendants' summary judgment motion), Defendants sought permission to file a second motion for summary judgment and request a stay of this action. ECF No. 158. Defendants claimed, again without measurements or an expert report, that they remediated all of the accessibility violations at Small Door. In opposition to this request, Plaintiff noted that Defendants' claim that they remediated the accessibility violations at Small Door was not certified, verified or authenticated. ECF No. 163. Plaintiff then proposed a more efficient, cost-effective, and less time-consuming method to provide the Court with the materials necessary to determine the truth of Defendants' remediation claims. Namely, to have her expert inspect the premises again and to the extent that Defendants in fact remediated the accessibility violations (including making the public entrance compliant with the ADA Stands and NYC Stands), plaintiff would agree to remove such allegations from the joint pretrial order. The Court so ordered this approach and asked for a joint letter from the parties on August 23, 2024 which the parties provided. (ECF 167). On August 22, 2024, Plaintiff's expert conducted an inspection of the areas Defendants Modified at Small Door. See ECF No. 167.

### Plaintiff Did Not Waive Allegations of an Inaccessible Entrance or Exterior Route

Plaintiff's Supplemental Expert Report contains her expert's findings that the public entrance is not compliant with the ADA Stands and NYC Stands as the entrance is without the required maneuvering clearances at doors; and because entrance ramp does not have a landing with the required cross-slope. (See Items 1.4 and 1.7 Plaintiff's Supplemental Expert Report). On August 23, 2024, plaintiff noted in the Parties' joint status letter that several accessibility

violations remained. Plaintiff expressly noted that based on her expert's "**preliminary**" feedback, at a minimum" from the inspection the day before the parties filed their joint status letter that "the public entrance/egress door maneuvering clearance is steeper than permitted on both sides of the door."

**Item 1.4 (Public Entrance/Maneuvering Clearances).** With respect to Item 1.4, Defendants provided their supplemental rebuttal expert report to plaintiff on September 13, 2024. Defendants' report confirmed the accessibility violations noted in Item 1.4 of Plaintiff's report. Additionally, during the Sept. 13, 2024 hearing before Your Honor Defendants stated yet again, and on the record, that they would remediate this issue. Tr. 49:8-11.[3]

**Item 1.7 (Public Entrance/Ramp Landing).** With respect to Item 1.7 from the Supplemental White Report, Plaintiff never waived the allegations from the Complaint that Small Door is not accessible as the following architectural elements did not and still do not comply with the ADA Stands and NYC Stands: (i) there is no accessible route to Small Door's public entrance, (ii) the public entrance is not accessible and (iii) the exit is not accessible. (See ECF 167 at p.2 and June 3 Order at p. 1). Item 1.7 continues to substantiate such allegations as it notes that the bottom landing of the exterior ramp has a cross slope of 4% which is nearly 200% greater than the 2.08% allowed by the ADA Stands and NYC Stands.[4]

First, Defendants in their first summary judgment motions alleged they remediated all the accessibility violations, including to the entrance. Plaintiff opposed their motions and the Court denied Defendants' motions. Thereafter, Defendants performed additional work, again claiming they remediated all the violations at Small Door. At this point, Plaintiff's expert conducted an inspection which confirmed that violations, including those relating to the public entrance, remained

Second, as to waiver, plaintiff never waived this issue. *See* ECF 167 (plaintiff specifically waived two issues and Item 1.7 was not one of them). See, *supra*, fn 1. Moreover, plaintiff listed specific items that were still at issue with the caveat that the list, was "preliminary" and "at a minimum." ECF 167 at p. 2. With such short time constraints caused by Defendants' August 12, 2024 claim (more than two months after Your Honor's June 3 Order regarding summary judgment) that they had remediated Small Door so it is accessible, plaintiff worked expeditiously to have her expert determine what accessibility violations remained and produce a supplemental written report. There was no waiver of Item 1.7 because it was not named specifically in the joint status letter, ECF 167. Additionally, Item 1.7 was included in plaintiff's expert report on August 22 for the first time because the specific issue did not exist when plaintiff's expert inspected Small Door on May 8, 2023. However, the issue that did exist at the time, and which continues to remain, is that there is no accessible route from the public sidewalk to Small Door's public entrance and that the public entrance is not accessible. The allegation of an inaccessible route to the public entrance was and has always been a part of plaintiff's case – as stated in Plaintiff's Complaint. Moreover, as part of Plaintiff's complaint, 1.7 would fall within the parameters of Defendants' motion in limine (ECF No. 146) to only include evidence of alleged architectural barriers identified in **plaintiff's complaint or** in the original expert report of Jonathan White *(emphasis added)*.

---

[3] Plaintiff asked Defendants if they would stipulate in writing that they are going to remediate any of the remaining violations. Defendant Small Door stated that they intend to remediate 1.4 on or before September 20, 2024. Plaintiff will seek a written stipulation of same before trial.

[4] Defendants do not dispute these measurements.

Finally, Defendants incorrectly state in their supplemental expert report, that they are not responsible for compliance with the ADA Stands or the NYC Stands with respect to the public sidewalk. In NYC, the property owner is responsible for the repair and maintenance of the sidewalk adjoining its property. Thus for ADA purposes, Defendants operate the public sidewalk adjoining the Property and are required to correct accessibility violations. *See* Admin. Code of the City of New York § 7-210 (imposing a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon certain property owners for injuries resulting from a violation of the code provision); § 19-152(a)(5)(iii) (property owner is responsible for improper slope, including "a cross slope exceeding established standards"). Thus, Defendants are responsible for the cross slope that exceeds established standards.

Although Defendants claimed that they have remediated multiple times, they have never provided any evidence that they resolved the accessible route or public entrance issue. As such, Defendants are fully aware of the issue and chose not to resolve their failure to provide an accessible route. Instead, Defendants now attempt to deny plaintiff the ability to prosecute her claim which she asserted in the Complaint. (Compl. (ECF 1) ¶¶ 20 I.- V, X).

Therefore, plaintiff respectfully asks this Court to include the allegations regarding the public entrance/exit door exterior maneuvering clearance and the public entrance/exit exterior ramp landing (Items 1.4 and 1.7).

Thank you for your time and attention to this matter.

                                                very truly yours,

                                                /s/
                                        Susan K. Smith, Esq.